IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-955 T
(Judge Loren A. Smith)

UNICO SERVICES INC.
f/k/a Unico Replacements Parts, Inc.,

Plaintiff

v.

THE UNITED STATES,

Defendant

FIRST AMENDED ANSWER AND COUNTERCLAIM

In answer to the complaint, defendant denies each and every allegation in the complaint that is not admitted below.

Defendant further:

1. States that its attorneys lack knowledge or information sufficient to state a belief as to the truth of the allegations in paragraph 1 regarding plaintiff's business location and mailing address, and admits the remaining allegations in paragraph 1.

2. Admits the allegations in paragraph 2.

3. Admits the allegations in paragraph 3 that plaintiff characterizes this suit as an action, in part, under the Due Process Clause and the Takings Clause of the United States Constitution, but denies that plaintiff is entitled to recover; and denies the remaining allegations in paragraph 3.

4. Admits the allegations in paragraph 4 that plaintiff characterizes this suit as an action, in part, for refund of Federal taxes under the Internal Revenue Code, but denies that plaintiff is entitled to recover; denies the remaining allegations in paragraph 4; and states that jurisdiction of this Court over plaintiff's suit, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1).

5. Admits the allegations in the first sentence of paragraph 5, and states that its attorneys lack knowledge or information sufficient to state a belief as to the truth of the allegations in the second sentence of paragraph 5.

6. Admits the allegation in paragraph 6 that plaintiff has paid the full amount of tax due for the tax periods at issue, and denies the remaining allegations in paragraph 6.

7. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. States that its attorneys lack knowledge or information sufficient to form a belief as to the date the IRS issued the Employment Tax Examination Changes Report; admits the remaining allegations in paragraph 8.

9. Admits the allegations in paragraph 9, except states that the records for the Internal Revenue Service indicate that the deficiency for the quarter ended September 30, 2001, was $4,073.15, and the deficiency for the quarter ended December 31, 2001, was $76,000.00.

10. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Admits the allegations in paragraph 11 in that the records for the Internal Revenue Service indicate that on April 12, 2005, $4,689.88 was credited against plaintiff's tax liability for

the quarter ended June 30, 2000; states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13-14. Admits the allegations in paragraphs 13 and 14.

15. Admits the allegations in the first sentence of paragraph 15 that plaintiff filed Forms 843 claiming refunds in the amounts stated for the periods listed, but denies that the refund claims stated reasons for refund identical to those stated in the First Amended Complaint; admits the allegations in the second sentence of paragraph 15.

16. Denies the allegations in the first sentence of paragraph 16, and states that the records for the Internal Revenue Service indicate that in a letter dated August 24, 2005, the Internal Revenue Service proposed a full disallowance of plaintiff's claims for employment tax refund for the periods ended June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001. Admits the allegations in the second sentence of paragraph 33 to the extent that plaintiff filed executed Forms 3363 with the Internal Revenue Service, and states that the records for the Internal Revenue Service indicate that the postmark on the envelope conveying the executed Forms 3363 and Forms 2297 was dated August 25, 2005.

17-30. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 17 through 30.

31-32. States that the allegations in paragraph 31 and 32 constitute legal argument to which no response is required.

33-34. Denies the allegations in paragraphs 33 and 34.

35. Denies the allegations in the first sentence of paragraph 35. States that its attorney lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 35.

36-38. States that the allegations in paragraph 36 through 38 constitute legal argument to which no response is required.

39. Defendant's responses to paragraphs 1 through 38 are incorporated by reference.

40. Denies the allegations in paragraph 40.

41. Defendant's responses to paragraphs 1 through 38 are incorporated by reference.

42. Denies the allegations in paragraph 42.

43. Defendant's responses to paragraphs 1 through 38 are incorporated by reference.

44-48. Denies the allegations in paragraphs 44 through 48.

49. Defendant's responses to paragraphs 1 through 38 are incorporated by reference.

50-52. Denies the allegations in paragraphs 50 through 52.

Defenses

53. This Court lacks jurisdiction over plaintiff's Fifth Amendment Due Process claim (Count I) because the Due Process clause of the Fifth Amendment is not a money-mandating provision, and claims under that clause do not fall within the jurisdiction of the Court of Federal Claims under 28 U.S.C. § 1491(a)(1). Accordingly, this claim should be dismissed pursuant to RCFC 12(b)(1).

54. This Court lacks jurisdiction over plaintiff's Fifth Amendment Takings Clause claim (Count II) because plaintiff alleges that the underlying taking was unlawful. Accordingly, this claim should be dismissed pursuant to RCFC 12(b)(1).

55. This Court lacks jurisdiction over plaintiff's refund claim for the penalties and interest assessed for tax period ending September 30, 2001 (Count IV) because plaintiff has not paid all assessed penalties and interest in full as required. See Flora v. United States, 362 U.S. 145, 163 (1960); Shore v. United States, 9 F.3d 1524 (Fed. Cir. 1993). Accordingly, this claim should be dismissed pursuant to RCFC 12(b)(1).

Counterclaim

56. The total penalty and interest assessed against plaintiff for the tax period ending September 30, 2001 was $1,897.29.

57. To date, plaintiff has not paid any portion of the assessed penalty and interest for the tax period ending September 30, 2001.

58. Defendant is entitled to a judgment against plaintiff in the amount of the penalty in addition to assessed interest.

59. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Acting Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to Section 7401 of the Internal Revenue Code of 1986, and 28 U.S.C. § 1503.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against plaintiff, and that judgment be entered in the amount of the assessed penalty and interest, plus interest and costs allowed by law.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6495
FACSIMILE (202) 514-9440
jennifer.p.wilson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

s/David Gustafson
Of Counsel

December 20, 2005