**No. 05-955 T**
**(Judge Loren A. Smith)**

---

***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

**UNICO SERVICES INC.**
**f/k/a Unico Replacements Parts, Inc.,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN COLLECTION PROCEEDINGS

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
JENNIFER P. WILSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495

**Page**

## TABLE OF CONTENTS

Background . . . . . . . . . . 1

Argument:

I. This Court Lacks Jurisdiction to Enjoin IRS Collection Efforts . . . . . . . . . 3

II. The IRS Is Not Prohibited by § 6331(i) from Collecting Unico's Unpaid Employment Taxes for Tax Periods That Are Not Subject to this Court's Jurisdiction . . . . . . . . . . 5

A. Section 6331(i) Creates an Exception Related to Levies for Unpaid Liabilities in Litigation . . . . . . . . . . 5

1. Section 6311 Addresses Collection By Levy, Not Federal Tax Liens . . . . . . . . . . 6

2. Section 6331(i) Does Not Prohibit The IRS From Making Levy to Collect Unico's Unpaid Tax Liabilities for Non-suit Periods . . . . . . . . . . 7

B. Unico’s True Remedy Is Not Pursued Before this Court . . . . . . . . 11

III. Unico Is Not Entitled to Attorney's Fees or Expenses in Connection with its Motion to Enjoin Collection Proceedings . . . . . . . . . . 12

Conclusion . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**Cases**:

*Brown v. United States*, 105 F.3d 621 (Fed. Cir. 1997) . . . . . . . . . . 3

*Flora v. United States*, 362 U.S. 145 (1960) . . . . . . . . . . 10

*Rice v. United States*, 31 Fed. Cl. 156 (1994) . . . . . . . . . . 4

*Rocovich v. United States*, 933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . 8, 10

**Page**

**Cases (Continuation):**

*Skillo v. United States*, 68 Fed. Cl. 734 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Stiles v. United States*, 47 Fed. Cl. 1 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. King*, 395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Statutes:**

Judiciary and Judicial Procedure (28 U.S.C.):

§ 451 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§ 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§ 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§ 2412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Internal Revenue Code of 1986 (28 U.S.C.):

§ 6320 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

§ 6321 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

§ 6330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11, 12

§ 6331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

§ 6672 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 7421 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

§ 7430 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**No. 05-955 T**
**(Judge Loren A. Smith)**

**UNICO SERVICES INC.**
**f/k/a Unico Replacements Parts, Inc.,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN COLLECTION PROCEEDINGS**

---

The United States opposes plaintiff's motion to enjoin collection proceedings, filed on January 13, 2006, because this Court does not have jurisdiction to grant the relief requested by plaintiff.

## BACKGROUND

Plaintiff, Unico Services Inc. ("Unico"), filed suit in this Court on August 30, 2005, seeking a refund of employment taxes for tax periods ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001 ("suit periods"). The IRS notified plaintiff's counsel by letter dated January 6, 2006, that a Notice of Federal Tax Lien would be filed if Unico failed to pay outstanding employment tax liabilities for

other tax periods – *i.e.* quarters ending June 30, 2001, December 31, 2001, June 30, 2005, and September 30, 2005.[1] The tax periods addressed in the IRS's recent letter are not subject to the Court's jurisdiction, and will be referred to as the "non-suit periods."

On January 13, 2006, Unico filed a motion to enjoin collection proceedings.[2] Unico argues that it is entitled to injunctive relief because the collection action contemplated by the IRS is in violation of Code § 6331(i), and this Court has authority to enjoin a levy or collection pursuant to § 6331(i)(4). In addition, Unico asserts that it is entitled to attorney's fees and expenses pursuant to the Equal Access to Justice Act in the event it prevails on its motion.

---

[1]A copy of the January 6, 2006, letter is attached to plaintiff's motion to enjoin collection proceedings as Exhibit A.

[2]Unico states in its motion that it is seeking an injunction against defendant, the United States. To be clear, it is the IRS, and not defendant, that is attempting to collect Unico's unpaid tax liabilities for the non-suit periods.

## ARGUMENT

### I.

### THIS COURT LACKS JURISDICTION TO ENJOIN IRS COLLECTION EFFORTS

This Court generally lacks the power to enjoin the Internal Revenue Service from collecting tax, both (1) because that sort of power has not been conferred on this Court, and (2) because such injunctions are explicitly barred by statute.

First, this Court does not have a general grant of declaratory or injunctive power.[3] The Tucker Act, which gives the Court of Federal Claims jurisdiction over suits against the United States, "does not provide independent jurisdiction over claims for equitable relief." *United States v. King*, 395 U.S. 1, 5 (1969); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Although the Tucker Act was amended in 1972 to grant the Court of Federal Claims authority to provide certain injunctive and declaratory relief incident to its power to grant a monetary judgment, that grant of authority is specifically limited. The provision states, in relevant part:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such

---

[3]In this respect, the Court of Federal Claims differs from the United States district courts, which are granted declaratory power pursuant to 28 U.S.C. § 2201. This statute grants declaratory power to the "courts of the United States," which does not include the Court of Federal Claims. *See* 28 U.S.C. § 451 (defining "court of the United States" to be the Supreme Court, court of appeals, district courts, and any court created by Act of Congress "the judges of which are entitled to hold office during good behavior"); *see also United States v. King*, 395 U.S. 1, 5 (1969) (holding that Declaratory Judgment Act did not give Court of Federal Claims expanded jurisdiction to issue declaratory judgments).

> judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. . . .

28 U.S.C. § 1491(a)(2); *see also Rice v. United States*, 31 Fed. Cl. 156, 163 (1994), *aff'd,* 48 F.3d 1236 (Fed. Cir. 1995). The limited scope of the Court's injunctive and declaratory powers ("restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records")[4] – relevant primarily in the context of military pay cases – has no application in tax refund litigation.

Second, the "Anti-Injunction Act" prohibits the maintenance in any court of a suit brought "for the purpose of restraining the assessment or collection of any tax . . . ". § 7421(a); *see also Skillo v. United States*, 68 Fed. Cl. 734, 740 (2005) (pursuant to § 7421(a), this court does not have jurisdiction to hear claims seeking to restrain collection of tax); *Stiles v. United States*, 47 Fed. Cl. 1, 2 (2000) ("The Anti-Injunction Act provides that once a tax has been assessed, a taxpayer is powerless to prevent the Internal Revenue Service from collecting the tax"). Consequently, Unico attempts to invoke an exception to the Anti-Injunction Act; but, as we now show, this attempt must fail.

---

[4]Even if the relief that Unico seeks consisted of "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records", its motion would fail under the Tucker Act because Unico seeks such relief not "collateral to" the judgment Unico seeks for a refund of tax for the suit years; the declaratory relief sought is, instead, collateral to other tax periods not in suit, as we discuss in Section II(A)(2), *infra*.

## II.

## THE IRS IS NOT PROHIBITED BY § 6331(i) FROM COLLECTING UNICO'S UNPAID EMPLOYMENT TAXES FOR TAX PERIODS THAT ARE NOT SUBJECT TO THIS COURT'S JURISDICTION

The Anti-Injunction Act admits several exceptions (*see* § 7421(a)), one of which involves § 6331(i).[5]

### A. Section 6331(i) Creates an Exception Related to Levies for Unpaid Liabilities in Litigation.

Code § 6331 provides generally that when a taxpayer liable to pay any tax neglects or refuses to pay such tax, it shall be lawful for the IRS to collect such tax by levy. *See* § 6331(a). However, pursuant to § 6331(i), the subsection ostensibly relied upon by Unico in its motion, no levy may be made with respect to an unpaid "divisible tax" during the pendency of a proceeding for the recovery of such divisible tax when certain conditions are met. *See* § 6331(i)(1). As explained further below, § 6331 applies only to collection of tax by levy, and does not apply to the filing of Federal tax liens. In addition, § 6331(i) prohibits the IRS from levying on a taxpayer's property with respect to unpaid divisible tax "during the pendency of any proceeding . . . for the recovery of any portion of such divisible tax."

Here, to the extent Unico's motion for injunctive relief pertains to the IRS filing a

---

[5]We note that the grant of authority to enjoin in § 6331(i)(4)(b), which is an established exception to the Anti-Injunction Act, may not apply to the Court of Federal Claims for the reasons discussed in Section I, *supra*. We do not elaborate on this issue here because it is rendered moot by the inapplicability of § 6331(i) to the situation presented by Unico's motion.

Federal tax lien, § 6331 clearly does not apply. To the extent Unico's motion for injunctive relief pertains to the IRS levying Unico's property in order to collect unpaid employment taxes, § 6331(i) does not prohibit such collection action, because there is no pending "proceeding . . . for the recovery of" the unpaid employment taxes for the non-suit tax periods; rather, those non-suit liabilities whose collection Unico seeks to avoid are not subject to this Court's jurisdiction.

**1. Section 6331 Addresses Collection By Levy, Not Federal Tax Liens.**

Section 6331 is limited in application to collection by levy, and does not apply to the filing of a Federal tax lien.[6] The title of § 6331 is "Levy and Distraint," and all of the section's provisions are expressly limited to collection by levy. Indeed, the provision at issue in this motion, § 6331(i), is unmistakably limited in application to collection by levy in that it is titled "No Levy During Pendency of Proceedings for Refund of Divisible Tax."

Even assuming there were ambiguity with respect to the application of § 6331(i), the legislative history of this provision makes clear that the prohibition against IRS collection action is limited to levy actions and court proceedings, and has no application with respect to the filing of Federal tax liens. *See* S. Rep. No. 105-174, pt. II, at 79-80

---

[6]Liens and levies are similar in that both are actions available to the IRS for the collection of unpaid tax. *See* §§ 6321, 6331. But, there are also significant differences between liens and levies. A lien is a legal claim to property as security for payment for a tax debt. It puts creditors on notice that the IRS has a claim against the taxpayer's property, and secures the tax debt. A levy, on the other hand, is a legal seizure of property to satisfy tax debt.

(1998), *reprinted in* 1998-3 C.B. 537, 616 ("This provision will not affect the IRS's ability . . . to file a notice of Federal tax lien").

Moreover, the structure of the chapter within which § 6331 is found, Chapter 64, provides additional confirmation that the section applies only to levies, and not to liens. Chapter 64 addresses the collection of taxes imposed by the internal revenue laws, and is divided into four subchapters. Subchapter A includes general collection provisions, Subchapter B addresses receipt of payment, Subchapter C addresses tax liens, and Subchapter D addresses seizure of property for collection of taxes (*i.e.* levy and distraint). Because Chapter 64 addresses liens and levies in separate subchapters, and because § 6331 is found within the subchapter addressing levies, there is no reason to believe that the provisions of § 6331 apply to the filing of a Federal tax lien. Accordingly, the § 6331(i) prohibition against levies (in certain circumstances) has no application to the IRS filing a Notice of Federal Tax Lien against Unico for its unpaid employment taxes.

**2. Section 6331(i) Does Not Prohibit The IRS From Making Levy to Collect Unico's Unpaid Tax Liabilities for Non-suit Periods.**

In addition to filing a Notice of Federal Tax Lien, the IRS is permitted to collect by levy Unico's unpaid tax liabilities for the non-suit tax periods (assuming Unico's tax liabilities remain unpaid). *See* § 6330. In the event of such a levy, the § 6331(i) prohibition still would not bar the levy because the levy would be imposed with respect to Unico's unpaid tax liabilities for non-suit periods.

The plain language of § 6331(i) makes clear that the subsection applies only in

limited circumstances. The subsection provides:

> (1) No levy may be made under subsection (a) on the property or rights to property of any person with respect to <u>any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person</u> if–
>
> (A) the decision in such proceeding would be res judicata with respect to such unpaid tax; or
>
> (B) such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding.

§ 6331(i)(1) (emphasis added). A "divisible tax" is defined for purpose of the subsection as: "(A) any tax imposed by subtitle C; and (B) the penalty imposed by section 6672 with respect to any such tax.[7]" § 6331(i)(2). Subtitle C of the Internal Revenue Code imposes employment taxes. Employment tax is "divisible" in the sense that it represents the aggregate taxes due from an employer based on its employment of multiple employees. *See Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991) ("A divisible tax . . . is one that represents the aggregate of taxes due on multiple transactions").

The application of § 6331(i) is thus limited to a levy made on the unpaid portion of a "divisible tax" (*i.e.* employment tax or § 6672 penalty) that is the subject of a proceeding (pending in a proper Federal trial court) for the recovery of the portion of the

---

[7]Code § 6672 provides, in part, that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, . . . , be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." There is no § 6672 penalty at issue in this litigation.

"divisible tax" that was paid prior to suit. In other words, the subsection "requires the IRS to withhold collection by levy of liabilities that are the subject of a refund suit during the pendency of the litigation.[8]" S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616 (emphasis added). However, the Senate Report on this provision is quite clear that it will not "affect the IRS's ability to collect other assessments that are not the subject of the refund suit . . .". *Id*. (emphasis added).

Here, the proceeding brought by Unico in this Court is for the recovery of the employment taxes that were paid in full for the quarters ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001.[9] As stated in the January 6, 2006 letter from the IRS, Unico has unpaid employment tax liabilities for non-suit periods (quarters ending June 30, 2001, December 31, 2001, June 30, 2005, and September 30, 2005). Collection by levy of the unpaid employment tax liabilities for these non-suit periods is not prohibited by § 6631(i), because the non-suit periods are not subject to the Court's jurisdiction.[10]

---

[8]Assuming the initial requirements are satisfied, there is an additional requirement set forth in § 6631(i)(1)(A) and (B) that the subsection will apply only if the decision in the proceeding for the recovery of the paid portion of the "divisible tax" would be *res judicata* with respect to the unpaid portion of the "divisible tax," or if the taxpayer who brought the proceeding for the recovery of the paid portion of the "divisible tax" would be collaterally estopped from contesting the unpaid portion as a result of the proceeding.

[9]Although Unico has paid the full amount of employment tax assessed by the IRS, it has not paid the full amount of penalties and interest assessed for tax period ending September 30, 2001.

[10]The section is not applicable for the additional reason that Unico has not made any representation in its motion about the *res judicata* or collateral estoppel effect this

Indeed, if the § 6631(i) prohibition were applicable to non-suit periods, the "divisible tax" exception to the *Flora* full-payment rule would be expanded considerably.[11] Upon an employer's payment of employment tax for one employee for one tax period (*i.e.* quarter), the IRS would be prevented from collecting unpaid assessed "divisible taxes" for other periods that are not subject to any court's jurisdiction. An example will help illustrate this point. Assume that Taxpayer employs 100 people, and fails to pay employment tax for all of its employees for several tax quarters. The IRS assesses Taxpayer with $100,000 of employment tax liability for tax quarters 1 through 4, for a total assessment of $400,000. Taxpayer pays the full amount of employment tax for one employee for tax quarter 1 in the amount of $1,000. Taxpayer files a refund claim for the $1,000 it has paid, the IRS denies the claim, and Taxpayer then files a refund suit in the Court of Federal Claims. Taxpayer has paid $1,000 out of the $100,000 total assessed liability for tax quarter 1, and has not made any payment toward the remaining $300,000 assessed liability for tax quarters 2, 3, and 4. If the § 6331(i) prohibition were applicable

---

proceeding would have with respect to the unpaid employment tax in the non-suit periods. The United States does not have sufficient information to make a determination with respect to possible *res judicata* or collateral estoppel effects of this litigation on the non-suit tax periods.

[11]"Divisible taxes" represent a departure from the usual requirement in refund suits that full payment of the assessed tax liability be made before suit is commenced. *See Flora v. United States*, 362 U.S. 145, 163 (1960). With respect to "divisible taxes," a taxpayer may begin a refund suit to contest the entire amount of assessed tax liability, even though the taxpayer has paid less than that entire assessed tax, provided that the taxpayer has paid a divisible part of the tax assessment in full. *See Rocovich*, 933 F.2d at 995.

to these non-suit periods, the IRS would be prevented from collecting the $300,000 unpaid tax for the non-suit periods until Taxpayer's refund claim for tax quarter 1 is resolved. Taxpayer would be permitted to effectively put four tax periods in suit by only paying the divisible tax owed for one employee in one period. The collection of tax would be delayed while the suit is pending. This cannot be the intended result of § 6331(i), and indeed, there is no indication in the legislative history of the provision that this was Congress's intended result.

**B. Unico's True Remedy Is Not Pursued Before this Court.**

Although this Court does not have jurisdiction to enjoin the IRS's collection efforts with respect to Unico's unpaid tax in the non-suit periods, there are procedures available to Unico to contest the IRS's collection activity. After receiving notification from the IRS that a Notice of Federal Tax Lien has been filed or levy has been made, a taxpayer has the right to a hearing with the IRS Office of Appeals to contest the filing of the lien and/or levy. *See* §§ 6320, 6330. The conduct of the hearing will be governed by § 6330(c), which provides generally that a taxpayer will be permitted to raise at the hearing any relevant issue relating to the unpaid tax or the filing of the lien or levy and may challenge the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. *See* § 6330(c)(2). After a determination has been made by an IRS appeals officer, the taxpayer may, within 30 days, appeal such determination to the Tax Court, or if the Tax Court does not have jurisdiction over the underlying tax liability, to a United

States district court. *See* § 6330(d)(1).

In addition to the above procedure for contesting IRS collection activity, Unico also has the option of paying the assessed tax, and then filing a refund claim with the IRS. If the IRS denies Unico's refund claim, then Unico would have the right to file a refund suit to recover the taxes paid.

In sum, Unico is permitted to (1) contest the IRS's collection action utilizing the procedure provided by the Code, or (2) pay the tax and then litigate the underlying tax liability. However, Unico is not permitted to contest the IRS's collection activity by resort to an improper motion for injunctive relief with respect to tax periods that are not within the Court's jurisdiction.

## III.

## UNICO IS NOT ENTITLED TO ATTORNEY'S FEES OR EXPENSES IN CONNECTION WITH ITS MOTION TO ENJOIN COLLECTION PROCEEDINGS

Unico asserts that it is entitled to attorney's fees and expenses in the event it is the prevailing party on this motion pursuant to the "Equal Access to Justice Act." Although Unico did not provide a citation for the Act pursuant to which it claims entitlement to fees and costs, the United States believes that Unico may be relying upon 28 U.S.C. § 2412, which addresses costs and fees. However, the costs and fees statute in Title 28 of the U.S. Code does not apply in the context of tax refund litigation. See 28 U.S.C. § 2412(e) (section does not apply to "any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies"). In the

context of tax refund litigation – which is the subject matter of this litigation – Code § 7430 governs the awarding of costs and fees. That section provides that the "prevailing party" may be awarded a judgment or settlement for reasonable litigation costs, including attorney's fees and other costs, subject to certain limitations, but not if the United States establishes that its position is substantially justified. § 7430. A "prevailing party" is one which has "substantially prevailed with respect to the amount in controversy" or "has substantially prevailed with respect to the most significant issue or set of issues presented." § 7430(c)(4).

Unico would not be entitled to costs and fees pursuant to § 7430 even if were to prevail on this motion – which it should not. This motion raises a collateral issue that has no connection to the amount or issue in controversy in this tax refund litigation. In addition, Unico has not asserted that it has exhausted the administrative remedies available to it in connection with the collateral issue of the IRS collecting unpaid employment tax for non-suit tax periods by requesting a hearing with the IRS Office of Appeals, and, in any event, the position of the United States with respect to this motion is substantially justified. *See* §§ 7430(b), (c)(4)(B). For all of these reasons, Unico is not entitled to costs and fees with respect to this motion.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to enjoin collection proceedings should be denied.

Respectfully submitted,

s/Jennifer P. Wilson

JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6495
FACSIMILE (202) 514-9440
jennifer.p.wilson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

s/David Gustafson
Of Counsel

January 30, 2006