**No. 05-955 T**
**(Judge Loren A. Smith)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**UNICO SERVICES INC.**
**f/k/a Unico Replacement Parts, Inc.,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

# PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN COLLECTION PROCEEDINGS

ROBERT J. STIENTJES
ATTORNEY FOR PLAINTIFF
GASAWAY & STIENTJES LLC
41 S. Old Orchard Ave., Ste. B,
St. Louis, MO 63119
(314) 961-3812

**Page**

## TABLE OF CONTENTS

**Background** ........................................ **1**

**Argument:**

**I. This Court Has Jurisdiction to Enjoin IRS Collection Proceedings** ........................................ **3**

**II. I.R.C. § 6331(i) Covers All Related Periods** ........................................ **4**

**III. Because the IRS Issued Both Notices of Intent to Levy and Notices of Intent to Lien, Defendant's Arguments Regarding The Inapplicability of I.R.C. § 6331(i) are Moot** ........................................ **7**

**IV. Plaintiff is Entitled to Attorneys' Fees or Expenses in Connection with its Motion to Enjoin Collection Proceedings** .......... **8**

**Conclusion** ........................................ **9**

**Prayer for Relief** ........................................ **9**

## TABLE OF AUTHORITIES

**Statutes:**

**Judiciary and Judiciary Procedure (28 U.S.C.):**

**§ 517** ........................................ **2**

**§ 1491** ........................................ **3**

**§ 1346(a)** ........................................ **3**

**§ 2412** ........................................ **8**

**Internal Revenue Code of 1986 (28 U.S.C.):**

**§ 6331(i)** ........................................ **4-7, 9**

**§ 6331(i)(1)** ........................................ **4-5**

**Page**

**Statutes (Continuation):**

**Internal Revenue Code of 1986 (28 U.S.C.):**

**§ 6331(i)(2) .......... 4-5**

**§ 6331(i)(4) .......... 3, 7**

**§ 6331(i)(6) .......... 4**

**§ 7422 .......... 3**

**§ 7430 .......... 8-9**

**S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616 .......... 5-6**

**EXHIBITS**

**Exhibit "A": Final Notice: Notice of Intent to Levy and Notice of Your Notice of Your Right to A Hearing Dated January 25, 2006 .......... 2**

**Exhibit "B": S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616 .......... 5-6**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**UNICO SERVICES INC.**
**f/k/a Unico Replacement Parts, Inc.,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN COLLECTION PROCEEDINGS**

---

Plaintiff Unico Services Inc. ("Plaintiff") hereby replies to Defendant's Opposition to Plaintiff's Motion to Enjoin Collection Proceedings, filed on January 30, 2006, and states that this Court does have jurisdiction to grant the relief request by Plaintiff and should do so. In support of its claim, Plaintiff states as follows:

**BACKGROUND**

Plaintiff filed suit in this Court on August 30, 2005, seeking a refund of employment taxes for tax periods ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001. Subsequently, Defendant notified Plaintiff's counsel by letter dated January 6, 2006, that a Notice of Federal Tax Lien would be filed against Plaintiff if Plaintiff failed to pay outstanding employment tax liabilities for the tax periods ending June 30, 2001, December 31, 2001, June 30, 2005, and September 30, 2005. Furthermore, the IRS also issued notices of intent to levy

dated January 25, 2006, for tax periods ending June 30, 2001 and December 31, 2001 (attached hereto as Exhibit "A").

On January 13, 2006, Plaintiff filed its motion to enjoin collection proceedings. In its motion, Plaintiff argues that it is entitled to injunctive relief because the collection action by the IRS is in violation of I.R.C. § 6331(i) and also argues that this Court has authority to enjoin a levy or collection proceeding pursuant to I.R.C. § 6331(i)(4). Additionally, Plaintiff argues that it is entitled to attorneys' fees and expenses pursuant to the Equal Access to Justice Act if Plaintiff prevails on its motion.

On January 30, 2006, the United States filed an opposition to Plaintiff's motion to enjoin collection proceedings.[1] In its opposition, the United States argues that this Court lacks jurisdiction to hear this motion and that I.R.C. § 6331(i) does not prohibit the IRS from initiating collection proceedings. Additionally, the United States argues that Plaintiff is not entitled to attorneys' fees or expenses.

In this Reply to Defendant's Opposition to Plaintiff's Motion to Enjoin Collection Proceedings, Plaintiff states that this Court has jurisdiction to grant the relief request in Plaintiff's Motion to Enjoin Collection Proceedings, and that the collection proceedings in question are encompassed under I.R.C. § 6331(i)(4). Furthermore, Plaintiff states that this Court should award attorneys' fees and expenses should Plaintiff prevail on its Motion.

---

[1] In Defendant's Opposition to Plaintiff's Motion to Enjoin Collection Proceedings, Defendant, the United States, attempts to assert the claim that the United States and the IRS are two separate parties. In reality, the United States and the IRS are related parties and when the IRS institutes collection proceedings, the real party at interest is the United States, and not the IRS. See generally 28 U.S.C. § 517.

## ARGUMENT

### I. THIS COURT HAS JURISDICTION TO ENJOIN IRS COLLECTION PROCEEDINGS

This Court has jurisdiction to enjoin IRS collection proceedings because there is a specific grant of power by Congress as encapsulated in I.R.C. § 6331(i)(4).

In general, the jurisdiction of the United States Court of Federal Claims is created by statute and is, therefore, subject to the limitations and conditions included in the statute itself. The Tucker Act, 28 U.S.C. § 1491, is the primary statute defining the jurisdiction of the Court of Federal Claims and provides in pertinent part:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1)

The basis for the refund claim in this cause of action is Subtitle C of the Internal Revenue Code which provides for the taxation of employment. In this case, Plaintiff has successfully pled the jurisdictional requirements for the refund claim. See also I.R.C. §7422 and 28 U.S.C. §1346(a).

Furthermore, the basis for jurisdiction for the present motion is grounded in I.R.C. § 6331(i)(4)(B) which provides in pertinent part:

> Notwithstanding section 7421(a), a levy or collection proceeding prohibited by this section may be enjoined (during the period such prohibition is enforced) by the court in which the proceeding under paragraph (1) is brought. I.R.C. § 6331(i)(4)(B).

Because the United States Court of Federal Claims is the Court in which the underlying refund claim rests, and pursuant to I.R.C. § 6331(i)(4)(B), the United States Court of Federal Claims would also be the Court which is entitled to enjoin all collection

proceedings initiated during the prohibition of collection actions period (generally during the "pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person." See I.R.C. § 6331(i)(1)). Furthermore, the "pendency of any proceeding" is defined by I.R.C. § 6331(i)(6) as: "beginning on the date such proceeding commences and ending on the date that a final order or judgment from which an appeal may be taken is entered into such proceeding." Because Congress has vested this Court with the right to hear the underlying refund claim, and because Congress has vested this Court with the right to hear all suits to enjoin collection proceedings during the pendency of the refund claim, Congress has by express statute granted this Court with jurisdiction to grant Plaintiff's Motion to Enjoin Collection Proceedings.

## II. I.R.C. § 6331(i) COVERS ALL RELATED PERIODS.

In its opposition, Defendant claims that the periods being subjected to the collection action are not a portion of the refund suit and therefore would not fall under I.R.C. § 6331(i). Defendant is attempting to read the statute too narrowly. Both the plain language of the statute and the legislative history indicate that I.R.C. § 6331(i) should not be read so narrowly and would encompass all related periods.

I.R.C. § 6331(i)(1) states in pertinent part:

> No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper federal trial court for the recovery of any portion of such divisible tax to which was paid by such person. I.R.C. § 6331(i)(1).

Divisible taxes for purposes of this statute have been defined pursuant to I.R.C. § 6331(i)(2) as "Any tax imposed by subtitle C; and the penalty imposed by section 6672

with respect to any such tax." Furthermore, I.R.C. § 6331(i)(1)(B) states as a precondition for relief under I.R.C. § 6331(i) that no collection activities shall occur "if such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding." As stated in Plaintiff's Motion to Enjoin Collection Proceedings, Plaintiff would be collaterally estopped from contesting such unpaid tax in the later periods by reason of this refund action. The issues, arguments, and parties in the periods before the Court are identical to the later periods for which the Defendant is attempting to collect tax, and, therefore, collateral estoppel applies. Because the subject of the refund claim is a divisible tax and because the parties would be collaterally estopped from further contesting the unpaid tax in the later periods after the decision in this refund case is rendered, the facts of the case at hand fit the plain language of I.R.C. § 6331(i), which prohibits all collection activities. The plain language of I.R.C. § 6331(i) does not create an exception for later periods, where the statutory requirements of I.R.C. § 6331(i) are otherwise met. Thus, because the later periods fall within the plain language of the statute, the Court must enjoin the collection activities for the related, later periods.

Additionally, the legislative history of I.R.C. § 6331(i) indicates that the statute prohibits collection activities for all related periods. The Senate Report for this statute, indicates that prior to the enactment of the I.R.C. § 6331(i), "most divisible taxes are not within the Tax Court's jurisdiction; accordingly the taxpayer had no pre-payment forum for contesting such taxes." See S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616 (relevant portions attached hereto as Exhibit "B"). The Senate

Report also indicates that an absurd result occurred due to the lack of a pre-payment forum:

> In the case of divisible taxes, it is possible that the taxpayer could be properly under the refund jurisdiction of the District Court of the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount of the tax at issue. See S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616.

As a result of this absurdity, Congress enacted I.R.C. § 6331(i) to remedy this situation:

> Taxpayers who are litigating a refund action over divisible taxes should be protected from collection of the full assessed amount, because the court considering the refund suit may ultimately determine that the taxpayer is not liable. See S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616.

The legislative history clearly suggests that Congress was concerned about maintaining the status quo so that Defendant could not further collect taxes for an issue that is before the Court prior to the issue being finally decided by the Court. This concern exists in the case at hand in which Plaintiff is challenging an issue in early periods, and the same issue carries-over to later periods that are indirectly before the Court due to collateral estoppel. Because of a lack of a pre-payment forum and because of the absurd result that might arise if the IRS was allowed to utilize collection actions during the pendency of the refund claim, the legislative history indicates that Congress enacted I.R.C. § 6331(i) to prohibit the IRS from instituting collection activities over all related periods.

Under Defendant's narrow reading of I.R.C. § 6331(i), only taxpayers who may owe additional tax for the same period directly before the Court would be protected by I.R.C. § 6331(i). Not only is this reading unsupported by the plain language and legislative history of the statute, such reading makes no logical sense and would have

no discernable purpose. Plaintiff is unable to find – and Defendant does not suggest – a logical purpose for Congress only protecting taxpayers who may owe more tax for the periods directly before the Court and failing to protect taxpayers who may owe more tax in a related period that is indirectly before the Court. Instead, the plain language and the legislative history show that the identity of the issues is the test for whether I.R.C. § 6331(i) applies to enjoin the collection efforts of Defendant. Because the issues before the Court in the periods at hand are identical to the issues in the later periods – for which Defendant is attempting to collect taxes – I.R.C. § 6331(i) prevents Defendant from conducting collection activities in the later periods.

## III. BECAUSE THE IRS ISSUED BOTH NOTICES OF INTENT TO LEVY AND NOTICES OF INTENT TO LIEN, DEFENDANT'S ARGUMENTS REGARDING THE INAPPLICABILITY OF I.R.C. § 6331(i) TO LIENS ARE MOOT.

In its opposition, Defendant states that the statutory language of I.R.C. § 6331(i) merely covers levies and does not prohibit liens. However, since defendant issued both Notices of Intent to Levy and Notices of Intent to Lien, Defendant's arguments regarding the inapplicability of I.R.C. § 6331(i) are moot.

I.R.C. § 6331(i)(4)(A) provides in pertinent part: "Limitations on Collection. No Proceeding in Court for collection of any unpaid tax to which paragraph (1) applies shall be begun by the Secretary during the pendency of a proceeding under such paragraph." Because the IRS is specifically barred from "collection of any unpaid tax…during the pendency of a proceeding," and because the IRS attempted to collect the unpaid tax during the pendency of a proceeding through the Notices of Intent to Levy, the IRS must be enjoined from such activities pursuant to I.R.C. § 6331(i)(4)(B) as stated above.

## IV. PLAINTIFF IS ENTITILED TO ATTORNEY'S FEES OR EXPENSES IN CONNECTION WITH ITS MOTION TO ENJOIN COLLECTION PROCEEDINGS.

Plaintiff is entitled to attorneys' fees or expenses in connection with its motion to enjoin collection proceedings because this motion does not fall under I.R.C. § 7430. Furthermore, this motion falls under the Equal Access to Justice Act, 28 U.S.C. § 2412, which provides in pertinent part:

> A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. 28 U.S.C. § 2412 (a)

In this case, should Plaintiff's Motion to Enjoin Collection proceedings be granted, Plaintiff would be the prevailing party and the corresponding attorneys' fees should be awarded.

Alternatively, should this Court find that this matter is in fact a proceeding that is governed by I.R.C. § 7430, Plaintiff is still entitled to reasonable litigation costs. Under the Equal Access to Justice Act, 28 U.S.C. § 2412(e), should this Court deem this action to fall under I.R.C. § 7430, this Court would have to do so "without regard to subsections (b) and (f) of such section" [Subsection (b) and (f) deal with limitations and right of appeal respectively]. I.R.C. § 7430(a) provides in pertinent part:

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for – …(2) reasonable litigation costs incurred in connection with such court proceeding. I.R.C. § 7430(a).

Because the limitations are not at play when examining I.R.C. § 7430, this Court can still award reasonable litigation costs to Plaintiff should Plaintiff prevail in its motion. See generally I.R.C. § 7430(b). Defendant's attempts to collect tax in the later periods constitute a clear violation of I.R.C. § 6331(i), and such attempts are both unreasonable in light of the statute.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Enjoin Collection Proceedings should be granted and the relief as enumerated below should be granted:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court order and decree that until a hearing and thereafter until further order of this Court that:

A. Defendant be enjoined and restrained from collection activities for the taxable periods at issue as set forth in Plaintiff's Motion and Complaint;

B. The Court's order shall remain in full force and effect until such time as this Court specifically orders otherwise;

C. Reimburse Plaintiff for its reasonable attorneys' fees and expenses incurred in pursuing this Motion in the amount to be determined by the Court; and

D. For such other further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

Date: February 7, 2006

By: *s/ Robert J. Stientjes*
Robert J. Stientjes
Attorney for Plaintiff
Gasaway & Stientjes LLC
41 S. Old Orchard Ave., Ste. B
Saint Louis, Missouri 63119
Telephone: (314) 961-3812
Facsimile: (314) 918-7120