# Exhibit “B”

**Pending & Enacted Committee Reports**

# Committee Report for s105-174, pl105-206 , Senate

## INTERNAL REVENUE SERVICE RESTRUCTURING AND REFORM ACT OF 1998

## TABLE OF CONTENTS


I.. LEGISLATIVE BACKGROUND

A.. COMMITTEE ACTION

B.. COMMISSION REPORT

II.. EXPLANATION OF THE BILL

Title I.. EXECUTIVE BRANCH GOVERNANCE AND MANAGEMENT OF THE IRS

A.. IRS Restructuring and Creation of IRS Oversight Board

1.. IRS restructuring and mission (secs. 1001-1002)

2.. Establishment and duties of IRS Oversight Board (sec. 1101)

B.. Appointment and Duties of IRS Commissioner and Chief Counsel and Other Personnel

1.. IRS Commissioner and other personnel (secs. 1102(a) and 1104)

2.. IRS Chief Counsel (sec. 1102(a))

C.. Structure and Funding of the Employee Plans and Exempt Organizations Division ("EP/EO") (sec. 1101)

D.. Taxpayer Advocate (secs. 1102(a), (c), and (d))

E.. Treasury Office of Inspector General; IRS Office of the Chief Inspector (secs. 1102(a) and 1103)

F.. Prohibition on Executive Branch Influence Over Taxpayer Audits (sec. 1105)

G.. IRS Personnel Flexibilities (secs. 1201-1205)

Title II.. ELECTRONIC FILING

A.. Electronic Filing of Tax and Information Returns (sec. 2001)

B.. Due Date for Certain Information Returns (sec. 2002)

2.. Provision of regulatory authority for simplified reporting of funeral trusts terminated during taxable year (sec. 6013(b))

M.. Amendment to Title XIV of the 1997 Act Relating to Excise Tax Simplification

1.. Clarification of provision allowing wine imported in bulk to be transferred to a U. S. winery without payment of tax (sec. 6014)

N.. Amendments to Title XV of the 1997 Act Relating to Pensions and Employee Benefits

1.. Treatment of certain disability payments to public safety employees (sec. 6015(c))

O.. Amendments to Title XVI of the 1997 Act Relating to Technical Corrections

1.. Application of requirements for SIMPLE IRAs in the case of mergers and acquisitions (sec. 6016(a))

2.. Treatment of Indian tribal governments under section 403(b) (sec. 6016(a))

.. TECHNICAL CORRECTIONS TO OTHER TAX LEGISLATION

A.. Treatment of Adoption Tax Credit Carryovers (sec. 6017)

B.. Disclosure Requirements for Apostolic Organizations (sec. 6018)

C.. Allow Deduction for Unused Employer Social Security Credit (sec. 6019)

D.. Earned Income Credit Qualification Rules (sec. 6020)

III.. BUDGET EFFECTS OF THE BILL

A.. Committee Estimates

B.. Budget Authority and Tax Expenditures

C.. Consultation with Congressional Budget Office

IV.. VOTES OF THE COMMITTEE

V.. REGULATORY IMPACT AND OTHER MATTERS

A.. Regulatory Impact

B.. Unfunded Mandates Statement

VI.. CHANGES IN EXISTING LAW MADE BY THE BILL, AS REPORTED

105th Congress

2d Session

SENATE

Report 105-174

April 22, 1998.—Ordered to be printed

Mr. Roth, from the Committee on Finance submitted the following

REPORT

[To accompany H.R. 2676]

The Committee on Finance, to which was referred the bill (H.R. 2676) to amend the Internal Revenue Code of 1986 to restructure and reform the Internal Revenue Service, and for other purposes, having considered the same, reports favorably thereon with an amendment and recommends that the bill as amended do pass.

I. LEGISLATIVE BACKGROUND

IRC §

A. COMMITTEE ACTION

IRC §

*Committee consideration*

The Committee on Finance marked up H.R. 2676 (the "Internal Revenue Service Restructuring and Reform Act of 1998") on March 31, 1998. The Committee adopted Chairman Roth's amendment in the nature of a substitute, as amended, and ordered the bill, as amended, favorably reported by a roll call vote of 12-0 (20-0 including proxy votes). The bill also includes tax technical corrections provisions.

*Committee and Subcommittee hearings*

The Committee held several public hearings during the 105th Congress as part of its investigation of the operations and structure of the Internal Revenue Service ("IRS"). A series of investigative hearings were held by the full committee on September 23-25, 1997, which examined both the internal and public conduct of the IRS. The Finance Committee's Subcommittee on Taxation and IRS Oversight held a field hearing in Oklahoma City, Oklahoma on December 3, 1997, regarding IRS management and operations in the Oklahoma- Arkansas District.

The Finance Committee continued public hearings on IRS administration, including taxpayer rights, on January 28 and 29 and on February 5, 11, and 25, 1998. The hearing on February 11, 1998, focused on the tax treatment of "innocent spouses."

B. COMMISSION REPORT

IRC §

The National Commission on Restructuring the Internal Revenue Service (the "Commission") was established to review the practices of the IRS and to make recommendations for modernizing and improving its efficiency and taxpayer services. The Commission report was issued on June 25, 1997, [1]

*Explanation of Provision*

The provision increases the value of personal effects exempt from levy to $10,000 and the value of books and tools exempt from levy to $5,000. These amounts are indexed for inflation.

*Effective Date*

The provision is effective for collection actions taken after the date of enactment.

iii. Release of levy upon agreement that amount is uncollectible (sec. 3432 of the bill and sec. 6343 of the Code)

IRC §

*Present Law*

Some have contended that the IRS does not release a wage levy immediately upon receipt of proof that the taxpayer is unable to pay the tax, but instead, the IRS levies on one period's wage payment before releasing the levy.

*Reasons for Change*

Congress believes that taxpayers should not have collection activity taken against them once the IRS has determined that the amounts are uncollectible.

*Explanation of Provision*

The IRS is required to immediately release a wage levy upon agreement with the taxpayer that the tax is not collectible.

*Effective Date*

The provision is effective for levies imposed after date of enactment.

iv. Levy prohibited during pendency of refund proceedings (sec. 3433 of the bill and sec. 6331 of the Code)

IRC §

*Present Law*

The IRS is prohibited from making a tax assessment (and thus prohibited from collecting payment) with respect to a tax liability while it is being contested in Tax Court. However, the IRS is permitted to assess and collect tax liabilities during the pendency of a refund suit relating to such tax liabilities, under the circumstances described below.

Generally, full payment of the tax at issue is a prerequisite to a refund suit. However, if the tax is divisible (such as employment taxes or the trust fund penalty under Code section 6672), the taxpayer need only pay the tax for the applicable period before filing a refund claim. Most divisible taxes are not within the Tax Court's jurisdiction; accordingly, the taxpayer has no pre-payment forum for contesting such taxes. In the case of divisible taxes, it is possible that the taxpayer could be properly under the refund jurisdiction of the District Court or the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount of the tax at issue. The IRS's policy is generally to exercise forbearance with respect to collection while the refund suit is pending, so long as the interests

of the Government are adequately protected (e.g., by the filing of a notice of Federal tax lien) and collection is not in jeopardy. Any refunds due the taxpayer may be credited to the unpaid portion of the liability pending the outcome of the suit.

*Reasons for Change*

The Committee believes that taxpayers who are litigating a refund action over divisible taxes should be protected from collection of the full assessed amount, because the court considering the refund suit may ultimately determine that the taxpayer is not liable.

*Explanation of Provision*

The provision requires the IRS to withhold collection by levy of liabilities that are the subject of a refund suit during the pendency of the litigation. This will only apply when refund suits can be brought without the full payment of the tax, i.e., in the case of divisible taxes. Collection by levy would be withheld unless jeopardy exists or the taxpayer waives the suspension of collection in writing (because collection will stop the running of interest and penalties on the tax liability). This provision will not affect the IRS's ability to collect other assessments that are not the subject of the refund suit, to offset refunds, to counterclaim in a refund suit or related proceeding, or to file a notice of Federal tax lien. The statute of limitations on collection is stayed for the period during which the IRS is prohibited from collecting by levy.

*Effective Date*

The provision is effective for refund suits brought with respect to tax years beginning after December 31, 1998.

v. Approval required for jeopardy and termination assessments and jeopardy levies (sec. 3434 of the bill and sec. 7429(a) of the Code)

IRC §

*Present Law*

In general, a 30-day waiting period is imposed after assessment of all types of taxes. In certain circumstances, the waiting period puts the collection of taxes at risk. The Code provides special procedures that allow the IRS to make jeopardy assessments or termination assessments in certain extraordinary circumstances, such as if the taxpayer is leaving or removing property from the United States (sec. 6851), or if assessment or collection would be jeopardized by delay (secs. 6861 and 6862). In jeopardy or termination situations, a levy may be made without the 30-days' notice of intent to levy that is ordinarily required by section 6331(d)(2). Jeopardy assessments apply when the tax year is over. Termination assessments apply to the current taxable year or the immediately preceding taxable year if the filing date has not yet passed. A termination assessment serves to terminate the taxable year for the purpose of computing the tax to be assessed and collected under the termination assessment procedure. Under both the jeopardy and termination assessment procedures, the IRS can assess the tax and immediately begin collection if any one of the following situations exists: (1) the taxpayer is or appears to be planning to depart the United States or to go into hiding; (2) the taxpayer is or appears to be planning to place property beyond the reach of the IRS by removing it from the country, hiding it, dissipating it, or by transferring it to other persons; or (3) the taxpayer's financial solvency is or appears to be imperiled. Because the same criteria apply to jeopardy and termination assessments, jeopardy and termination assessments are often entered at the same time against the same taxpayer.

The Code and regulations do not presently require Counsel to review jeopardy assessments, termination assessments, or jeopardy levies, although the Internal Revenue Manual does require Counsel review before such actions and it is current practice to make such a review. The IRS bears the