**ATTACHMENT A**
**PROPOSED DISCOVERY PLAN**

The United States currently anticipates the following discovery. This plan may be modified in response to information obtained through discovery.

I. *Fact Discovery*

A. Written Discovery

(1) Interrogatories - The IRS served Unico with interrogatories during the Tax Court proceeding, but Unico did not respond. Accordingly, the United States anticipates serving plaintiffs with interrogatories with respect to some of the factual issues identified in defendant's preliminary statement of factual issues.

(2) Requests for admission - The IRS served Unico with requests for admissions during the Tax Court proceeding, but Unico did not respond. Accordingly, the United States anticipates serving plaintiffs with requests for admissions with respect to some of the factual issues identified in defendant's preliminary statement of factual issues, and possibly with respect to the authenticity of certain documents.

(3) Document production requests - The IRS served Unico with document requests during the Tax Court proceeding, and Unico provided some documents in response. The United States anticipates requesting additional documents from plaintiffs, but only to the extent the documents were not previously obtained by the IRS.

(4) Other document requests to obtain foreign records - The IRS was able to obtain some foreign bank records and other public records relevant to factual issues 15 through 29 identified in the preliminary statement of factual issues. The IRS was not able to obtain all of the relevant records due to jurisdictional obstacles. The United States anticipates requesting the records not already obtained by whatever means found to be available after researching the jurisdictional obstacles encountered by the IRS.

B. Depositions

The United States currently anticipates deposing the following individuals with respect to the specified factual issues: [1]

(1) D. Gordon Potter

Mr. Potter is a plaintiff in this matter and was President and majority owner of plaintiff Unico at all times relevant to this litigation. Mr. Potter has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Potter about the employee leasing arrangement, his knowledge of and expectations for the arrangement, the flow of money into, through, and out of the arrangement, the account and financial information he received related to the arrangement, his conditions of employment, and the relationships and roles of the individuals and entities involved in the arrangement, among other factual matters.

(2) Carol L. Monahan

Ms. Monahan is Mr. Potter's spouse. The United States anticipates questioning Ms. Monahan about the employee leasing arrangement, the

[1]In the course of the IRS examination and the Tax Court proceedings brought by Unico, the IRS conducted summons interviews of eight of the twenty individuals who are identified here as anticipated deponents in this refund litigation. The IRS summons interviews were conducted under oath. With respect to the eight individuals who have been previously interviewed, counsel for the United States will review the interview transcripts. If counsel finds that an individual's interview testimony sufficiently covers all of the relevant factual issues in this litigation, and if plaintiffs' counsel will stipulate that the interview testimony would be admissible pursuant to Federal Rule of Evidence 801(d)(1) and may be used as contemplated in RCFC 32 and 56(c), then the United States will not conduct a deposition. If, however, the individual's testimony does not sufficiently cover the relevant factual issues, and/or if the plaintiffs' counsel will not so stipulate, the United States anticipates conducting a deposition at least with respect to the factual issues not previously covered. With respect to the remaining twelve individuals who have not been previously interviewed by the IRS (including, most notably, Mr. Potter), the United States anticipates conducting discovery depositions.

relationships and roles of the individuals and entities involved in the arrangement, her knowledge and activities with respect to the arrangement, the nature of the relationship between Unico and Mr. Potter before and after Mr. Potter entered into the arrangement, the flow of money into, through, and out of the arrangement, and Mr. Potter's representations about the arrangement, among other factual matters.

(3) Michael Anthony Potter

Mr. Michael Potter is D. Gordon Potter's son and an officer of Unico. Mr. Potter has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Potter about the employee leasing arrangement, the relationships and roles of the individuals and entities involved in the arrangement, his knowledge and activities with respect to the arrangement, the nature of the relationship between Unico and D. Gordon Potter before and after D. Gordon Potter entered into the arrangement, the flow of money into, through, and out of the arrangement, and D. Gordon Potter's representations about the arrangement, among other factual matters.

(4) Randall Gordon Potter

Mr. Randall Gordon Potter is D. Gordon Potter's son and an officer of Unico. Mr. Potter has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Potter about the employee leasing arrangement, the relationships and roles of the individuals and entities involved in the arrangement, his knowledge and activities with respect to the arrangement, the nature of the relationship between Unico and D. Gordon Potter before and after D. Gordon Potter entered into the arrangement, the flow of money into, through, and out of the arrangement, and D. Gordon Potter's representations about the arrangement, among other factual matters.

(5) Michael Chatzky

Mr. Chatzky was President of Release Me, Inc., one of the domestic leasing companies involved in the employee leasing arrangement. He was also a promoter of the offshore employee leasing arrangement and has published journal articles on the subjects of offshore employee leasing and offshore

tax and financial planning. The United States anticipates questioning Mr. Chatzky about the development and promotion of the offshore employee leasing arrangement, Mr. Potter's entry into the arrangement, the relationships and roles of the individual and entities involved in the arrangement, the flow of money into, through, and out of the arrangement, and Mr. Potter's work relationship with Release Me, among other factual matters.

(6) Marion Holmes

Ms. Holmes served as office manager for Mr. Chatzky during the relevant time periods. Ms. Holmes has been identified by plaintiffs' counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Ms. Holmes about the nature of the employee leasing arrangement, the documents, recordkeeping, and operations of the arrangement, the flow of money into, through, and out of the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, Mr. Potter's work relationship with Release Me, and Mr. Potter's representations about the arrangement, among other factual matters.

(7) Heidi Scholz

Ms. Scholz was an associate attorney in Mr. Chatzky's office during the relevant time periods. The United States anticipates questioning Ms. Scholz about the nature of the employee leasing arrangement, documents, recordkeeping, and operations of the arrangement, the flow of money into, through, and out of the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, Mr. Potter's work relationship with Release Me, and Mr. Potter's representations about the arrangement, among other factual matters.

(8) Alan Eber

Mr. Eber is an attorney who assisted Mr. Potter in entering the employee leasing arrangement. He was also a promoter of the offshore employee leasing arrangement and has published journal articles on the subjects of offshore employee leasing and offshore tax and financial planning. Mr. Eber has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States

anticipates questioning Mr. Eber about the development and promotion of the offshore employee leasing arrangement, Mr. Potter's entry into the arrangement, the relationships and roles of the individual and entities involved in the arrangement, and the flow of money into, through, and out of the arrangement, among other factual matters.

(9) Nimrod Haikin

Mr. Haikin was employed by Mr. Eber as an office manager/paralegal during the relevant time periods. The United States anticipates questioning Mr. Haikin about the nature of the employee leasing arrangement, documents, recordkeeping, and operations of the arrangement, the flow of money into, through, and out of the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, Mr. Potter's work relationship with Release Me, and Mr. Potter's representations about the arrangement, among other factual matters.

(10) Peter Double

Mr. Double is an attorney who assisted Mr. Potter in entering the employee leasing arrangement. The United States anticipates questioning Mr. Double about Mr. Potter's entry into the arrangement, the relationships and roles of the individual and entities involved in the arrangement, and the flow of money into, through, and out of the arrangement, among other factual matters.

(11) Jacqueline Jensen

Ms. Jensen was the director of Fair Skys Corporation, one of the domestic leasing companies involved in the employee leasing arrangement. She was also a promoter of the offshore employee leasing arrangement and has published journal articles on the subjects of offshore employee leasing and offshore tax and financial planning. Ms. Jensen has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Ms. Jensen about the development and promotion of the offshore employee leasing arrangement, Mr. Potter's entry into the arrangement, the relationships and roles of the individual and entities involved in the arrangement, the contracts and recordkeeping involved in the arrangement, the flow of money into, through, and out of the arrangement, and Mr.

Potter's work relationship with Fair Skys, among other factual matters.

(12) Gordon Weaver

Mr. Weaver was Mr. Potter's CPA during the relevant time periods, and introduced Mr. Potter to Mr. Eber and the employee leasing arrangement. Mr. Weaver has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Weaver about the documents and operation of the arrangement, Mr. Potter's introduction to and participation in the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, recordkeeping related to the arrangement, the flow of money into, through, and out of the arrangement, Mr. Potter's work relationship with Unico and the domestic and foreign leasing companies involved in the arrangement, and Mr. Potter's representations about the arrangement, among other factual matters.

(13) Timothy Boe

Mr. Boe was the United States agent and trustee for at least one of the trusts through which funds flowed as a part of the employee leasing arrangement. Mr. Boe has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Boe about the nature of the arrangement, the documents, recordkeeping, and operations of the arrangement, the flow of money into, through, and out of the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, and Mr. Potter's representations about the arrangement, among other factual matters.

(14) Joy Bryant

Ms. Bryant was the Secretary/Treasurer and Controller of Unico during the relevant time periods. Ms. Bryant has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Ms. Bryant about the nature of the employee leasing arrangement, the documents, recordkeeping, and operations of the arrangement, the flow of money into, through, and out of the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, Mr. Potter's work relationship with Unico, and Mr. Potter's representations about the arrangement, among other

factual matters.

(15) Marvin Kauffman

Mr. Kauffman was an officer and director of Unico during the relevant time periods and a trustee for two of the trusts through which funds flowed as a part of the employee leasing arrangement. Mr. Kauffman has been identified by plaintiffs' counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Kauffman about the documents and operation of the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, recordkeeping related to the arrangement, the flow of money into, through, and out of the arrangement, Mr. Potter's work relationship with Unico and the domestic and foreign leasing companies involved in the arrangement, and Mr. Potter's representations about the arrangement, among other factual matters.

(16) Charles Deering

Mr. Deering was the Vice President and a director of Unico during the relevant time periods. Mr. Deering has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Deering about the documents and operation of the arrangement, the relationships and roles of the individuals and entities involved in the arrangement, recordkeeping related to the arrangement, the flow of money into, through, and out of the arrangement, Mr. Potter's work relationship with Unico and the domestic and foreign leasing companies involved in the arrangement, and Mr. Potter's representations about the arrangement, among other factual matters.

(17) Joseph Kenny

Mr. Kenny was a director of Pixley Services Ltd., one of the offshore leasing companies involved in the employee leasing arrangement. The United States anticipates questioning Mr. Kenny about the development and promotion of the offshore employee leasing arrangement, Mr. Potter's entry into the arrangement, the relationships and roles of the individual and entities involved in the arrangement, the contracts and recordkeeping involved in the arrangement, the flow of money into, through, and out of the arrangement, and Mr. Potter's work relationship with Pixley, among other

factual matters.

(18) Ian Phillips

Mr. Phillips was an employee of International Employment Services, Inc. ("IESI"), one of the offshore leasing companies involved in the employee leasing arrangement. The United States anticipates questioning Mr. Phillips about the development and promotion of the offshore employee leasing arrangement, Mr. Potter's entry into the arrangement, the relationships and roles of the individual and entities involved in the arrangement, the contracts and recordkeeping involved in the arrangement, the flow of money into, through, and out of the arrangement, and Mr. Potter's work relationship with IESI, among other factual matters.

(19) Fiona Moseley

Ms. Moseley was an Officer of Crusader International Management (Cayman) Ltd. during the relevant time periods. Ms. Moseley has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Ms. Moseley about the nature of the employee leasing arrangement, the documents, recordkeeping, and operations of the arrangement, the flow of money into, through, and out of the arrangement, the personal investments of Mr. Potter, the relationships and roles of the individuals and entities involved in the arrangement, and Mr. Potter's representations about the arrangement, among other factual matters.

(20) Ian Kilpatrick

Mr. Kilpatrick was an Officer of Crusader International Management (Cayman) Ltd. during the relevant time periods. Mr. Kilpatrick has been identified by plaintiffs's counsel as an individual likely to have discoverable information relevant to this litigation. The United States anticipates questioning Mr. Kilpatrick about the nature of the employee leasing arrangement, the documents, recordkeeping, and operations of the arrangement, the flow of money into, through, and out of the arrangement, the personal investments of Mr. Potter, the relationships and roles of the individuals and entities involved in the arrangement, and Mr. Potter's representations about the arrangement, among other factual matters.

II. *Expert Discovery*

Neither the IRS nor Unico relied upon expert testimony in the Tax Court proceeding. As a result, there is no concern with duplication of expert discovery.

A. Plaintiffs' Expert Report and Deposition

Plaintiffs stated in their initial disclosures, dated March 13, 2006, that they intend to call an expert to testify on the subject matter of reasonable compensation. After an adequate opportunity to review plaintiffs' expert's report, the United States intends to depose plaintiffs' expert.

B. Defendant's Expert(s) Report(s) and Deposition(s)

The United States anticipates relying upon the testimony of an expert or experts in the fields of forensic accounting, international banking, economics, and/or employee benefits. Each of the United States' experts will prepare a report and be available for deposition by plaintiffs' counsel.