**Nos. 05-955 T and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**UNICO INDUSTRIAL SERVICES INC. and D. GORDON POTTER,**

**Plaintiffs**

**v.**

**THE UNITED STATES,**

**Defendant**

---

# BRIEF FOR THE UNITED STATES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

---

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
STEVEN FRAHM
JENNIFER P. WILSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6494
(202) 514-9440 (facsimile)

# TABLE OF CONTENTS

**Page**

Statutes and regulations involved. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Questions presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument:

I. This Court lacks subject matter jurisdiction because plaintiffs' suits were filed prematurely.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. This Court lacks subject matter jurisdiction over plaintiffs' Fifth Amendment due process claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III. This Court lacks subject matter jurisdiction over plaintiffs' claim for refund of assessed penalties because they have not been paid in full. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV. Plaintiffs' taking clause claims fail to state a claim for which relief can be granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Appendix A:**

Internal Revenue Code of 1986 (26 U.S.C.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Page**

**Appendix B:**

Declaration of Jennifer P. Wilson. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Exhibit 1: Copy of November 14, 2003, Notice of Deficiency issued to Mr. Potter for the tax period ending December 31, 1998. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Exhibit 2: Copy of July 13, 2005, Letter 2737 from IRS to Mr. Potter regarding audit reconsideration and Form 4549A Income Tax Examination Changes for Mr. Potter's tax period ending December 31, 1998. . . . . . . 13

Exhibit 3: Copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for D. Gordon Potter, covering the individual income tax period ending December 31, 1998. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Exhibit 4: Copy of Form 1040X Amended U.S. Individual Income Tax Return for Mr. Potter for the tax period ending December 31, 1998. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Exhibit 5: Copy of April 7, 2004, Letter 3523 Notice of Determination of Worker Classification that the IRS issued to Unico Services Inc. for the tax periods ending June 30, 2000, September 30, 2000, and December 31, 2000. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Exhibit 6: Copy of March 23, 2005, Letter 3523 Notice of Determination of Worker Classification that the IRS issued to Unico Services Inc. for the tax periods ending June 30, 2001, September 30, 2001, and December 31, 2001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Exhibit 7: Copy of IRS Certificate of Assessments, Penalties, Interest, Abatements, Credits, Refunds, and Advance

**Page**

**Exhibits (Continued):**

or Unified Payments for Unico Replacement Parts Inc. for the period ending June 30, 2000. . . . . . . . . . . . . . . . . . . 54

Exhibit 8: Copy of IRS Certificate of Assessments, Penalties, Interest, Abatements, Credits, Refunds, and Advance or Unified Payments for Unico Replacement Parts Inc. for the period ending September 30, 2000. . . . . . . . . . . . . . . . . 62

Exhibit 9: Copy of IRS Certificate of Assessments, Penalties, Interest, Abatements, Credits, Refunds, and Advance or Unified Payments for Unico Replacement Parts Inc. for the period ending December 31, 2000.. . . . . . . . . . . . . . . . . 69

Exhibit 10: Copy of IRS Certificate of Assessments, Penalties, Interest, Abatements, Credits, Refunds, and Advance or Unified Payments for Unico Replacement Parts Inc. for the period ending September 30, 2001. . . . . . . . . . . . . . . . . 75

Exhibit 11: Copy of Form 843 Claim for Refund or Request for Abatement for Unico Services Inc. for the tax period ending June 30, 2000. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

Exhibit 12: Copy of Form 843 Claim for Refund or Request for Abatement for Unico Services Inc. for the tax period ending September 30, 2000. . . . . . . . . . . . . . . . . . . . . . . . . . 85

Exhibit 13: Copy of Form 843 Claim for Refund or Request for Abatement for Unico Services Inc. for the tax period ending December 31, 2000. . . . . . . . . . . . . . . . . . . . . . . . . . 89

Exhibit 14: Copy of Form 843 Claim for Refund or Request for Abatement for Unico Services Inc. for the tax period ending September 30, 2001. . . . . . . . . . . . . . . . . . . . . . . . . . 93

Exhibit 15: Copy of August 22, 2005, Letter 569 notice of proposed claim disallowance addressed to Mr. Potter with respect

Page

**Exhibits (Continued):**

to the refund claim for tax period ending December 31, 1998. . . . 99

Exhibit 16: Copies of August 24, 2005, Letter 569 notices of proposed claim disallowance addressed to Unico Services Inc. with respect to the refund claims for tax periods ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001. . . . 105

Exhibit 17: Copies of Form 3363 Acceptance of Proposed Disallowance of Claim for Refund or Credit and Form 2297 Waiver of Statutory Notification of Claim Disallowance for Mr. Potter's tax period ending December 31, 1998.. . . 127

Exhibit 18: Copies of Forms 3363 Acceptance of Proposed Disallowance of Claim for Refund or Credit and Forms 2297 Waiver of Statutory Notification of Claim Disallowance for Unico Service Inc.'s tax periods ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001. . . . 129

Exhibit 19: Copies of September 22, 2005, Letter 906 notices of claim disallowance addressed to Unico Services Inc. with respect to the refund claims for tax periods ending June 30, 2000, September 30, 2000, and December 31, 2000, and Letter 693 with respect to the refund claim for September 30, 2001. . . . 137

Exhibit 20: Copy of September 27, 2005 Letter 906 notice of claim disallowance addressed to Mr. Potter with respect to the refund claim for tax period ending December 31, 1998. . . . 142

## TABLE OF AUTHORITIES

**Page**

**Cases:**

*Black v. Secretary of Health and Human Services*, 93 F.3d 781 (Fed. Cir. 1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Branch ex rel. Maine Nat'l Bank v. United States*, 69 F.3d 1571 (Fed. Cir. 1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Crocker v. United States*, 125 F.3d 1475 (Fed. Cir. 1997). . . . . . . . . . . . . . . . 15,18

*Demes v. United States*, 52 Fed. Cl. 365 (2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005).. . . . . . . . . . . . . . . . . . 7,14

*Flora v. United States*, 362 U.S. 145 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . 7,15

*Gadd v. United States*, 55 Fed. Cl. 438 (2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Inupait Community of the Arctic Slope v. United States*, 230 Ct. Cl. 647 (1982), *cert. denied*, 459 U.S. 969 (1982).. . . . . . . . . . . . . . . . . . . . . . . . . 15

*Khan v. United States*, 201 F.3d 1367 (Fed. Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . 14

*LeBlanc v. United States*, 50 F.3d 1025 (Fed. Cir. 1995). . . . . . . . . . . . . . . . . . . . 15

*Mobile v. Kimball*, 102 U.S. 691 (1980).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Murray v. United States*, 817 F.2d 1580 (Fed. Cir. 1987).. . . . . . . . . . . . . . . . 15,18

*Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826 (1989). . . . . . . . . . . . . . 12

*Presto Industries, Inc. v. Dazey Corp.*, 107 F.3d 1576 (Fed. Cir. 1997). . . . . . . . 12

*Register Publishing Co. v. United States*, 189 F. Supp. 626 (D. Conn. 1960). . . . 12

**Page**

**Cases (Continued):**

*Shore v. United States*, 9 F.3d 1524 (Fed. Cir. 1993). . . . . . . . . . . . . . . . . 7,15, 16

*Skillo v. United States*, 68 Fed. Cl. 734 (Fed. Cir. 2005).. . . . . . . . . . . . . . . . . . . 18

*Stelco Holding Co. v. United States*, 42 Fed. Cl. 101 (1998). . . . . . . . . . . . . . . . . . 8

*United States v. Brockamp*, 519 U.S. 347 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Sherwood*, 312 U.S. 584 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States Shoe Corp. v. United States*, 296 F.3d 1378 (Fed. Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Testan*, 424 U.S. 392 (1976).. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*W&S Distributing, Inc. v. United States*, No. 95-CV-10158-BC, 1996 WL 636119 at 5 (E.D. Mic. July 1996). . . . . . . . . . . . . . . . . . . . . . . . . 11

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6511. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,15
§ 6532. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*
§ 6656. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,16
§ 6662. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,16
§ 7422. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,7, 15, 16

Tucker Act, 28 U.S.C., § 1491(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,6,14

**Page**

**Miscellaneous:**

American Heritage Dictionary 1046 (2d ed. 1982). . . . . . . . . . . . . . . . . . . . . . . . . 11

S. Rep. No. 83-1622, at 588 (1954), *reprinted in* 1954 U.S.C.C.A.N 4632. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rules of the Court of Federal Claims:

Rule 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 19
Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,19

Treasury Regulations (26 C.F.R.):

§ 1.6011-4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
§ 301.6111-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
§ 301.6532-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Internal Revenue Manual

I.R.M. 4.10.8.8.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 05-955 T and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

**UNICO INDUSTRIAL SERVICES INC. and D. GORDON POTTER,**

**Plaintiffs**

**v.**

**THE UNITED STATES,**

**Defendant**

**BRIEF FOR THE UNITED STATES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

This is a consolidated suit for refund of Mr. Potter's federal income tax and penalties that were assessed for tax year 1998, and for refund of Unico Industrial Services Inc.'s ("Unico") federal employment tax, penalties, and interest assessed for tax quarters ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001. The amounts of income and employment tax at issue are approximately $350,000 and $298,000, respectively.

In this motion to dismiss, the United States asks the Court to dismiss plaintiffs' suits because they were prematurely filed in violation of § 6532(a)(1), thus depriving this

Court of subject matter jurisdiction. Plaintiffs' Fifth Amendment due process claims and claims with respect to the imposition of penalties also are not cognizable by this Court and may be dismissed for lack of subject matter jurisdiction independently of § 6532. Likewise, plaintiffs' Fifth Amendment takings clause claim fails to state a claim for which relief can be granted and may be dismissed independently under RCFC 12(b)(6).

## STATUTES AND REGULATIONS INVOLVED

The Tucker Act, 28 U.S.C. § 1491(a)(1), and Sections 6511, 6532(a), 6656(a), 6662(d)(2)(B), and 7422 of the Internal Revenue Code.

## QUESTIONS PRESENTED

(1) Do plaintiffs' suits lack subject matter jurisdiction because they were filed less than six months after they filed their refund claims, in violation of § 6532(a)(1)?

(2) Does the Court lack subject matter jurisdiction to consider plaintiffs' Fifth Amendment due process claims?

(3) Does the Court lack subject matter jurisdiction over plaintiffs' challenges to the imposition of penalties because they have failed to pay all assessed penalties as required by the full-payment rule?

(4) Do plaintiffs' Fifth Amendment takings clause claims fail to state a claim for which relief can be granted?

## STATEMENT

This consolidated refund suit is about Unico's employment tax liability (income tax withholding, FICA and FUTA taxes) for tax quarters ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001, and Mr. Potter's income tax liability for the 1998 tax year. The transaction at issue in this case is an instance of a type of transaction commonly referred to as an "Offshore Employee Leasing" or "OEL" arrangement. The IRS determined in Notice 2003-22, 1 C.B. 851 (2003) that "OEL" arrangements such as the one here are a tax avoidance transaction and a "listed transaction" for purposes of Treasury Regulations § 1.6011-4(b)(2) and § 301.6111-2(b)(2).[1] As this motion to dismiss is limited to jurisdictional issues, the following factual discussion focuses on the facts pertinent to jurisdiction, rather than those relating to the merits of plaintiffs' refund claims.[2]

Following examination of Mr. Potter's 1998 federal income tax return, the IRS issued a statutory notice of deficiency reflecting a deficiency in the amount of $496,227.00, and a penalty under Code § 6662(a) in the amount of $99,245.00. (*See*

---

[1]The effects of being a "listed transaction" are that every taxpayer who has participated in the "listed transaction" and who is required to file a tax return must attach a disclosure statement to the tax return next filed after the date the transaction is listed, and must retain a copy of all documents and other records relating to the "listed transaction" that are material to an understanding of the tax treatment or tax structure of the transaction. *See* Treas. Reg. §§ 1.6011-4(a), (d), (e), (g).

[2]For a more detailed (albeit preliminary) description of plaintiffs' refund claims, see the joint preliminary status report submitted by the parties on February 28, 2006, and the preliminary statement of facts submitted by the United States on March 30, 2006.

Exhibit 1.[3]) Among other adjustments, the statutory notice of deficiency included the unreported amounts attributable to the OEL arrangement in Mr. Potter's taxable income. Upon audit reconsideration, the deficiency and penalty for reasons unrelated to the OEL arrangement. (*See* Exhibit 2.) On March 16, 2005, and June 21, 2005, Mr. Potter paid the IRS a total of $354,500.00 to satisfy his 1998 income tax deficiency. (*See* Exhibit 3.) On June 20, 2005, Mr. Potter filed a claim for refund for his 1998 tax year and requested immediate disallowance of the claim. (*See* Exhibit 4.)

On April 7, 2004, Notices of Determination of Worker Classification were issued to Unico for the periods ending June 30, 2000, September 30, 2000, and December 31, 2000. (*See* Exhibit 5.) And, on March 23, 2005, Notices of Determination of Worker Classification were issued for September 30, 2001, among other periods. (*See* Exhibit 6.) The Notices determined that Mr. Potter was an employee of Unico and that Unico owed employment tax on the amounts Unico remitted to the entities Release Me and Fair Skys for Mr. Potter's services. The IRS determined deficiencies in Unico's employment taxes and imposed penalties for each of the tax periods. Unico paid the employment tax due for these periods, and then filed refund claims on or around July 20, 2005. (See Exhibits 7 through 10.) Unico did not pay the full amount of penalty assessed for the quarter ending September 30, 2001. (*See* Exhibit 10.)

---

[3]The referenced exhibits are attached to the Declaration of Jennifer P. Wilson, which is being filed along with the United States' motion to dismiss.

On August 22 and 24, 2005, the IRS issued notices of proposed claim disallowance (Letter 569) to Mr. Potter and Unico, respectively. (*See* Exhibits 15 and 16.) Mr. Potter and Unico both executed and sent Form 2297, Waiver of Statutory Notification of Claim Disallowance, and Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit, (collectively referred to here as "waiver forms") to the IRS in envelopes bearing postage meter marks that appear to be dated August 25, 2005. (*See* Exhibits 17 and 18.) The IRS issued notices of claim disallowance (Letter 906) to Unico and Mr. Potter on September 22 and 27, 2005, respectively. (*See* Exhibits 19 and 20.)

On August 3, 2005, plaintiffs filed refund suits in this Court (“Original Suits”), asserting four causes of action in each suit – two constitutional claims, a tax refund claim, and a claim related to assessed penalties. (Case Nos. 05-838 T and 05-837 T.) On August 30, 2005 Plaintiffs filed a new set of suits in this Court (“Second Set of Suits”), asserting the same tax refund and penalty-related claims asserted in the Original Suits, but not the two constitutional claims. (Case Nos. 05-954 T and 05-955 T.) On September 27, 2005, apparently agreeing with defendant that the Original Suits were prematurely filed pursuant to § 6532(a), plaintiffs filed notices of voluntary dismissal, and the Original Suits were dismissed without prejudice. On the same date, plaintiffs filed First Amended Complaints to amend the complaints in the Second Set of Suits to assert the two constitutional claims that were included in the Original Suits but not the Second Set of

Suits.

In sum, the Second Set of Suits now assert the following claims: Plaintiffs allege that the IRS assessed and collected income tax from them in violation of the Fifth Amendment Due Process Clause and the Fifth Amendment Takings Clause (Counts I and II in both complaints). In addition, Mr. Potter alleges that he is entitled to a refund of the income tax he has paid for tax year 1998 (Count III) and that penalties do not apply for this tax period (Count IV). Unico alleges that it is entitled to a refund of the employment tax, penalties, and interest it has paid (Count III), and that penalties do not apply (Count IV). Mr. Potter is seeking a judgment in the amount of $354,500, in addition to interest, attorneys' fees, costs, and a finding that the negligence penalty imposed by the IRS does not apply, while Unico is seeking a judgment in the amount of $297,571.20, in addition to interest, attorneys' fees, and costs.

The United States filed its Answers on November 30, 2005, and then filed First Amended Answers and Counterclaims on December 20, 2005.

## ARGUMENT

## I.

## THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS' SUITS WERE FILED PREMATURELY

The Tucker Act, 28 U.S.C. § 1491(a)(1), confers jurisdiction upon this Court to hear certain claims against the United States and waives sovereign immunity for those claims, but does not create a substantive right enforceable against the sovereign United

States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). In general, this Court has jurisdiction to adjudicate a tax dispute in the form of a refund action only where the plaintiff has satisfied the jurisdictional requirements of fully paying the disputed tax and submitting a timely claim for refund to the IRS. *See Flora v. United States*, 362 U.S. 145, 163 (1960); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993); 28 U.S.C. §§ 6511, 7422. In addition, a plaintiff seeking to bring a refund suit is required to comply with the timing limitations established by Section 6532(a)(1):

> (a)(1) No suit or proceeding under section 7422(a)[4] for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

(emphasis added.) The timing requirements established by § 6532(a)(1) are jurisdictional, rather than procedural, and are strictly construed. *See United States v. Brockamp*, 519

---

[4]Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuant thereof.

U.S. 347 (1997); *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). Accordingly, filing a suit out of time deprives this Court of subject matter jurisdiction. *Stelco Holding Co. v. United States*, 42 Fed. Cl. 101, 115-116 (1998).

Thus, if (1) plaintiffs filed their Second Set of Suits prior to the expiration of six months following the filing of their refund claims with the IRS, and (2) the IRS did not render a decision within that time, then this Court lacks subject matter jurisdiction over plaintiffs' Second Set of Suits.

In this case, Mr. Potter filed his refund claim with the IRS on June 20, 2005, and Unico filed its refund claims with the IRS on or around July 20, 2005. Plaintiffs' Original Suits were filed on August 3, 2005. Plaintiffs filed their Second Set of Suits in this Court on August 30, 2005, only 27 days later. Plaintiffs voluntarily dismissed their Original Suits, but have not done so as to their Second Set of Suits.

Nevertheless, there is no question that plaintiffs filed the Second Set of Suits prior to the expiration of six months after filing their refund claims with the IRS – indeed they waited only about two months. As a result, plaintiffs' August 30, 2005 Second Set of Suits were prematurely filed, and this Court lacks subject matter jurisdiction unless the IRS had by then "render[ed] a decision." § 6532(a)(1). The IRS did not do so.

Generally, the IRS issues a notice of disallowance (Form 905 or 906, or Letters 105C, 106C, 1363 (RO), or 1364 (RO)) to the taxpayer when it has made a final decision to disallow all or part of a taxpayer's refund claim. Indeed, in this case, the IRS did issue

notices of disallowance to plaintiffs on September 22, 2005, and September 27, 2005 (using Form 906). (Exhibits 19 and 20.) In the notices of disallowance, the IRS stated: "This letter is your legal notice that we have fully disallowed your claim." (*Id*.) The notices also advised plaintiffs that they could file suit in a United States District Court or the United States Court of Federal Claims within two years from the mailing date of the notice, and that filing a Form 2297, Waiver of Statutory Notification of Claim Disallowance, would commence the running of the period for bringing suit. (*Id*.)

Earlier, on August 22 and 24, 2005, the IRS issued proposed notices of disallowance (using Letter 569). (Exhibits 15 and 16.) In these preliminary notices, the IRS proposed full disallowance of plaintiffs' refund claims. (*Id*.) The notices advised of plaintiffs' rights before a final decision would be rendered:

> If you don't agree with our findings, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree with our findings, we recommend that you request a conference with our Appeals Office. If you request a conference, we will forward your request to the Appeals Office and they will contact you to schedule an appointment.

(*Id*.) The notices further advised plaintiffs that failure to respond within one month would result in the IRS processing the case "based on the adjustments shown in the enclosed examination report or the explanations given at the end of the letter." (*Id*.) Thus, unlike the final notices, the proposed notices of disallowance were no more than just that – proposals. They invited plaintiffs to engage in a dialogue with the IRS with respect to the refund claims plaintiffs filed in June and July, 2005.

The difference between a proposed and final notice of disallowance is important in assessing whether the IRS has "render[ed] a decision" within the meaning of § 6532(a)(1). A proposed notice of disallowance expresses the IRS's preliminary view of the taxpayer's refund claim, subject to further discussion, whereas a final notice unambiguously states that the IRS has rendered a decision and has disallowed the taxpayer's refund claim. Unlike the dialogue contemplated after a proposed notice, a final notice ends any administrative discussion and states that the period of limitation for filing a refund suit commences as of the date of mailing of the notice. Accordingly, the final notice – but not the proposed notice – clearly indicates that the IRS has "render[ed] a decision" as of a certain date.

Although the legislative history of § 6532(a)(1) does not shed light on Congress' purpose in enacting the six-month waiting period following the filing of a refund claim (S. REP. NO. 83-1622, at 588 (1954), *reprinted in* 1954 U.S.C.C.A.N. 4621, 5237-38), it is logical and reasonable to conclude that the purpose was to provide the IRS with a reasonable amount of time to consider a taxpayer's refund claim before a taxpayer commences suit. The required six-month waiting period serves the interest of judicial efficiency because there is no need for litigation if the IRS decides to allow a taxpayer's claim. Quite sensibly, Congress also provided that a taxpayer need not wait the full six months if the IRS "renders a decision" within that time. § 6532(a)(1). But, in order to further the purpose of the waiting period, there must be clarity that the IRS has, in fact,

made a final decision. Otherwise, there is a risk that litigation could be commenced before the IRS makes a decision within the window of time provided by Congress. As described above, a proposed notice of disallowance is not a decision, but only proposes one, and would not provide the clarity needed by the IRS, the taxpayer, and a court called upon to assess the timeliness of a refund suit. A final notice of disallowance, on the other hand, reflects the rendering of a decision and does provide the required clarity.

There may be instances in which the IRS "renders a decision" on a taxpayer's refund claim by means of a communication other than a notice of disallowance.[5] In *W&S Distributing, Inc. v. United States*, No. 95-CV-10158-BC, 1996 WL 636119 at *5-*7 (E.D. Mich. July 22, 1996), for example, the court concluded that an IRS agent's statement during a telephone conversation with the taxpayer's representative that the taxpayer's refund claim was disallowed on a certain date constituted a denial of the claim for purposes of § 6532(a)(1) under the particular circumstances of that case. Importantly, in the *W&S Distributing* case, the IRS clearly communicated to the taxpayer that it had made a final decision to disallow the taxpayer's refund claim prior to the filing of the refund suits – indeed, the court noted that the taxpayer "had no reason to think that the

[5]The ordinary meaning of the term "render" as it is used in § 6532(a)(1) is "to submit or present, for consideration or approval" or "to give or to make available." AMERICAN HERITAGE DICTIONARY 1046 (2d ed. 1982). As a result, the plain language of § 6532(a)(1) requires that the IRS's final decision on the refund claim be communicated to the taxpayer. If, for example, the IRS decided internally that a refund claim would be disallowed, but did not communicate that decision to the taxpayer, then the requirement that the IRS "render a decision" would not be satisfied.

government would relent and grant its claim for refund." *Id*. at *7. In this case, however, the proposed notices of disallowance issued by the IRS in August, 2005, communicated only a proposal; they did not communicate to plaintiffs that the IRS had made a final decision to disallow their claims.[6] As a result, the IRS did not "render a decision" prior to the date plaintiffs filed their Second Set of Suits in this Court. In fact, the IRS "rendered its decision" in the final notices of disallowance that were issued on September 22 and 27, 2005, nearly 30 days after plaintiffs on August 30, 2005, filed their Second Set of Suits. Accordingly, plaintiffs' Second Set of Suits were filed prematurely in violation of § 6532(a)(1), depriving this Court of subject matter jurisdiction.[7]

---

[6]In contrast, in *Register Publishing Co. v. United States*, 189 F. Supp. 626, 628-29 (D. Conn. 1960), the court found that the documents sent to the taxpayer by the IRS, including a "thirty-day letter" and a revenue agent's report, "constituted a decision disallowing the taxpayer's claim for refund." The court disregarded the fact that the agent's report "merely 'recommend[ed]' disallowance of the taxpayer's claims" and made "Proposed Adjustments," because it found that the communication from the IRS to the taxpayer "consisted of a reassertion that both [refund] refund claims were disallowed." *Id*. at 629. The August, 2005 proposed notices of disallowance in this case are different than the IRS's communication in *Register* because they did not constitute an assertion – much less a reassertion – that plaintiffs' refund claims had been finally disallowed.

[7]The earliest dates on which Unico and Mr. Potter could have properly filed suit were September 22, 2005, and September 27, 2005, respectively – the dates when the IRS issued the final notices of claim disallowance. However, the fact that the suits could have been timely filed in September, 2005, does not cure the jurisdictional defect caused by the premature filing of the Second Complaints on August 30, 2005. *See Newman-Green, inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."); *National Presto Industries, Inc. v. Dazey Corp.*, 107 F.3d 1576, 1582 (Fed. Cir. 1997) (same). Likewise, plaintiffs' filing of amended complaints in September, 2005, pursuant to RCFC 15, did not cure the jurisdictional defect because the Second Complaints were filed in violation of the § 6532(a)(1) six-month waiting period. *See Black v. Secretary of Health

Finally, we observe that it may be tempting – though incorrect – to conclude that plaintiffs' delivery of signed waiver forms to the IRS in August, 2005 (Exhibits 19 and 20), prior to filing their refund suits, satisfied the timing requirements of § 6532(a)(1). This temptation must be resisted because § 6532(a) and the Treasury Regulation addressing this section make very clear that the delivery of such waiver forms has no impact on the issue of whether plaintiffs filed their refund suits prematurely. Instead, plaintiffs' delivery of the waiver forms to the IRS had the sole effect of commencing the running of the two-year statute of limitations. *See* § 6532(a)(3) ("If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period described in paragraph (1) shall begin on the date such waiver is filed."). Treasury Regulation § 301.6532-1(c) provides further clarification that the delivery of a waiver of the requirement of a notice of disallowance does not (as an isolated act) permit the filing of a suit for refund prior to the expiration of the six-month waiting period specified in § 6532(a)(1). *See also* I.R.M. 4.10.8.8.4 ("Thus, Form 2297 [Waiver of Statutory Notification of Claim Disallowance] accomplishes the same purpose as a notice of the disallowance of a claim by certified or registered mail, except that it does not affect the six-month waiting period required by § 6532(a) before filing a refund suit.") (emphasis added).[8]

---

*and Human Services*, 93 F.3d 781, 790-91 (Fed. Cir. 1996).

[8]Plaintiffs' requests for immediate refund claim disallowance (made when filing their refund claims in June and July, 2005) likewise do not impact the § 6532(a)(1)

## II.

## THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' FIFTH AMENDMENT DUE PROCESS CLAIMS

As stated above, this Court's subject matter jurisdiction is conferred by the Tucker Act, 28 U.S.C. § 1491(a)(1). The Tucker Act, however, "does not create a substantive right enforceable against the United States for money damages." *Testan*, 424 U.S. at 398. In order "to come within the jurisdictional reach and the waiver [of sovereign immunity] of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages" – *i.e.* a source that is "money-mandating." *Fisher*, 402 F.3d at 1172; *Khan v. United States*, 201 F.3d 1375, 1378 (Fed. Cir. 2000). If a plaintiff identifies a source of substantive law that is not money-mandating, the Court lacks subject matter jurisdiction over the claim. *Fisher*, 402 F.3d at 1173.

Count I of both First Amended Complaints asserts a claim under the Fifth Amendment due process clause, stating:

> Defendant's forced collection of taxes that were assessed in violation of the separation of powers and the ex-post facto prohibitions of the Constitution constitutes an illegal exaction of monies in violation of the Fifth Amendment of the United States Constitution (the Due

---

analysis. The IRS initially responded to plaintiffs' requests with proposed notices of disallowance in August, 2005, and then, in September, 2005, issued final notices of disallowance. Thus, although plaintiffs clearly requested immediate refund claim disallowance, the IRS did not "render a decision" on those claims until September, 2005 – after plaintiffs' Second Set of Suits were filed.

> Process Clause) which provides that "No person shall . . . be deprived of life, liberty or property, without the due process of law. . . ."

(Mr. Potter's First Amended Complaint, ¶ 35; Unico's First Amended Complaint, ¶ 40.) Plaintiffs assert that this Court has jurisdiction over this claim under the Tucker Act. (Mr. Potter's First Amended Complaint, ¶ 3; Unico's First Amended Complaint, ¶ 3.) Plaintiffs' assertion of jurisdiction is incorrect.

It is well-settled that this Court lacks subject matter jurisdiction over Fifth Amendment Due Process claims because the Fifth Amendment's due process clause does not require the payment of money damages for its violation - *i.e.* is not "money-mandating." *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Murray v. United States*, 817 F.2d 1580,1583 (Fed. Cir. 1987); *Inupiat Community of the Arctic Slope v. United States*, 230 Ct. Cl. 647, 680 (1982), *cert. denied*, 459 U.S. 969 (1982). Because plaintiffs' Fifth Amendment due process claims do not have a "money-mandating" substantive source, they must be dismissed for lack of jurisdiction pursuant to RCFC 12(b)(1).

## III.

## THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS FOR REFUND OF ASSESSED PENALTIES BECAUSE THEY HAVE NOT BEEN PAID IN FULL

As stated above, this Court has jurisdiction to adjudicate a tax dispute in the form of a refund action <u>only</u> where the plaintiff has satisfied the jurisdictional requirements of fully paying the disputed tax and submitting a timely claim for refund to the IRS. *See*

*Flora v. United States*, 362 U.S. 145, 163 (1960); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993); 28 U.S.C. §§ 6511, 7422. As a general matter, this Court has jurisdiction to hear a tax refund suit so long as the taxpayer "prepays the full tax assessed, exclusive of interest and penalties." *Shore*, 9 F.3d at 1527. If, however, the taxpayer "asserts a claim over assessed interest or penalties on grounds not fully determined by the claim for recovery of principal" he or she must "prepay such interest and penalties as well as the assessed tax principal." *Id*. at 1527-28.

Both plaintiffs have paid in full the assessed tax at issue in this refund litigation. However, Mr. Potter has not paid any portion of the $185,119.42 in penalty and interest assessed against him for the 1998 tax period, and Unico has not paid any portion of the $1,897.29 in penalty and interest assessed against it for the tax period ending September 30, 2001. (*See* Exhibits 3 and 10.) A penalty was imposed against Mr. Potter pursuant to § 6662(a) and against Unico pursuant to § 6662(a) and § 6656. The § 6662 penalty is an accuracy-related penalty that applies to "any portion of an underpayment of tax required to be shown on a return," whereas the § 6656 penalty applies when a person fails to deposit the required amount of employment tax on the date prescribed. There are defenses available to a taxpayer against whom these penalties are imposed, including reasonable cause, substantial authority, adequate disclosure, or a reasonable basis for the reporting position. *See* §§ 6656(a), 6662(d)(2)(B).

In Count IV of their First Amended Complaints, Mr. Potter and Unico assert that,

if this Court concludes that they are not entitled to tax refunds, the penalties imposed by the IRS should not apply because 1) "the plain language of the statutes and published case law supports the return reporting position"; and 2) they "relied upon the advice of competent accountants and attorneys," and, therefore, satisfy the reasonable cause exception to the application of penalties. (Mr. Potter's First Amended Complaint, ¶¶ 46-48; Unico's First Amended Complaint ¶¶ 50-52.) Plaintiffs' penalty claims will not be fully determined by their tax refund claims because the penalty claims raise a distinct factual and legal issue – whether plaintiffs have established a defense to the imposition of penalties. As a result, plaintiffs' failure to prepay the full amount of the assessed penalties deprives this Court of subject matter jurisdiction over plaintiffs' penalty claims (Count IV in both First Amended Complaints), and those claims should be dismissed pursuant to RCFC 12(b)(1).

## IV.

## PLAINTIFFS' TAKINGS CLAUSE CLAIMS FAIL TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Count II of both First Amended Complaints asserts a claim under the Fifth Amendment takings clause, stating:

> Defendant's forced collection of taxes that were assessed in violation of the separation of powers and the ex-post facto prohibitions of the Constitution constitute an illegal taking of private property for public use in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

(Mr. Potter's First Amended Complaint, ¶ 37; Unico's First Amended Complaint, ¶ 42.)

Plaintiffs correctly assert that this Court has jurisdiction over a Fifth Amendment takings clause claim. (Mr. Potter's First Amended Complaint, ¶ 3; Unico's First Amended Complaint, ¶ 3.) *See Gadd v. United States*, 55 Fed. Cl. 438, 445 (2003). However, as discussed below, plaintiffs have failed to state a claim for which relief can be granted because imposition and collection of taxes can not constitute a "taking."

In order to recover under the Fifth Amendment takings clause, a plaintiff must demonstrate that "the government took his property and either failed to compensate him justly or failed to put the property to public use." *Murray*, 817 F.2d at 1583. It is well-settled that the imposition and collection of tax is "not 'the taking of private property for public use in the sense of the constitution'." *Demes v. United States*, 52 Fed. Cl. 365, (2002) (quoting *County of Mobile v. Kimball*, 102 U.S. 691, 703 (1880)); *see also United States Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002); *Branch ex rel. Maine Nat'l Bank v. United States*, 69 F.3d 1571, 1576-77 (Fed. Cir. 1995); *Skillo v. United States*, 68 Fed. Cl. 734, 743 (2005). The "taking" alleged by plaintiffs is the IRS's collection of taxes. (Mr. Potter's First Amended Complaint, ¶ 37; Unico's First Amended Complaint, ¶ 42.) Thus, the government's lawful exercise of its power to collect taxes does not give rise to a claim under the Fifth Amendment takings clause, and plaintiffs' takings claims must be dismissed pursuant to RCFC 12(b)(6).

## CONCLUSION

The United States requests that this Court dismiss plaintiffs' complaints without prejudice pursuant to RCFC 12(b)(1) and enter judgment for the United States because plaintiffs' complaints were filed prematurely in violation of § 6532(a)(1), thus depriving this Court of subject matter jurisdiction. Even if the Court determines that plaintiffs' complaints were not filed prematurely, the United States requests that the Court dismiss plaintiffs' Fifth Amendment due process claims and penalty claims for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), and dismiss plaintiffs' Fifth Amendment takings clause claims for failure to state a claim for which relief can be granted pursuant to RCFC 12(b)(6).

Respectfully submitted,

s/Jennifer P. Wilson

JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440
jennifer.p.wilson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

April 28, 2006

## APPENDIX A

**Internal Revenue Code of 1986 (26 U.S.C.):**

**§ 6511. LIMITATIONS ON CREDIT OR REFUND.**

(a) PERIOD OF LIMITATION ON FILING CLAIM.–Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

**§ 6532. PERIODS OF LIMITATION ON SUITS.**

(a) SUITS BY TAXPAYERS FOR REFUND.–

(1) GENERAL RULE.–No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

. . . .

(3) WAIVER OF NOTICE OF DISALLOWANCE.–If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

**§ 6656. FAILURE TO MAKE DEPOSIT OF TAXES.**

(a) UNDERPAYMENT OF DEPOSITS.–In the case of any failure by any person to deposit (as required by this title or by regulations of the Secretary under this title) on the date prescribed therefor any amount of tax imposed by this title in such government depository as is authorized under section 6302(c) to receive such deposit, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be imposed upon such person a penalty equal to the applicable percentage of the amount of the underpayment.

**§ 6662. IMPOSITION OF ACCURACY-RELATED PENALTY ON UNDERPAYMENTS.**

. . . .

(d) SUBSTANTIAL UNDERSTATEMENT OF INCOME TAX.–

. . . .

(2) UNDERSTATEMENT.–

. . . .

(B) REDUCTION FOR UNDERSTATEMENT DUE TO POSITION OF TAXPAYER OR DISCLOSED ITEM.–The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to–

(i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such tax treatment, or

(ii) any item if–

(I) the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return, and

(II) there is a reasonable basis for the tax treatment of such item by the taxpayer.

For purposes of clause (ii)(II), in no event shall a corporation be treated as having a reasonable basis for its tax treatment of an item attributable to a multiple-party financing transaction if such treatment does not clearly reflect the income of the corporation.

**§ 7422. CIVIL ACTIONS FOR REFUND.**

(a) NO SUIT PRIOR TO FILING CLAIM FOR REFUND.–No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuant thereof.