Form **1040X** (Rev. November 2004)

Department of the Treasury—Internal Revenue Service

## Amended U.S. Individual Income Tax Return

► See separate instructions.

OMB No. 1545-0091

This return is for calendar year ► **1998** , or fiscal year ended ►

*INTERNAL REVENUE SERVICE SB/SE COMPLIANCE*
*JUN 27 2005*
*AREA 13*
*SAN FRANCISCO, CA*

Please print or type:

Your first name and initial: **D. GORDON**   Last name: **POTTER**

Your social security number: ▓▓▓▓▓

If a joint return, spouse's first name and initial:   Last name:

Spouse's social security number: ▓▓▓▓▓

Home address (no. and street) or P.O. box if mail is not delivered to your home: **P.O. BOX 887**

Apt. no.:   Phone number ( )

City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. **BENICIA, CA 94510**

For Paperwork Reduction Act Notice, see page 6.

**A** If the name or address shown above is different from that shown on the original return, check here . . . . . ► ☐

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? ► ☑ Yes ☐ No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ► ☐ Single  ☐ Married filing jointly  ☑ Married filing separately  ☐ Head of household  ☐ Qualifying widow(er)

On this return ► ☐ Single  ☐ Married filing jointly  ☑ Married filing separately  ☐ Head of household*  ☐ Qualifying widow(er)

\* If the qualifying person is a child but not your dependent, see page 2.

Use Part II on the back to explain any changes

| | | A. Original amount or as previously adjusted (see page 3) | B. Net change—amount of increase or (decrease)—explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2–6)** | | | | |
| **1** | Adjusted gross income (see page 3) . . . . . . . | 1 | 1,184,723 | (868,208) | 316,515 |
| **2** | Itemized deductions or standard deduction (see page 3). . | 2 | 48,981 | 35,023 | 84,004 |
| **3** | Subtract line 2 from line 1 . . . . . . . . . . | 3 | 1,135,742 | 903,231 | 232,511 |
| **4** | Exemptions. If changing, fill in Parts I and II on the back | 4 | 0 | 0 | 0 |
| **5** | Taxable income. Subtract line 4 from line 3 . . . . | 5 | 1,135,742 | 903,231 | 232,511 |
| **6** | Tax (see page 4). Method used in col. C **SCHEDULE D** | 6 | 431,256 | (363,086) | 73,577 |
| **7** | Credits (see page 4) . . . . . . . . . . . | 7 | 0 | 0 | 0 |
| **8** | Subtract line 7 from line 6. Enter the result but not less than zero . | 8 | 431,256 | (363,086) | 73,577 |
| **9** | Other taxes (see page 4) . . . . . . . . . . | 9 | 0 | 0 | 0 |
| **10** | Total tax. Add lines 8 and 9 . . . . . . . . . | 10 | 431,256 | (363,086) | 73,577 |
| **11** | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 . . . . | 11 | 72,043 | 0 | 72,043 |
| **12** | Estimated tax payments, including amount applied from prior year's return . . . . . . . . . . . . . | 12 | 0 | 0 | 0 |
| **13** | Earned income credit (EIC) . . . . . . . . . | 13 | 0 | 0 | 0 |
| **14** | Additional child tax credit from Form 8812 . . . . . | 14 | 0 | 0 | 0 |
| **15** | Credits from Form 2439, Form 4136, or Form 8885 . . | 15 | 0 | 0 | 0 |
| **16** | Amount paid with request for extension of time to file (see page 5) | | | 16 | 5,800 |
| **17** | Amount of tax paid with original return plus additional tax paid after it was filed . . . | | | 17 | 354,500 |
| **18** | Total payments. Add lines 11 through 17 in column C . . . . . . . . . . | | | 18 | 432,343 |
| **Refund or Amount You Owe** | | | | |
| **19** | Overpayment, if any, as shown on original return or as previously adjusted by the IRS . . . | | | 19 | 712 |
| **20** | Subtract line 19 from line 18 (see page 5) . . . . . . . . . . . . . . | | | 20 | 431,631 |
| **21** | **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 ► | | | 21 | 0 |
| **22** | If line 10, column C, is less than line 20, enter the difference . . . . . . . . . | | | 22 | 431,631 |
| **23** | Amount of line 22 you want **refunded to you** . . . . . . . . . . . ► | | | 23 | 431,631 |
| **24** | Amount of line 22 you want **applied to your** estimated tax ► | 24 | | | |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Joint return? See page 2. Keep a copy for your records.

Your signature: *Gordon Potter*   Date: 6/20/05

Spouse's signature. If a joint return, both must sign.   Date:

**Paid Preparer's Use Only**

Preparer's signature ► *Robert J. Stientjes*   Date: 6/20/05   Check if self-employed ☐   Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ► **GASAWAY & STIENTJES LLP, 41 S. OLD ORCHARD AVE., STE B, ST. LOUIS, MO 63119**

EIN 20:2907355   Phone no. ( 314 ) 961-3812

Cat. No. 11360L    Form **1040X** (Rev. 11-2004)



EXHIBIT
4
30
PENGAD·Bayonne, N.J.

Form 1040X (Rev. 11-2004)                                                                                                           Page **2**

| Part I | Exemptions. See Form 1040 or 1040A instructions. | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| | If you are **not changing your exemptions**, do not complete this part. If claiming **more exemptions**, complete lines 25–31. If claiming **fewer exemptions**, complete lines 25–30. | | | | |
| 25 | Yourself and spouse . . . . . . . . . . . .  **Caution.** If someone can claim you as a dependent, you cannot claim an exemption for yourself. | **25** | | | |
| 26 | Your dependent children who lived with you . . . . . . . | **26** | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . | **27** | | | |
| 28 | Other dependents. . . . . . . . . . . . . . . . | **28** | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . | **29** | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2004 | $3,100 | $107,025 |
| 2003 | 3,050 | 104,625 |
| 2002 | 3,000 | 103,000 |
| 2001 | 2,900 | 99,725 |

| | | | | | **30** | | |

**31**   Dependents (children and other) not claimed on original (or adjusted) return:

| (a)  First name          Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ If qualifying child for child tax credit (see page 5) | No. of children on 31 who: |
|---|---|---|---|---|
| | | | ☐ | ● lived with you . . ▶ ☐ |
| | | | ☐ | ● did not live with you due to divorce or separation (see page 5) . . ▶ ☐ |
| | | | ☐ | |
| | | | ☐ | Dependents on 31 not entered above ▶ ☐ |
| | | | ☐ | |

| Part II | Explanation of Changes to Income, Deductions, and Credits |
|---|---|

Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here. . . . . . ▶ ☐

SEE ATTACHED RIDER

_____

_____

_____

_____

_____

_____

| Part III | Presidential Election Campaign Fund. Checking below will not increase your tax or reduce your refund. |
|---|---|

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . ▶ ☐

Form **1040X** (Rev. 11-2004)

*31*

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Service Co., Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Service Co. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Service Co., D. Gordon Potter worked on multiple business projects in conjunction with Unico Replacement Parts, Inc. and Unico Industrial Services, Inc., companies related to Unico Service Co.

Unico Service Co. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable in income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the transaction as a direct employer-employee relationship between D. Gordon Potter and Unico Industrial Services, Inc. and Unico Replacement Parts, Inc. Thus, the Commissioner alleges that D. Gordon Potter must recognize as income during the year at

issue, the full amount of payments from Unico Industrial Services, Inc. and Unico
Replacement Parts, Inc. to the unrelated employee leasing company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should
be disregarded and re-written is in direct conflict with relevant case law. In Coltec
Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar
arrangement was valid, in which a company transferred contingent liabilities associated
with asbestos claims against a subsidiary to an entity the company created and then sold
at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory
requirements established by Congress, as Coltec did in this case, the use of the 'economic
substance' doctrine to trump 'mere compliance with the code' would violate the
separation of powers...." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94
(D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements
set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the
economic substance doctrine does not apply, and the transaction set forth above must be
respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that D. Gordon Potter is not entitled to a refund of the tax in
the case at hand, penalties do not apply in this case. Where a taxpayer takes a position
that has a reasonable basis in law and fact, neither the negligence penalty nor the
substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg.
§ 1.6662-3(b)(3), a return position is reasonable where based on one or more of the
authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain
language of the statutes and published case law supports the return position of
D. Gordon Potter. The issues in this case represent a previously untested, complicated
area of the tax law that is subject to multiple reasonable interpretations. Therefore, no
penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may
relieve taxpayers from liability from penalties even if the return position does not satisfy
the reasonable basis standard. Reasonable cause is established when a taxpayer shows
that he reasonably relied on the advice of an accountant or attorney. United States v.
Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of
competent accountants and attorneys, and, therefore, satisfies the reasonable cause
exception.

Taxpayer is also entitled to additional deductions for real estate taxes paid during the year
at issue.

For the above stated reasons, taxpayer respectfully requests that the Commissioner grant
him a refund of taxes paid during the year at issue and reverse the assessment of penalties
and interest.

Rider to Form 1040X                                              D. Gordon Potter

## REQUEST FOR IMMEDIATE REFUND CLAIM DISALLOWANCE

Pursuant to I.R.M. 4512(2)(g)(Jan. 30, 1987), taxpayer D. Gordon Potter respectfully requests that the Commissioner immediately disallow this refund claim without administrative consideration. *See* I.R. 1600 (Apr. 26, 1976), 9 Stand. Fed. Tax Rep. (CCH) ¶ 6609 (1976).

In support of this Request for Refund Claim Disallowance, taxpayer submits that the merits of this refund claim have previously been the subject of an administrative examination. Re-evaluation by the Commissioner of this refund claim would be fruitless and serve only to delay commencement of a refund suit by taxpayer.

This Request for Refund Claim Disallowance is for the taxable year 1998 of taxpayer for federal income tax. The amount of this refund claim is equal to $430,544.

Taxpayer agrees that the Commissioner's granting of this Request for Refund Claim Disallowance and issuance of a Certified Notice of Claim Disallowance will commence the running of the two-year period of limitations for filing a refund suit pursuant to Proc. & Admin. Reg. § 301.6532-1(c).

WHEREFORE, taxpayer respectfully requests that the Commissioner immediately issue a Certified Notice of Claim Disallowance on an expedited basis disallowing the full amount, $430,544, of this refund claim.

D. Gordon Potter, Taxpayer

94

Internal Revenue Service

**FILE COPY**

Department of the Treasury

Internal Revenue Service
1301 Clay Street, 895S
Oakland, CA 94612

Date: **APR 0 7 2004**

IRS Contact Person
Name:

**Leonard Antonio**
Telephone Number:

**(510) 637-2590**
Identification Number:

**94-09515**
Location Symbols:

Unico Services, Inc., aka
Unico Service Co. Inc.; aka
Unico Services Co., Inc.; fka
Unico Replacement Parts Inc.
P. O. Box 887
Benicia, CA 94510-0887

Last Day to File a Petition With the
United States Tax Court:
**JUL 0 6 2004**
Taxpayer Identification Number:

95-2885601

## NOTICE OF DETERMINATION OF
## WORKER CLASSIFICATION

Dear Taxpayer,

This letter is your Notice of Determination of Worker Classification ("Notice"), as required by law, to notify you (before assessment) that we have determined that you owe additional employment tax, additions to tax, and/or penalties for the tax periods identified below.

We have made three determinations:

    • we have determined that for purposes of federal employment taxes, the individual(s) described or listed in Table 1 below are to be legally classified as employees for the tax periods indicated;

    • we have determined that with respect to such individual(s) you are not entitled to relief from employment tax under the treatment described in section 530(a) of the Revenue Act of 1978; and

    • we have determined that for the tax periods indicated, you owe additional employment tax, additions to tax, and/or penalties in the amounts set forth in Table 2 following the list of reclassified individuals. (Please be aware that the figures on Table 2 do not include the interest that is required by law to be imposed on underpayments of tax.)



EXHIBIT

5

35

**Letter 3523 (1-2002)**
Catalog Number 33170R

For the tax periods indicated, we determined that the following individual(s) are to be legally classified as your employees:

## TABLE 1

Individuals                                                          Tax Periods

| | Year | 1st Quarter | 2nd Quarter | 3rd Quarter | 4th Quarter | Calendar Year |
|---|---|---|---|---|---|---|
| Dean Gordon Potter | 2000 | 0 | 200,000.00 | 200,000.00 | 132,000.00 | 532,000.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

[2]

36

Letter 3523 (1-2002)
Catalog Number: 33170R

Table 2 indicates the proper amount of employment tax, additions to tax, and/or penalties that arises from the classification of the above-listed individuals as employees. Please note that these figures do not include the interest that accrues on the underpayment of tax.

## TABLE 2
### Tax Period Ending

| Year | Type of Tax | March 31 | June 30 | Sept. 30 | Dec. 31 | TOTAL |
|---|---|---|---|---|---|---|
| 2000 | Old Age, Survivor, Disability Insurance | $   0 | $   9,448.80 | $ | $ | $   9,448.80 |
| 2000 | Hospital Insurance | 0 | $   5,800.00 | $   5,800.00 | $   3,828.00 | 15,428.00 |
| 2000 | Income Tax Withholding | 0 | $   56,000.00 | $   56,000.00 | $   36,960.00 | $   148,960.00 |
|  | Federal Unemployment Tax Act | 0 |  |  |  |  |
| 2000 | Addition to Tax I.R.C. § 6656 | 0 | $   762.44 | $   290.00 | $   191.40 | $   1,243.84 |
| 2000 | Addition to Tax I.R.C. § 6662(a) | 0 | $   14,249.76 | $   12,360.00 | $   8,157.60 | 34,767.36 |
|  | Penalty I.R.C. § |  |  |  |  |  |
| 2000 | **TOTAL** | 0 | $   86,261.00 | $   74,450.00 | $   49,137.00 | 209,848.00 |
|  |  |  |  |  |  |  |
|  | Old Age, Survivor, Disability Insurance |  |  |  |  |  |
|  | Hospital Insurance |  |  |  |  |  |
|  | Income Tax Withholding |  |  |  |  |  |
|  | Federal Unemployment Tax Act |  |  |  |  |  |
|  | Addition to Tax I.R.C. § |  |  |  |  |  |
|  | Addition to Tax I.R.C. § |  |  |  |  |  |
|  | Penalty I.R.C. § |  |  |  |  |  |
|  | **TOTAL** |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  | Old Age, Survivor, Disability Insurance |  |  |  |  |  |
|  | Hospital Insurance |  |  |  |  |  |
|  | Income Tax Withholding |  |  |  |  |  |
|  | Federal Unemployment Tax Act |  |  |  |  |  |
|  | Addition to Tax I.R.C. § |  |  |  |  |  |
|  | Addition to Tax I.R.C. § |  |  |  |  |  |
|  | Penalty I.R.C. § |  |  |  |  |  |
|  | **TOTAL** |  |  |  |  |  |

[ 3 ]

37

If you want to contest any or all of our three determinations in the United States Tax Court, you must file a petition with the United States Tax Court by the date indicated on the first page of this letter as the "Last Day to File a Petition With the United States Tax Court." You may mail the petition to the Tax Court (and/or write to the court with questions about the Tax Court proceedings) at the following address:

> United States Tax Court
> 400 Second Street, N.W.
> Washington, DC 20217

The time you have to file a petition with the Tax Court (that is, before the 91st day after the letter is mailed) is set by law and cannot be extended or suspended. Therefore, contacting the Internal Revenue Service (IRS) or contacting the Tax Court for more information, or receiving other correspondence from the IRS, will not change the period for filing a petition with the Tax Court.

We have enclosed several documents with this Notice of Determination of Worker Classification. Forms 4666, 4667, and/or 4668 provide details on how we calculated the amount of your additional employment tax liability. Form 2504-WC is a waiver form that you may use if you decide not to file a petition in the Tax Court. Sending us a signed Form 2504-WC gives us permission to assess the proposed amounts quickly and can help limit the accumulation of interest. Publication 3953, "Questions & Answers About Tax Court Proceedings for Determination of Employment Status Under I.R.C. § 7436" provides details about this Notice and the Tax Court proceedings.

If you have any questions about this letter, you may write to the person whose name and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records.

If you prefer, you may call the IRS contact person at the telephone number on the front page of this letter. If this number is outside your local calling area, there will be a long distance charge to you. You may call the IRS telephone number listed in your local directory. An IRS employee there may be able to help you, but the contact person at our address shown on this letter is most familiar with your case.

You also have the right to contact a Taxpayer Advocate. If you believe that your tax matter is not being resolved through established IRS procedures or you are suffering or about to suffer a significant hardship, a Taxpayer Advocate may assist you in getting your tax matter addressed in a prompt and proper manner. A Taxpayer Advocate, however, does not have the ability to reverse legally correct tax determinations, extend the time fixed by law for filing a petition in the United States Tax Court, or act as a substitute for established IRS procedures, such as the formal appeals process. If you would like to contact a Taxpayer Advocate for assistance, please refer to section 12 of the enclosed Publication 3953 for the address and telephone number of your local Taxpayer Advocate.

[4]

38

Letter 3523 (1-2002)
Catalog Number: 33170R

Thank you for your cooperation.

Sincerely,

Mark W. Everson

Commissioner
By

Emmett Hannifin
Technical Services Territory Manager

Enclosures:
Form 2504-WC Agreement to Assessment and Collection of Additional Tax and Acceptance of
 Overassessment in Worker Classification Cases
Form 4666 Summary of Employment Tax Examination
Form 4667 Examination Changes - Federal Unemployment Tax
Form 4668 Employment Tax Examination Changes Report
Publication 3953 Question and Answers About Tax Court Proceedings for Determination of
 Employment Status Under I.R.C.§ 7436

**Letter 3523 (1-2002)**
Catalog Number: 33170R

Page _____ of _____ pages

| Form 4668 | Department of the Treasury — Internal Revenue Service EMPLOYMENT TAX EXAMINATION CHANGES REPORT | Return form number 941 |

| Name and address of employer | Employer identification number | Calendar year |
|---|---|---|
| Unico Services, Inc., aka Unico Service Co. Inc.; aka Unico Services Co., Inc.; fka Unico Replacement Parts Inc. P.O. Box 887 Benicia, CA 94510-0887 | 95-2885601 | 2000 |

| | Total tax plus penalty, or (decrease) in tax | Last quarter of this examination |
|---|---|---|
| | $ 209,848.00 | 12/31/00 |

Examination discussed with (name and title)      ( ) Agreed (Subject to acceptance by the Area Director)
                                                 (X) Unagreed

| | IRS Ref. | (a) Applicable Rate | (b) 1st Quarter | (c) 2nd Quarter | (d) 3rd Quarter | (e) 4th Quarter |
|---|---|---|---|---|---|---|
| 1. Social security and Medicare wage adjustment subject to tax under IRC 3101 and 3111 | 004 073 | 12.400% 2.900% | 0.00 0.00 | 76,200.00 200,000.00 | 200,000.00 | 132,000.00 |
| 2. Social security and Medicare wage adjustment subject to tax under IRC 3509(a) | 079 073 | | | | | |
| 3. Social security and Medicare wage adjustment subject to tax under IRC 3509(b) | 079 073 | | | | | |
| 4. Social security and Medicare tip adjustment subject to tax under IRC 3101 and 3111 | 005 073 | | | | | |
| 5. Income tax withholding wage adjustment subject to tax under IRC 3402 | | 28.000% | 0.00 | 200,000.00 | 200,000.00 | 132,000.00 |
| 6. Income tax withholding wage adjustment subject to tax under IRC 3509 | | | | | | |
| 7. Payments subject to backup withholding under IRC 3406 | | | | | | |
| 8. Adjustment to social security and Medicare tax | 185 | | | | | |
| 9. Adjustment to income tax withholding | 184 | | | | | |
| 10. Total social security and Medicare tax (Lines 1,2,3,4 x rates) plus/minus Line 8 | 007 | | 0.00 | 15,248.80 | 5,800.00 | 3,828.00 |
| 11. Total income tax withholding (Lines 5,6 x rates) plus/minus Line 9 | 003 | | 0.00 | 56,000.00 | 56,000.00 | 36,960.00 |
| 12. Total backup withholding (Line 7 x rate) | 008 | | | | | |
| 13. Delinquent tax or increase (decrease) in tax (Lines 10, 11 and 12) | | | 0.00 | 71,248.80 | 61,800.00 | 40,788.00 |
| 14. Penalty code section 6651 | | | | | | |
| 15. Penalty code section 6656  TC 180 | | | | 762.44 | 290.00 | 191.40 |
| 16. Penalty code section 6662  Ref 680 | | | | 14,249.76 | 12,360.00 | 8,157.60 |
| 17. Maximum tax available for abatement under IRC 3402(d) | | | | 56,000.00 | 56,000.00 | 36,960.00 |

Under IRC sections 6051 and 6071 and the regulations under those sections, you are required to furnish Form W-2c (Statement of Corrected Income and Tax Amounts) on or before the last day of January _____ to each of the 1 employees whose wages were adjusted by this report. Also, you are required to file the original of these statements with Form W-3c (Transmittal of Corrected Income and Tax Statements) by the last day of February _____. IRC 6721 and 6722 provide penalties for failure to file and failure to furnish these statements by the required dates. Please file these statements with:

        Internal Revenue Service
        1301 Clay Street, Ste. 990S
        Attn: Edward Tillotson

        Oakland, CA 94612

| Examiner's signature  *Edward Tillotson* | Group No. | District | Date |
|---|---|---|---|
| Edward Tillotson 94-06682 | 1375 | Northern California | 3/18/2004 |

UNICO     Seq 1     A

40

Filename: UNKC3    Year: 2000    03/18/04    Page

| NAME | SSN | BATCH | CHECK DATE | AMOUNT | CHECK NO. | COMMENTS |
|------|-----|-------|-----------|--------|-----------|----------|
| Potter, Dean Gordon | | A | 03/20/00 | 0.00 | | |
| Potter, Dean Gordon | | A | 05/22/00 | 200,000.00 | | |
| Potter, Dean Gordon | | A | 07/03/00 | 200,000.00 | | |
| Potter, Dean Gordon | | A | 12/14/00 | 132,000.00 | | |
| | | Total Amount $ | | 532,000.00 | | |

41

Form 2504-WC

Department of the Treasury — Internal Revenue Service
AGREEMENT TO ASSESSMENT AND COLLECTION OF ADDITIONAL TAX AND
ACCEPTANCE OF OVERASSESSMENT IN WORKER CLASSIFICATION CASES
(Employment Tax)

Date received by Internal Revenue Service

Name, SSN or EIN, and address of taxpayer(s) (Number, street, city or town, state, zip code)

Unico Services, Inc.,aka Unico Service Co. Inc.; aka   95-2885601
Unico Services Co., Inc.; fka Unico Replacement Parts Inc.
P.O. Box 887
Benicia, CA  94510-0887
C0

## Additional Tax and Penalties

| Tax Period Ended | Return Form Number | Kind of Tax and Internal Revenue Code Section | Amount of Tax | Penalty |
|---|---|---|---|---|
| 03/31/00 - 12/31/00 | 941 | FICA and income tax withholding: Sec. 3101 3111 3402 | 173,836.80 | 36,011.20 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Total | 173,836.80 | 36,011.20 |

## Decrease in Tax and Penalties

| Tax Period Ended | Return Form Number | Kind of Tax and Internal Revenue Code Section | Amount of Tax | Penalty |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | Total | | |

I consent to the immediate assessment and collection of any additional tax and penalties and accept any overassessment (decrease in tax and penalties) shown above, plus any interest provided by law.

I understand that by signing this agreement, I am waiving the restrictions on assessment provided in section 7436(d) and 6213(a) of the Internal Revenue Code of 1986, and that I will not be able to contest the issues covered by this agreement in the United States Tax Court.

| Signatures | | Date |
|---|---|---|
| | | Date |
| By | Title | Date |

NOTE:  If you consent to the assessment of the amounts shown in this agreement, your signature will expedite our adjustment to your account.  Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund.  It will not prevent us from later determining, if necessary, that you owe additional tax nor extend the time provided by law for either action.

WHO MUST SIGN

If you are making this agreement for a partnership, all partners must sign.  However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

UNICO

42

Page _____ of _____ pages

| Form 4666 | | Department of the Treasury — Internal Revenue Service |
|---|---|---|

SUMMARY OF EMPLOYMENT TAX EXAMINATION

| Name and address of employer | Employer identification number<br>95-2885601 | Date of report<br>03/18/04 |
|---|---|---|
| Unico Services, Inc.,aka Unico Service Co. Inc.; aka<br>Unico Services Co., Inc.; fka<br>Unico Replacement Parts Inc.<br>P.O. Box 887<br>Benicia, CA 94510-0887 | Type of report ( ) Delinquent tax (Return not filed)<br>(X) Increase (decrease) in tax (return filed) | |
| | ( ) Agreed (This report is subject to acceptance by the Area Director)<br>(X) Unagreed | |

Following is a summary of the results of my examination of your returns as shown on the attached pages of this report.

| a | b | c | d | | e | f |
|---|---|---|---|---|---|---|
| Calendar<br>Year | Return<br>Form<br>Number | Delinquent tax<br>Increase<br>(Decrease) | Penalty | | Total<br>Tax and Penalty | Page<br>Number<br>of Report |
| | | | Code Section | Amount | | |
| 01/01/00 - 12/31/00 | 941 | 173,836.80 | 6656 6662 | 36,011.20 | 209,848.00 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | Total | 173,836.80 | | 36,011.20 | 209,848.00 | |

Other information

This does not constitute an income tax examination.

| Examining officer's signature<br>Edward Tillotson 94-06682 | *Edward T. Tillotson* | District<br>Northern California |
|---|---|---|

UNICO

43