Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not use Form 843 if your claim is for—**
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant | Your SSN or ITIN |
|---|---|
| UNICO SERVICES INC. | |
| Address (number, street, and room or suite no.) | Spouse's SSN or ITIN |
| PO BOX 887 | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| BENICIA, CA 94510-0887 | 95:2885601 |
| Name and address shown on return if different from above | Daytime telephone number |
| | ( ) |

**1** Period. Prepare a separate Form 843 for each tax period
From **04** / **01** / **2000** to **06** / **30** / **2000**

**2** Amount to be refunded or abated
$ 122,778.75

**3a** Type of tax, penalty, or addition to tax:
☑ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.
**SEE ATTACHED RIDER**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

_Deborah Potter, Vice President_   Date **7-23-05**
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Signature   Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 11-2002)

EXHIBIT
11
PENGAD-Bayonne, N. J.

81

Rider to Form 843                                    UNICO SERVICES, INC.
                                                            95-2885601

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Services, Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Services, Inc. and Release Me, Inc. Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Services, Inc., D. Gordon Potter worked on multiple business projects.

Unico Services, Inc. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above, and Release Me, Inc. included these amounts on its income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter and paid the employer's portion of the employment tax pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid income tax and the employee's portion of the employment tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable as wages or income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is not liable for the employer's portion of employment tax on the amounts paid by Unico Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D. Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the

Rider to Form 843                                            UNICO SERVICES, INC.
                                                                        95-2885601

transaction as a direct employer-employee relationship between D. Gordon Potter and
Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay
the employer's portion of employment tax, during the period at issue, on the full amount
of payments from Unico Industrial Services, Inc. to the unrelated employee leasing
company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should
be disregarded and re-written is in direct conflict with relevant case law. In Coltec
Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar
arrangement was valid, in which a company transferred contingent liabilities associated
with asbestos claims against a subsidiary to an entity the company created and then sold
at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory
requirements established by Congress, as Coltec did in this case, the use of the 'economic
substance' doctrine to trump 'mere compliance with the code' would violate the
separation of powers...." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94
(D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements
set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the
economic substance doctrine does not apply, and the transaction set forth above must be
respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that Unico Services, Inc. is not entitled to a refund of the tax
in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position
that has a reasonable basis in law and fact, neither the negligence penalty nor the
substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg.
§ 1.6662-3(b)(3), a return position is reasonable where based on one or more of the
authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain
language of the statutes and published case law supports the return position of Unico
Services, Inc.. The issues in this case represent a previously untested, complicated area
of the tax law that is subject to multiple reasonable interpretations. Therefore, no
penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may
relieve taxpayers from liability from penalties even if the return position does not satisfy
the reasonable basis standard. Reasonable cause is established when a taxpayer shows
that he reasonably relied on the advice of an accountant or attorney. United States v.
Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of
competent accountants and attorneys, and, therefore, satisfies the reasonable cause
exception.

For the above stated reasons, Unico Services, Inc. respectfully requests that the
Commissioner grant it a refund of taxes paid during the year at issue and reverse the
assessment of penalties and interest.

Rider to Form 1040X                                    Unico Services, Inc.
                                                       95-2885601

## REQUEST FOR IMMEDIATE REFUND CLAIM DISALLOWANCE

Pursuant to I.R.M. 4.23.13.4 and IRM 4512(2)(g)(Jan. 30, 1987), taxpayer Unico Services, Inc. respectfully requests that the Commissioner immediately disallow this refund claim without administrative consideration. *See* I.R. 1600 (Apr. 26, 1976), 9 Stand. Fed. Tax Rep. (CCH) ¶ 6609 (1976).

In support of this Request for Refund Claim Disallowance, taxpayer submits that the merits of this refund claim have previously been the subject of an administrative examination. Re-evaluation by the Commissioner of this refund claim would be fruitless and serve only to delay commencement of a refund suit by taxpayer.

This Request for Refund Claim Disallowance is for the employer's portion of employment taxes for the period ending June 30, 2000. The amount of this refund claim is equal to $122,778.75.

Taxpayer agrees that the Commissioner's granting of this Request for Refund Claim Disallowance and issuance of a Certified Notice of Claim Disallowance will commence the running of the two-year period of limitations for filing a refund suit pursuant to Proc. & Admin. Reg. § 301.6532-1(c).

WHEREFORE, taxpayer respectfully requests that the Commissioner immediately issue a Certified Notice of Claim Disallowance on an expedited basis disallowing the full amount, $122,778.75, of this refund claim.

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

► See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*
*Do not use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| | |
|---|---|
| Name of claimant<br>UNICO SERVICES INC. | Your SSN or ITIN |
| Address (number, street, and room or suite no.)<br>PO BOX 887 | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>BENICIA, CA 94510-0887 | Employer identification number (EIN)<br>95 : 2885601 |
| Name and address shown on return if different from above | Daytime telephone number<br>( ) |

Type or print

**1** Period. Prepare a separate Form 843 for each tax period
From **06** / **30** / **2000** to **09** / **30** / **2000**

**2** Amount to be refunded or abated
$ **103,677.03**

**3a** Type of tax, penalty, or addition to tax:
☑ Employment    ☐ Estate    ☐ Gift    ☐ Excise (see instructions)
☐ Penalty—IRC section ► _____

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ►

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**SEE ATTACHED RIDER**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

D. Gordon Potter, Vice President                    7-23-05

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)        Date

_____                    _____
Signature                                            Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)

EXHIBIT
12
PENGAD-Bayonne, N.J.

85

Rider to Form 843                                          UNICO SERVICES, INC.
                                                              95-2885601

D. Gordon Potter is an individual with expertise in the mechanical engineering industry
particularly with respect to the assembly, repair, servicing and reinstallation of pumps,
gearboxes and other rotating equipment commonly used in the oil refining and chemical
industries. During the year at issue, D. Gordon Potter entered into an employment
contract and relationship with Pixley Services Limited, a company based in Dublin,
Ireland. The rights obtained by Pixley Services Limited from the employment
relationship with D. Gordon Potter were transferable in part. Pixley Services Limited
transferred certain rights to the employment services of Dean D. Gordon Potter to
Release Me, Inc., a company engaged in the business of employee leasing and employee
temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc.
during the year at issue. Release Me, Inc. contracted with Unico Services, Inc. to provide
skilled labor. Pursuant to this contractual relationship with Pixley Services Limited,
Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of
certain rights to the employment services of D. Gordon Potter. As part of the contract
between Unico Services, Inc. and Release Me, Inc., Release Me, Inc. provided the
services of D. Gordon Potter. While providing services to Unico Services, Inc.,
D. Gordon Potter worked on multiple business projects.

Unico Services, Inc. made periodic payments to Release Me, Inc., pursuant to the skilled
labor contract discussed above, and Release Me, Inc. included these amounts on its
income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter
and paid the employer's portion of the employment tax pursuant to the Potter's
contractual rights set forth in the employment contract with Pixley Services Limited,
which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in
income and paid income tax and the employee's portion of the employment tax,
accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and
D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the
future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a
revocable trust that was subject to the creditors of Pixley Services Limited. The
non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no
immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the
contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter
constitutes deferred compensation, which is not includable as wages or income of
D. Gordon Potter until a future date when the retirement plan vests and disbursement are
available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is
not liable for the employer's portion of employment tax on the amounts paid by Unico
Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D.
Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic
substance, and the above transaction should be disregarded and re-written for federal tax
purposes. The Commissioner, instead of respecting the form, desires to treat the

Rider to Form 843                                UNICO SERVICES, INC.
                                                 95-2885601

transaction as a direct employer-employee relationship between D. Gordon Potter and Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay the employer's portion of employment tax, during the period at issue, on the full amount of payments from Unico Industrial Services, Inc. to the unrelated employee leasing company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should be disregarded and re-written is in direct conflict with relevant case law. In Coltec Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar arrangement was valid, in which a company transferred contingent liabilities associated with asbestos claims against a subsidiary to an entity the company created and then sold at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory requirements established by Congress, as Coltec did in this case, the use of the 'economic substance' doctrine to trump 'mere compliance with the code' would violate the separation of powers…." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94 (D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that Unico Services, Inc. is not entitled to a refund of the tax in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position that has a reasonable basis in law and fact, neither the negligence penalty nor the substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg. § 1.6662-3(b)(3), a return position is reasonable where based on one or more of the authorities listed in Treas. Reg. § 1.6662-4(d)(3)(iii). As set forth above, the plain language of the statutes and published case law supports the return position of Unico Services, Inc.. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations. Therefore, no penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may relieve taxpayers from liability from penalties even if the return position does not satisfy the reasonable basis standard. Reasonable cause is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney. United States v. Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception.

For the above stated reasons, Unico Services, Inc. respectfully requests that the Commissioner grant it a refund of taxes paid during the year at issue and reverse the assessment of penalties and interest.

Rider to Form 1040X

Unico Services, Inc.
95-2885601

## REQUEST FOR IMMEDIATE REFUND CLAIM DISALLOWANCE

Pursuant to I.R.M. 4.23.13.4 and IRM 4512(2)(g)(Jan. 30, 1987), taxpayer Unico Services, Inc. respectfully requests that the Commissioner immediately disallow this refund claim without administrative consideration. *See* I.R. 1600 (Apr. 26, 1976), 9 Stand. Fed. Tax Rep. (CCH) ¶ 6609 (1976).

In support of this Request for Refund Claim Disallowance, taxpayer submits that the merits of this refund claim have previously been the subject of an administrative examination. Re-evaluation by the Commissioner of this refund claim would be fruitless and serve only to delay commencement of a refund suit by taxpayer.

This Request for Refund Claim Disallowance is for the employer's portion of employment taxes for the period ending September 30, 2000. The amount of this refund claim is equal to $103,677.03.

Taxpayer agrees that the Commissioner's granting of this Request for Refund Claim Disallowance and issuance of a Certified Notice of Claim Disallowance will commence the running of the two-year period of limitations for filing a refund suit pursuant to Proc. & Admin. Reg. § 301.6532-1(c).

WHEREFORE, taxpayer respectfully requests that the Commissioner immediately issue a Certified Notice of Claim Disallowance on an expedited basis disallowing the full amount, $103,677.03 of this refund claim.

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

**Claim for Refund and Request for Abatement**

▶ **See separate instructions.**

OMB No. 1545-0024

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

Do not use Form 843 if your claim is for—
• An overpayment of income taxes;
• A refund for nontaxable use (or sales) of fuel; or
• An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| **Name of claimant**<br>UNICO SERVICES INC. | **Your SSN or ITIN** |
| **Address (number, street, and room or suite no.)**<br>PO BOX 887 | **Spouse's SSN or ITIN** |
| **City or town, state, and ZIP code**<br>BENICIA, CA 94510-0887 | **Employer identification number (EIN)**<br>95 : 2885601 |
| **Name and address shown on return if different from above** | **Daytime telephone number**<br>(    ) |

**1** Period. Prepare a separate Form 843 for each tax period
From 09 / 30 / 2000 to 12 / 31 / 2000

**2** Amount to be refunded or abated
$ 67,042.27

**3a** Type of tax, penalty, or addition to tax:
☑ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

SEE ATTACHED RIDER

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

_Gordon Potter_    _Vice President_    Signature (Title, if applicable. Claims by corporations must be signed by an officer.)    7-25-05    Date

Signature _____    Date _____

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)

**EXHIBIT**
PENGAD-Bayonne, N. J.
13

89

Rider to Form 843

UNICO SERVICES, INC.
95-2885601

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Services, Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Services, Inc. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Services, Inc., D. Gordon Potter worked on multiple business projects.

Unico Services, Inc. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above, and Release Me, Inc. included these amounts on its income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter and paid the employer's portion of the employment tax pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid income tax and the employee's portion of the employment tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable as wages or income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is not liable for the employer's portion of employment tax on the amounts paid by Unico Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D. Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the

Rider to Form 843

UNICO SERVICES, INC.
95-2885601

transaction as a direct employer-employee relationship between D. Gordon Potter and Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay the employer's portion of employment tax, during the period at issue, on the full amount of payments from Unico Industrial Services, Inc. to the unrelated employee leasing company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should be disregarded and re-written is in direct conflict with relevant case law. In Coltec Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar arrangement was valid, in which a company transferred contingent liabilities associated with asbestos claims against a subsidiary to an entity the company created and then sold at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory requirements established by Congress, as Coltec did in this case, the use of the 'economic substance' doctrine to trump 'mere compliance with the code' would violate the separation of powers...." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94 (D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that Unico Services, Inc. is not entitled to a refund of the tax in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position that has a reasonable basis in law and fact, neither the negligence penalty nor the substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg. § 1.6662-3(b)(3), a return position is reasonable where based on one or more of the authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain language of the statutes and published case law supports the return position of Unico Services, Inc.. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations. Therefore, no penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may relieve taxpayers from liability from penalties even if the return position does not satisfy the reasonable basis standard. Reasonable cause is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney. United States v. Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception.

For the above stated reasons, Unico Services, Inc. respectfully requests that the Commissioner grant it a refund of taxes paid during the year at issue and reverse the assessment of penalties and interest.

Rider to Form 1040X                              Unico Services, Inc.
                                                    95-2885601

## REQUEST FOR IMMEDIATE REFUND CLAIM DISALLOWANCE

Pursuant to I.R.M. 4.23.13.4 and IRM 4512(2)(g)(Jan. 30, 1987), taxpayer Unico Services, Inc. respectfully requests that the Commissioner immediately disallow this refund claim without administrative consideration. *See* I.R. 1600 (Apr. 26, 1976), 9 Stand. Fed. Tax Rep. (CCH) ¶ 6609 (1976).

In support of this Request for Refund Claim Disallowance, taxpayer submits that the merits of this refund claim have previously been the subject of an administrative examination. Re-evaluation by the Commissioner of this refund claim would be fruitless and serve only to delay commencement of a refund suit by taxpayer.

This Request for Refund Claim Disallowance is for the employer's portion of employment taxes for the period ending December 31, 2000. The amount of this refund claim is equal to $67,042.27.

Taxpayer agrees that the Commissioner's granting of this Request for Refund Claim Disallowance and issuance of a Certified Notice of Claim Disallowance will commence the running of the two-year period of limitations for filing a refund suit pursuant to Proc. & Admin. Reg. § 301.6532-1(c).

WHEREFORE, taxpayer respectfully requests that the Commissioner immediately issue a Certified Notice of Claim Disallowance on an expedited basis disallowing the full amount, $67,042.27 of this refund claim.



**GASAWAY ✦ STIENTJES** LLP

41 S. Old Orchard Ave.
Suite B
Webster Groves, MO 63119
Phone:  314.705.2771
Fax:    314.918.7120

July 18, 2005

Marie Allen, RA
185 Lemon Lane, Ste. 200, EG 1674
Walnut Creek, CA  94598

  Re: Refund Claim w/ Request for Immediate Disallowance

Dear Ms. Allen:

  I have enclosed a Form 843 refund claim for employment taxes on behalf of Unico Services, Inc. for the period ended September 30, 2001.  Pursuant to IRM 4.23.13.4, a copy of which is attached to the refund claim, we respectfully request that you immediately issue a Notice of Claim Disallowance so that we may contest the merits of the underlying deficiency with a refund petition to the U.S. Federal District Court or the U.S. Court of Claims.

  I look forward to receiving the Notice of Claim Disallowance immediately in accordance with the above citation to the Internal Revenue Manual.

       Very truly yours,

       Robert J. Stientjes
       **Gasaway & Stientjes, LLP**

INTERNAL REVENUE SERVICE

JUL 2 0 2005

EXHIBIT
14

93

ORIGINAL REC on
7/20/05 by
MARIE ALLEN

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

Do not use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name of claimant<br>**UNICO SERVICES INC.** | Your SSN or ITIN |
| Address (number, street, and room or suite no.)<br>**PO BOX 887** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**BENICIA, CA 94510-0887** | Employer identification number (EIN)<br>**95 : 2885601** |
| Name and address shown on return if different from above | Daytime telephone number<br>(    ) |

Type or Print

**1** Period. Prepare a separate Form 843 for each tax period
From **07 / 01 / 2001** to **09 / 30 / 2001**

**2** Amount to be refunded or abated
$ **4073.15**

**3a** Type of tax, penalty, or addition to tax:
☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☑ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**SEE ATTACHED RIDER**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| | | |
|---|---|---|
| _(signature)_ President | | **4/11/05** |
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | | Date |
| | | |
| Signature | | Date |

For Privacy Act and Paperwork Reduction Act Notice, see separate Instructions.    Cat. No. 10180R

Form **843** (Rev. 11-2002)

94

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Service Co., Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Service Co. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Service Co., D. Gordon Potter worked on multiple business projects.

Unico Service Co. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above, and Release Me, Inc. included these amounts on its income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter and paid the employer's portion of the employment tax pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid income tax and the employee's portion of the employment tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable as wages or income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is not liable for the employer's portion of employment tax on the amounts paid by Unico Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D. Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the

transaction as a direct employer-employee relationship between D. Gordon Potter and Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay the employer's portion of employment tax, during the period at issue, on the full amount of payments from Unico Industrial Services, Inc. to the unrelated employee leasing company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should be disregarded and re-written is in direct conflict with relevant case law. In Coltec Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar arrangement was valid, in which a company transferred contingent liabilities associated with asbestos claims against a subsidiary to an entity the company created and then sold at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory requirements established by Congress, as Coltec did in this case, the use of the 'economic substance' doctrine to trump 'mere compliance with the code' would violate the separation of powers...." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94 (D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that D. Gordon Potter is not entitled to a refund of the tax in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position that has a reasonable basis in law and fact, neither the negligence penalty nor the substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg. § 1.6662-3(b)(3), a return position is reasonable where based on one or more of the authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain language of the statutes and published case law supports the return position of D. Gordon Potter. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations. Therefore, no penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may relieve taxpayers from liability from penalties even if the return position does not satisfy the reasonable basis standard. Reasonable cause is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney. United States v. Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception.

Taxpayer is also entitled to additional deductions for real estate taxes paid during the year at issue.

96

For the above stated reasons, taxpayer respectfully requests that the Commissioner grant him a refund of taxes paid during the year at issue and reverse the assessment of penalties and interest.

## REQUEST FOR IMMEDIATE REFUND CLAIM DISALLOWANCE

Pursuant to I.R.M. 4.23.13.4 and IRM 4512(2)(g)(Jan. 30, 1987), taxpayer Unico Services, Inc. respectfully requests that the Commissioner immediately disallow this refund claim without administrative consideration. *See* I.R. 1600 (Apr. 26, 1976), 9 Stand. Fed. Tax Rep. (CCH) ¶ 6609 (1976).

In support of this Request for Refund Claim Disallowance, taxpayer submits that the merits of this refund claim have previously been the subject of an administrative examination. Re-evaluation by the Commissioner of this refund claim would be fruitless and serve only to delay commencement of a refund suit by taxpayer.

This Request for Refund Claim Disallowance is for the employer's portion of employment taxes for the period ending September 30, 2001. The amount of this refund claim is equal to $4,073.15.

Taxpayer agrees that the Commissioner's granting of this Request for Refund Claim Disallowance and issuance of a Certified Notice of Claim Disallowance will commence the running of the two-year period of limitations for filing a refund suit pursuant to Proc. & Admin. Reg. § 301.6532-1(c).

WHEREFORE, taxpayer respectfully requests that the Commissioner immediately issue a Certified Notice of Claim Disallowance on an expedited basis disallowing the full amount, $4,073.15, of this refund claim.

98

**Department of the Treasury**

**Internal Revenue Service**

Date: August 22, 2005

Taxpayer Identification Number:
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
Form:
1040
Tax Period(s) Ended and Claim Amount:
December 31, 1998
$431,631

Date Claim Received:
June 22, 2005
Person to Contact:
M. Allen

Contact Telephone Number:
510.637.3785
Employee Identification Number:
94-11434
Last date to Respond to this Letter:
September 22, 2005

Dean Gordon Potter
P. O. Box 887
Benicia, CA 94510

Dear Mr. Potter

We examined your claim and propose:

☐ Partial disallowance, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form*.

☒ Full disallowance, as shown in the enclosed examination report or at the end of this letter. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form*.

☐ Full disallowance with additional tax due, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and the examination report.

*Note: If your claim involves a joint return, both taxpayers must sign the form(s).*

If you are a "C" Corporation filer, Section 6621(c) of the Internal Revenue Code provides for an interest rate 2% higher than the standard interest rate on deficiencies of $100,000 or more.

If you don't agree with our findings, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree with our findings, we recommend that you request a conference with our Appeals Office. If you request a conference, we will forward your request to the Appeals Office and they will contact you to schedule an appointment.



EXHIBIT

15

99

Letter 569 (DO) (Rev. 9-2000)
Catalog Number 40246G

If the proposed change to tax is:

- $25,000 or less for *each* referenced tax period; you may send us a letter requesting Appeals consideration, indicating what you don't agree with and the reasons why you don't agree.

- More than $25,000 for *any* referenced tax period; you must submit a formal protest.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process*. Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process*.

If you don't respond by the date shown in the heading of this letter, we will process your case based on the adjustments shown in the enclosed examination report or the explanations given at the end of this letter.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

Marie Allen
Revenue Agent

Enclosures:
☐ Examination Report
Form 2297
☒ Form 3363
Publication 3498
Envelope

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

100

**Reason for Disallowance:**

You have requested that this claim for refund be denied immediately and without consideration since the merits of this claim have already been reviewed by the Internal Revenue Service.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

Department of the Treasury — Internal Revenue Service

**Form 3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

Dean Gordon Potter
P. O. Box 887
Benicia, CA 94510

SSN: ████████

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 12/31/1998 | 06/22/2005 | Income | $431,631.00 | $431,631.00 | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____ (Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____ (Date)

**Taxpayer's Representative Sign Here** ▶ _____ (Date)

**Partnership/ Corporate Name** ▶ _____

**Partners/ Corporate Officers Sign Here**
▶ _____
(Title)                          (Date)
▶ _____
(Title)                          (Date)

Form **2297**
(Rev. March 1982)

Department of the Treasury-Internal Revenue Service

# Waiver of Statutory Notification of Claim Disallowance

I, Dean Gordon Potter - SSN 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 of P. O. Box 887, Benicia, CA 94510

(Name, SSN or EIN)      (Number, Street, City or Town, State, ZIP Code)

waive the requirement under Internal Revenue Code section 6532(a)(1) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

## Claims

| (a) Taxable Period Ended | (b) Kind of Tax | (c) Amount of Claim | (d) Amount of Claim Disallowed |
|---|---|---|---|
| 12/31/1998 | Income | $431,631.00 | $0.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

Your Signature ➤ _____ (Date signed) _____

Spouse's Signature If A Joint Return Was Filed _____ (Date signed) _____

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

Taxpayer's Representative Sign Here ➤ _____ (Date signed) _____

For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

Partnership/ Corporate Name: _____

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

Partners/ Corporate Officers Sign Here ➤ _____ (Title) _____ (Date signed) _____

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

➤ _____ (Title) _____ (Date signed) _____

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

Catalog Number 18287T      www.irs.ustreas.gov      Form **2297** (Rev. 3-1982)

**Internal Revenue Service**                       **Department of the Treasury**

|  |  |
|---|---|
|  | Taxpayer Name: |
|  | Dean Gordon Potter |
| Date: August 22, 2005 | Taxpayer Identification Number: |
|  | ▊ |
|  | Form Number: |
| Robert Stientjes | 1040 |
| 41 S. Old Orchard Avenue, Ste B | Year(s): |
| St. Louis, MO 63119 | 1998 |
|  | Person to Contact/ID Number: |
|  | Marie Allen 94-09384 |
|  | Contact Telephone Number: |
|  | (510) 637-3785 |
|  | Contact Fax Number: |
|  | (510) 522-6277 |

Dear Mr. Stientjes,

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

_Marie Scott_

for Marie Allen
Revenue Agent

Enclosures:
☒ Letter(s)
☐ Report(s)
☐ Other

**Letter 937 (Rev. 11-2004)**
Catalog Number 30780X

104

**Internal Revenue Service**

**Department of the Treasury**

**Taxpayer Identification Number:**
  95-2885601
**Form:**
  941
**Tax Period(s) Ended and Claim Amount:**
  June 30, 2000
  $122,778.75

Date: August 24, 2005

**Date Claim Received:**
  July 28, 2005
**Person to Contact:**
  M. Allen

Unico Services Inc.
P. O. Box 887
Benicia, CA 94510

**Contact Telephone Number:**
  510.637.3785
**Employee Identification Number:**
  94-11434
**Last date to Respond to this Letter:**
  September 24, 2005

Dear Unico Services Inc.

We examined your claim and propose:

☐ Partial disallowance, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form.*

☒ Full disallowance, as shown in the enclosed examination report or at the end of this letter. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form.*

☐ Full disallowance with additional tax due, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and the examination report.

*Note: If your claim involves a joint return, both taxpayers must sign the form(s).*

If you are a "C" Corporation filer, Section 6621(c) of the Internal Revenue Code provides for an interest rate 2% higher than the standard interest rate on deficiencies of $100,000 or more.

If you don't agree with our findings, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree with our findings, we recommend that you request a conference with our Appeals Office. If you request a conference, we will forward your request to the Appeals Office and they will contact you to schedule an appointment.



**EXHIBIT**

16

105

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

If the proposed change to tax is:

- $25,000 or less for *each* referenced tax period; you may send us a letter requesting Appeals consideration, indicating what you don't agree with and the reasons why you don't agree.

- More than $25,000 for *any* referenced tax period; you must submit a formal protest.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process*. Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process*.

If you don't respond by the date shown in the heading of this letter, we will process your case based on the adjustments shown in the enclosed examination report or the explanations given at the end of this letter.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

*for* Marie Allen
Revenue Agent

Enclosures:
☐ **Examination Report**
Form 2297
☒ **Form 3363**
Publication 3498
Envelope

Letter 569 (DO) (Rev. 9-2000)
Catalog Number 40248G

106

**Reason for Disallowance:**

You have requested that this claim for refund be denied immediately and without consideration since the merits of this claim have already been reviewed by the Internal Revenue Service.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

107

Department of the Treasury — **Internal Revenue Service**

Form **3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

Unico Services Inc.
P. O. Box 887
Benicia, CA  94510

EIN: 95-2885601

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 6/30/2000 | 7/28/2005 | employment | $122,778.75 | $122,778.75 | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____
(Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____
(Date)

**Taxpayer's Representative Sign Here** ▶ _____
(Date)

**Partnership/ Corporate Name** ▶ _____

**Partners/ Corporate Officers Sign Here** ▶ _____
(Title) _____ (Date)

_____
(Title) _____ (Date)

Form **3363** (Rev. 11-1983)    Catalog Number 22240Y    www.irs.gov    Department of the Treasury - **Internal Revenue Service**

Form **2297**
(Rev. March 1982)

Department of the Treasury-Internal Revenue Service

# Waiver of Statutory Notification of Claim Disallowance

I, Unico Services Inc. EIN 95-2885601
*(Name, SSN or EIN)*

of P. O. Box 887, Benicia, CA 94510
*(Number, Street, City or Town, State, ZIP Code)*

waive the requirement under Internal Revenue Code section 6532(a)(1 ) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

**Claims**

| (a) Taxable Period Ended | (b) Kind of Tax | (c) Amount of Claim | (d) Amount of Claim Disallowed |
|---|---|---|---|
| 6/30/2000 | employment | $122,778.75 | $0.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

Your Signature ▶ _____  *(Date signed)*

Spouse's Signature If A Joint Return Was Filed ▶ _____  *(Date signed)*

Taxpayer's Representative Sign Here ▶ _____  *(Date signed)*

Partnership/ Corporate Name: _____

Partners/ Corporate Officers Sign Here ▶ _____
*(Title)*    *(Date signed)*

▶ _____
*(Title)*    *(Date signed)*

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

Catalog Number 18287T        www.irs.ustreas.gov        Form **2297** (Rev. 3-1982)

109

**Internal Revenue Service**                     **Department of the Treasury**

|  |  |
|---|---|
| | **Taxpayer Identification Number:** |
| | 95-2885601 |
| | **Form:** |
| | 941 |
| **Date:** August 24, 2005 | **Tax Period(s) Ended and Claim Amount:** |
| | September 30, 2000 |
| | $103,677.03 |
| | |
| Unico Services Inc. | **Date Claim Received:** |
| P. O. Box 887 | July 28, 2005 |
| Benicia, CA 94510 | **Person to Contact:** |
| | M. Allen |
| | |
| | **Contact Telephone Number:** |
| | 510.637.3785 |
| | **Employee Identification Number:** |
| | 94-11434 |
| | **Last date to Respond to this Letter:** |
| | September 24, 2005 |

Dear Unico Services Inc.

We examined your claim and propose:

☐  Partial disallowance, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form*.

☒  Full disallowance, as shown in the enclosed examination report or at the end of this letter. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form*.

☐  Full disallowance with additional tax due, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and the examination report.

*Note: If your claim involves a joint return, both taxpayers must sign the form(s).*

If you are a "C" Corporation filer, Section 6621(c) of the Internal Revenue Code provides for an interest rate 2% higher than the standard interest rate on deficiencies of $100,000 or more.

If you don't agree with our findings, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree with our findings, we recommend that you request a conference with our Appeals Office. If you request a conference, we will forward your request to the Appeals Office and they will contact you to schedule an appointment.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

If the proposed change to tax is:

- $25,000 or less for *each* referenced tax period; you may send us a letter requesting Appeals consideration, indicating what you don't agree with and the reasons why you don't agree.

- More than $25,000 for *any* referenced tax period; you must submit a formal protest.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process*. Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process*.

If you don't respond by the date shown in the heading of this letter, we will process your case based on the adjustments shown in the enclosed examination report or the explanations given at the end of this letter.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

Marie Allen
Revenue Agent

Enclosures:
☐ Examination Report
Form 2297
☒ Form 3363
Publication 3498
Envelope

**Reason for Disallowance:**

You have requested that this claim for refund be denied immediately and without consideration since the merits of this claim have already been reviewed by the Internal Revenue Service.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

Department of the Treasury — Internal Revenue Service

**Form 3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim
## for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

Unico Services Inc.
P. O. Box 887
Benicia, CA  94510

EIN:  95-2885601

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 9/30/2000 | 7/28/2005 | employment | $103,677.03 | $103,677.03 | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____ (Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____ (Date)

**Taxpayer's Representative Sign Here** ▶ _____ (Date)

**Partnership/ Corporate Name** ▶ _____

**Partners/ Corporate Officers Sign Here** ▶ _____

(Title) _____ (Date)

▶ _____

(Title) _____ (Date)

Form **3363** (Rev. 11-1983)    Catalog Number 22240Y    www.irs.gov    Department of the Treasury - **Internal Revenue Service**

Form **2297**
(Rev. March 1982)

Department of the Treasury-Internal Revenue Service

# Waiver of Statutory Notification of Claim Disallowance

I, Unico Services Inc. EIN 95-2885601     of P. O. Box 887, Benicia, CA 94510
*(Name, SSN or EIN)*     *(Number, Street, City or Town, State, ZIP Code)*

waive the requirement under Internal Revenue Code section 6532(a)(1 ) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

**Claims**

| (a)<br>Taxable Period Ended | (b)<br>Kind of Tax | (c)<br>Amount of Claim | (d)<br>Amount of Claim Disallowed |
|---|---|---|---|
| 9/30/2000 | employment | $103,677.03 | $0.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

Your Signature ➤ _____ _____ *(Date signed)*

Spouse's Signature If A Joint Return Was Filed ➤ _____ _____ *(Date signed)*

Taxpayer's Representative Sign Here ➤ _____ _____ *(Date signed)*

Partnership/ Corporate Name: _____

Partners/ Corporate Officers Sign Here ➤ _____ *(Title)* _____ *(Date signed)*

➤ _____ *(Title)* _____ *(Date signed)*

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

Catalog Number 18287T     www.irs.ustreas.gov     Form **2297** (Rev. 3-1982)

114

**Internal Revenue Service**

**Department of the Treasury**

Date: August 24, 2005

**Taxpayer Identification Number:**
95-2885601
**Form:**
941
**Tax Period(s) Ended and Claim Amount:**
December 31, 2000
$67,042.27

Unico Services Inc.
P. O. Box 887
Benicia, CA 94510

**Date Claim Received:**
July 28, 2005
**Person to Contact:**
M. Allen

**Contact Telephone Number:**
510.637.3785
**Employee Identification Number:**
94-11434
**Last date to Respond to this Letter:**
September 24, 2005

Dear Unico Services Inc.:

We examined your claim and propose:

☐    Partial disallowance, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form*.

☒    Full disallowance, as shown in the enclosed examination report or at the end of this letter. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form*.

☐    Full disallowance with additional tax due, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and the examination report.

*Note: If your claim involves a joint return, both taxpayers must sign the form(s).*

If you are a "C" Corporation filer, Section 6621(c) of the Internal Revenue Code provides for an interest rate 2% higher than the standard interest rate on deficiencies of $100,000 or more.

If you don't agree with our findings, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree with our findings, we recommend that you request a conference with our Appeals Office. If you request a conference, we will forward your request to the Appeals Office and they will contact you to schedule an appointment.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

If the proposed change to tax is:

- $25,000 or less for *each* referenced tax period; you may send us a letter requesting Appeals consideration, indicating what you don't agree with and the reasons why you don't agree.

- More than $25,000 for *any* referenced tax period; you must submit a formal protest.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process*. Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process*.

If you don't respond by the date shown in the heading of this letter, we will process your case based on the adjustments shown in the enclosed examination report or the explanations given at the end of this letter.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

for Marie Allen
Revenue Agent

Enclosures:
- [ ] Examination Report
Form 2297
- [x] Form 3363
Publication 3498
Envelope

Letter 569 (DO) (Rev. 9-2000)
Catalog Number 40248G

116

**Reason for Disallowance:**

You have requested that this claim for refund be denied immediately and without consideration since the merits of this claim have already been reviewed by the Internal Revenue Service.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

117

Department of the Treasury — Internal Revenue Service

Form **3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

Unico Services Inc.
P. O. Box 887
Benicia, CA  94510

EIN:  95-2885601

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 12/31/2000 | 7/28/2005 | employment | $67,042.27 | $67,042.27 | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____
(Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____
(Date)

**Taxpayer's Representative Sign Here** ▶ _____
(Date)

**Partnership/ Corporate Name** ▶ _____

**Partners/ Corporate Officers Sign Here**
_____
(Title)                    (Date)

_____
(Title)                    (Date)

118

Form **2297**
(Rev. March 1982)

Department of the Treasury-Internal Revenue Service

# Waiver of Statutory Notification of Claim Disallowance

I, __Unico Services Inc. EIN  95-2885601__ of __P. O. Box 887, Benicia, CA  94510__
*(Name, SSN or EIN)*          *(Number, Street, City or Town, State, ZIP Code)*

waive the requirement under Internal Revenue Code section 6532(a)(1) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

### Claims

| (a)<br>Taxable Period Ended | (b)<br>Kind of Tax | (c)<br>Amount of Claim | (d)<br>Amount of Claim Disallowed |
|---|---|---|---|
| 12/31/2000 | employment | $67,042.27 | $0.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

**Your Signature** ➤ _____ _____ *(Date signed)*

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

**Spouse's Signature If A Joint Return Was Filed** ➤ _____ _____ *(Date signed)*

For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

**Taxpayer's Representative Sign Here** ➤ _____ _____ *(Date signed)*

**Partnership/ Corporate Name:** _____ _____

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

**Partners/ Corporate Officers Sign Here** ➤ _____ _____
         *(Title)*          *(Date signed)*

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

➤ _____ _____
         *(Title)*          *(Date signed)*

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

Catalog Number 18287T      www.irs.ustreas.gov      Form **2297** (Rev. 3-1982)

**Internal Revenue Service**                    **Department of the Treasury**

Date: August 24, 2005

Unico Services Inc.
P. O. Box 887
Benicia, CA 94510

**Taxpayer Identification Number:**
  95-2885601
**Form:**
  941
**Tax Period(s) Ended and Claim Amount:**
  September 30, 2001
  $4,073.15

**Date Claim Received:**
  July 28, 2005
**Person to Contact:**
  M. Allen

**Contact Telephone Number:**
  510.637.3785
**Employee Identification Number:**
  94-11434
**Last date to Respond to this Letter:**
  September 24, 2005

Dear Unico Services Inc.

    We examined your claim and propose:

    ☐  Partial disallowance, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form.*

    ☒  Full disallowance, as shown in the enclosed examination report or at the end of this letter. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and Form 3363, *Acceptance Form.*

    ☐  Full disallowance with additional tax due, as shown in the enclosed examination report. If you accept our findings, please sign and return the enclosed Form 2297, *Waiver Form* and the examination report.

   *Note: If your claim involves a joint return, both taxpayers must sign the form(s).*

    If you are a "C" Corporation filer, Section 6621(c) of the Internal Revenue Code provides for an interest rate 2% higher than the standard interest rate on deficiencies of $100,000 or more.

    If you don't agree with our findings, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree with our findings, we recommend that you request a conference with our Appeals Office. If you request a conference, we will forward your request to the Appeals Office and they will contact you to schedule an appointment.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

If the proposed change to tax is:

- $25,000 or less for *each* referenced tax period; you may send us a letter requesting Appeals consideration, indicating what you don't agree with and the reasons why you don't agree.

- More than $25,000 for *any* referenced tax period; you must submit a formal protest.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process.* Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process.*

If you don't respond by the date shown in the heading of this letter, we will process your case based on the adjustments shown in the enclosed examination report or the explanations given at the end of this letter.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

for Marie Allen
Revenue Agent

Enclosures:
☐ Examination Report
Form 2297
☒ Form 3363
Publication 3498
Envelope

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

**Reason for Disallowance:**

You have requested that this claim for refund be denied immediately and without consideration since the merits of this claim have already been reviewed by the Internal Revenue Service.

**Letter 569 (DO) (Rev. 9-2000)**
Catalog Number 40248G

122

Department of the Treasury — Internal Revenue Service

Form **3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

Unico Services Inc.
P. O. Box 887
Benicia, CA 94510

EIN: 95-2885601

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 9/30/2001 | 7/28/2005 | employment | $4,073.15 | $4,073.15 | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____ (Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____ (Date)

**Taxpayer's Representative Sign Here** ▶ _____ (Date)

**Partnership/ Corporate Name** ▶ _____

**Partners/ Corporate Officers Sign Here** ▶ _____ (Title) _____ (Date)

▶ _____ (Title) _____ (Date)

123

| Form **2297** | Department of the Treasury-Internal Revenue Service |
|---|---|
| (Rev. March 1982) | **Waiver of Statutory Notification of Claim Disallowance** |

I, ___Unico Services Inc. EIN  95-2885601___   of ___P. O. Box 887, Benicia, CA  94510___
_____(Name, SSN or EIN)_____   _____(Number, Street, City or Town, State, ZIP Code)_____

waive the requirement under Internal Revenue Code section 6532(a)(1 ) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

**Claims**

| (a) Taxable Period Ended | (b) Kind of Tax | (c) Amount of Claim | (d) Amount of Claim Disallowed |
|---|---|---|---|
| 9/30/2001 | employment | $4,073.15 | $0.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | |
|---|---|
| If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her. | Your Signature ➤ _____  _____ (Date signed) |
| | Spouse's Signature If A Joint Return Was Filed ➤ _____  _____ (Date signed) |
| For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed. | Taxpayer's Representative Sign Here ➤ _____  _____ (Date signed) |
| For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership. | Partnership/ Corporate Name: _____ _____ |
| For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed. | Partners/ Corporate Officers Sign Here ➤ _____  _____ (Title)            (Date signed) |
| For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign. | ➤ _____  _____ (Title)            (Date signed) |

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

Catalog Number 18287T          www.irs.ustreas.gov          Form **2297** (Rev. 3-1982)

124

**Internal Revenue Service**

**Department of the Treasury**

Date:  August 24, 2005

Taxpayer Name:
  Unico Services Inc.

Taxpayer Identification Number:
  95-2885601

Form Number:
  941

Year(s):
  2000 and 2001

Robert Stientjes
41 S. Old Orchard Avenue, Ste B
St. Louis, MO 63119

Person to Contact/ID Number:
  Marie Allen 94-09384

Contact Telephone Number:
  (510) 637-3785

Contact Fax Number:
  (510) 522-6277

Dear Mr. Stientjes,

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

                    Sincerely,

                    *for*  Marie Allen
                      Revenue Agent

Enclosures:
- ☒ Letter(s)
- ☐ Report(s)
- ☐ Other

**Letter 937 (Rev. 11-2004)**
Catalog Number 30760X

# FAX

**Department of the Treasury**

**Internal Revenue Service**

## Confidentiality Notice

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited.

If you have received this communication in error, please notify the sender immediately by telephone call and return the communication to the fax number you will be given, then destroy the document(s). Thank you!



| **Date** | August 24, 2005 |
|---|---|

| *Number of pages including cover sheet* | 22 |
|---|---|

**TO: Robert Stientjes**

41 S. Old Orchard Avenue, Ste B
St. Louis, MO 63119

**FROM:**  Frances Seeto

Internal Revenue Service

450 Golden Gate Ave.,

EG 1674

San Francisco, CA 94109

**Phone**  415-522-6312
**Fax Phone**  415-522-6277

**Phone**

**Fax Phone**  314-918-7120

**CC:**

**REMARKS:**  ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please Comment

Claims Disallowance re: Unico Services Inc.

126