# In the United States Court of Federal Claims

No. 05-955T
Filed: May 3, 2006
For Publication

| | | |
|---|---|---|
| **UNICO SERVICES, INC.**<br>**f/k/a Unico Replacement Parts, Inc.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**THE UNITED STATES**,<br><br>*Defendant.* | * | Motion to Enjoin Collection Proceedings; I.R.C. § 6331(i)(1); I.R.C. § 6331(i)(4)(B) |

*Robert J. Stientjes*, Gasaway & Stientjes, LLC, St. Louis, MO, for plaintiff.

*Jennifer Wilson*, with whom were *Eileen J. O'Connor*, Assistant Attorney General and *David Gustafson*, Acting Chief, Court of Federal Claims Section, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SMITH, Senior Judge:**

Before the Court is a question of first impression regarding the interpretation of Internal Revenue Code ("I.R.C.") § 6331(i)(1) and this Court's authority to enjoin a levy or collection pursuant to § 6331(i)(4)(B). After careful review, the Court finds that it has the authority to enjoin a levy or collection pursuant to § 6331(i)(4)(B). However, the Court does not find that the facts of this case merit such result under § 6331(i)(1), thus Plaintiff's Motion to Enjoin Collection Proceedings must be **DENIED**.[1]

[1] Previously, an Order denying Plaintiff's relief was filed. This opinion sets forth the reasons for that denial.

**PROCEDURAL HISTORY**

On August 30, 2005, Plaintiff, Unico Services Inc. f/k/a/ Unico Replacement Parts, Inc. ("Unico"), filed suit seeking a refund of employment taxes for tax periods ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001(collectively "suit tax periods").[2] On January 6, 2006, the Internal Revenue Service ("IRS") notified Plaintiff's counsel, by letter, of its intention to file a Notice of Tax Lien if Unico failed to pay outstanding employment tax liabilities for tax periods ending June 30, 2001, December 31, 2001, June 30, 2005, and September 30, 2005. Subsequently, on January 13, 2006, Unico filed a Motion to Enjoin Collection Proceedings for the 2001 and 2005 tax periods identified in the IRS letter. On January 25, 2006, the IRS sent its Final Notice of Intent of Levy for the June and December 2001 year tax periods (collectively "non-suit tax periods"). The 2005 tax years were not included in this notice.[3]

After full briefing, oral argument was held on Unico's Motion to Enjoin. Unico argued that it is entitled to injunctive relief because the collection action contemplated by the IRS is in violation of I.R.C. § 6331(i) and that this Court has the authority to enjoin a levy or collection pursuant to § 6331(i)(4)(B). Unico argued that if the IRS is allowed to proceed with a collection action it would be collaterally estopped from contesting the unpaid tax by reasons of the collection action. Defendant contends that this Court lacks jurisdiction to enjoin the collection and in addition that the periods being subjected to collection action are not a portion of this refund suit and therefore would not fall under I.R.C. § 6331(i)(1).

The Court finds that it has the authority to enjoin a levy or collection pursuant to I.R.C. § 6331(i)(4)(B). However, the Court does not find that the facts of this case merit such result under I.R.C. 6331(i)(1). Therefore, Plaintiff's Motion to Enjoin Collection Proceedings is hereby denied.

---

[2] It appears that Unico has paid the full amount of employment tax assessed by the IRS, it remains unclear to the Court at this time whether the full amount of penalties and interest assessed for this last tax period has been satisfied. The Court need not make any factual determination resolving this contention at this stage of the proceedings.

[3] The 2005 tax periods are subject to liens not levies. Liens and levies are similar in that both are actions available to the IRS for the collection of unpaid tax. *See* I.R.C. §§ 6321, 6331. However, a lien is a legal claim to an interest in property as security for payment of a debt and puts other creditors on notice that the lien creditor has a priority claim against the debtor's property. A levy, on the other hand, is a legal seizure of property to satisfy a debt. Because § 6331(i)(1) applies only to levies, the 2005 tax periods fall outside its protection and Plaintiff is not entitled to injunctive relief. Therefore, this opinion relates only to the 2001 levied tax years.

## DISCUSSION

### I. Court's Authority to Enjoin under I.R.C. § 6331(i)(4)(B)

The Tucker Act, 28 U.S.C. § 1491 (2000), grants this Court jurisdiction to hear refund claims for employment taxes. Furthermore, I.R.C. § 6331(i)(4)(B) grants the authority to courts to enjoin certain IRS collection proceedings. Plaintiff asserts that because the underlying refund claim is properly before this Court, this Court would also be granted the authority under § 6331(i)(4)(B) to enjoin further collection proceedings initiated by the IRS. The Court agrees.[4]

The plain language of the statute supports the Plaintiff's argument. I.R.C. § 6331(i)(4)(B) states in pertinent part:

> Notwithstanding section 7421(a), a levy or collection proceeding prohibited by this section may be enjoined (during the period such prohibition is enforced) by the court in which the proceeding under paragraph (1) is brought.

In looking at the Anti-Injunction Act, I.R.C. § 7421(a), the Court notes that this section expressly prohibits the maintenance in any court of a suit brought "for the purpose of restraining the assessment or collection of any tax . . . ." I.R.C. § 7421(a). Thus, the Act provides that "once a tax has been assessed, a taxpayer is powerless to prevent the Internal Revenue Service from collecting the tax." *Stiles v. United States*, 47 Fed. Cl. 1, 2 (2000). Therefore the taxpayer has no relief but to pay the assessed tax. That being said, however, there are established exemptions to the Anti-Injunction Act, specifically I.R.C. § 6331(i)(4)(B), which grants courts the authority to enjoin "a levy or collection proceeding." Additionally, § 6331(i)(4)(B) expressly states that the limitations of the Anti-Injunction Act do not apply to challenges of collection proceedings under 6331(i)(1),

---

[4] Defendant, however, asserts that this Court lacks jurisdiction under the Tucker Act to enjoin the collection efforts by the IRS. Specifically, Defendant asserts that because of "the limited scope of this Court's injunctive and declarative powers ('restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records') – relevant primarily in the context of military pay cases and therefore has no application in the tax refund litigation." Def. Opp. at 4 (footnote omitted). Of course, the Court also has the corollary of injunctive power, the contempt power. 28 U.S.C. § 2521. This Court has jurisdiction to grant injunctive relief against the government in more than military pay cases. For example, in bid protests, and for full contract relief, this Court has been granted full injunctive powers. *See generally* 28 U.S.C. § 1491.

such as are before this Court. Consequently Unico is seeking to invoke an exception to the Anti-Injunction Act under I.R.C. § 633 (i)(1) and to enjoin the present collection proceedings under § 6331(i)(4)(B).

The Court notes that § 6331(i)(4)(B) uses the term "court" when granting the authority to enjoin collection proceedings. This is significant because it indicates that Congress does not intend to limit the class of courts that may enter an injunction under the statute. When Congress intends to limit authority to a specific class of courts, it does so. For example, when Congress granted jurisdiction to hear cases based on 42 U.S.C. § 1983, it specifically limited jurisdiction to "district courts." 28 U.S.C. § 1343(a)(4) (2000). For that reason, this Court does not have jurisdiction to hear cases under Section 1983. *E.g. Blassingame v. United States*, 33 Fed. Cl. 504, 505 (1995). Therefore, the use of the term "court," without any limiting modifier, indicates that Congress intends to grant whatever court in which the refund case is properly pending the authority to enter an injunction under § 6331(i)(4)(B). Because this Court is the court in which the underlying refund claim rests, this Court clearly has the authority to issue the injunction sought by the Plaintiff under § 6331(i)(4)(B). However, the inquiry does not end here. The Court must continue its inquiry into whether the non-suit tax periods are protected from a collection action under § 6331(i)(1).

## II. The Application of I.R.C. § 6331(i)(1)

In turning our attention to I.R.C. § 6331(i)(1), the Court is once again faced with a case of first impression. The question before the Court is whether § 6331(i)(1) protects the non-suit tax periods. Plaintiff advances the argument that divisible taxes are an exception to the full payment rule. According to the Plaintiff, any future case regarding the non-suit tax periods would be faced with collateral estoppel in litigation, of the issue here, thus invoking the protection from collection under § 6331(i)(1)(B). Tr. at 6. On the other hand, the Government contends that § 6331(i)(1) applies only to a levy made on the unpaid portion of a divisible tax that is the subject <u>of a proceeding</u>. Def. Br. at 8-9 (emphasis added). Further, Defendant contends that the Court need not get to section (B) because § 6331(i)(1) does not apply. Tr. at 19. After careful review and for the following reasons, the Court agrees with Defendant and holds that § 6331(i)(1) does not apply to the non-suit tax periods.

I.R.C. § 6331(i)(1) states in pertinent part:

> No levy may be made under subsection (a) on the property or rights of property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax to which was paid by such person if –
>
>> (A) the decision in such proceeding would be res judicata with respect to such unpaid tax; or

(B) such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding.

A "divisible tax" is defined for the purpose of this subsection as "(A) any tax imposed by subtitle C; and (B) the penalty imposed by section 6672 with respect to any such tax." I.R.C. § 6631(i)(2). Subtitle C of the Internal Revenue Code imposes employment taxes. The employment tax is "divisible" in the sense that it represents the aggregate taxes due from an employer based on its employment of multiple employees. *See Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991) ("A divisible tax . . . is one that represents the aggregate of taxes due on multiple transactions."). Here, both parties agree that both the suit and non-suit tax periods relate to employment taxes, and that employment taxes are divisible. However, Plaintiff asserts that because the subject of the refund claim is a divisible tax, the parties would be collaterally estopped from further contesting the unpaid tax in the later periods after the decision in this refund case is rendered. Plaintiff argues that the later periods fall within the plain language of the statute and therefore the Court must enjoin the collection activities for the related, later periods.

Here, Unico has filed its complaint requesting a refund of federal employment taxes already paid for the tax periods ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2000. After filing its complaint, the IRS sent a letter to Plaintiff advising Plaintiff of its intention to file a Notice of Tax Lien involving tax periods of June 30, 2001, December 31, 2001, June 30, 2005 and September 30, 2005, and then subsequently sent its notice of Intent to Levy for the 2001 tax periods. The Court finds the application of § 6331(i)(1) limited to a levy made on the unpaid portion of a divisible tax that is the subject of a proceeding (pending in a proper federal trial court) for the recovery of the portion of the divisible tax that was paid prior to the suit. In other words, the subsection "requires the IRS to withhold collection by levy of liabilities that are the subject of a refund suit during the pendency of the litigation." S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, 616. In addition, the Senate Report leaves no doubt that this provision will not "affect the IRS's ability to collect other assessments that are not the subject of the refund suit." *Id.* Therefore, collection by levy of the unpaid employment tax liabilities for the non-suit tax periods is not prohibited by § 6331(i).[5]

---

[5] Plaintiff's collateral estoppel argument need not be addressed as Plaintiff is precluded from relief under § 6331(i)(1).

## CONCLUSION

For the foregoing reasons the Court hereby **DENIES** Plaintiff's Motion to Enjoin Collection Proceedings. The Court further **DENIES AS MOOT** Plaintiff's request for attorney's fees and expenses.

**It is so ORDERED.**

s/ Loren A. Smith
LOREN A.SMITH
SENIOR JUDGE