**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 05-955 T and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

**UNICO INDUSTRIAL SERVICES INC. and D. GORDON POTTER,**

**Plaintiffs**

**v.**

**THE UNITED STATES,**

**Defendant**

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S PRELIMINARY STATEMENT OF FACTUAL ISSUES**

Pursuant to the Court's order dated March 14, 2006, defendant United States submits the following reply to plaintiffs' response to defendant's preliminary statement of factual issues.

In our Preliminary Statement of Factual Issues, we explained that important information was obtained during the IRS' administrative investigation of the offshore employee leasing arrangement that is at issue in this case, but that many other relevant facts remain to be developed. As an example, we pointed to the absence of a meaningful interview of Mr. Potter, the central figure in this litigation. We also advised that there are substantial differences between the prior Tax Court litigation (involving Unico's

corporate income taxes) and these consolidated cases (involving Unico's employment taxes and Mr. Potter's income taxes). While we committed to avoid discovery that would request information already obtained, we emphasized that these consolidated cases are a *de novo* proceeding and that discovery to identify and develop issues is essential. The factual issues we identified reflected the limits of the information in defendant's possession.

In response to our Preliminary Statement, Plaintiffs not only object to the factual issues identified by the United States (Plaintiffs' Response at 1-12), but they stake out an extreme position that the cases are "fully developed", that the United States should be "barred from further discovery", and that the cases "should be set on a fast-track schedule" (Plaintiffs' Response at 1). The United States responds to plaintiffs' objections to the factual issues below, but first responds to plaintiffs' procedural proposal that would prevent the United States from preparing an adequate defense.

Plaintiffs' requests that the United States be "barred from further discovery"[1] and the cases be set on a "fast-track schedule" should be denied. First, the United States has filed a motion to dismiss plaintiffs' complaints asserting various jurisdictional defects,

---

[1]To date, the United States has not conducted <u>any</u> discovery in these cases. During the scheduling conference held on March 9, 2006, and by order dated March 14, 2006, the Court requested submissions from the parties in order to resolve the dispute regarding a discovery schedule. The Court indicated that it would set a litigation schedule after the second scheduling conference, which is now scheduled for May 31, 2006. The United States understands that the parties are not permitted to proceed with discovery until the Court sets a discovery schedule.

including that plaintiffs' refund suits were filed prematurely in violation of §6532(a), thus depriving the Court of subject matter jurisdiction. Proceedings addressing the merits of the case should not be conducted (or as plaintiffs would have it, concluded) until the Court determines whether it has jurisdiction – which it does not.

Second, even if the Court were to conclude that it has jurisdiction, this action is not appropriate for a "fast-track schedule." The trial attorney for the United States is entitled to a reasonable opportunity to review the information obtained by the IRS, determine the additional inquiries that are necessary, conduct appropriate discovery, and perhaps retain one or more expert witnesses. The Internal Revenue Service considers the offshore employee leasing plan at issue here to be an abusive tax shelter of the type described in Notice 2003-22 (and which, as a result, imposes certain notice requirements on taxpayers). This is the first such case to proceed to litigation. It is a part of the Government's efforts to combat such tax shelters, and it is essential that defendant have a reasonable opportunity to prepare a defense. Defendant attached its Proposed Discovery Plan, detailing the discovery it anticipates and needs. In an effort to proceed efficiently and limit discovery, the United States will limit its document production requests to plaintiffs to only those documents not previously produced to the IRS. Likewise, it may be possible to avoid or limit the depositions of eight individuals whom the IRS previously interviewed pursuant to summons, if plaintiffs' counsel is willing to stipulate that the interview testimony will be admissible pursuant to Federal Rule of Evidence 801(d)(1)

and may be used as contemplated in RCFC 32 and 56(c).

Finally, plaintiffs' "fast-track schedule" request should be denied, because this case is not "fully developed" as a result of the IRS and Tax Court proceedings. Of critical importance, Mr. Potter has not yet provided answers to the majority of important factual questions in this case, because he invoked the Fifth Amendment privilege in response to most, if not all, questions posed by the IRS during a summons interview.[2] Mr. Potter is a party to this action and the most important witness. The offshore employee leasing arrangement was initiated for his exclusive benefit. He was the president, majority shareholder, and key employee of Unico during the relevant time periods. Mr. Potter may have information that no other witness can provide – particularly with respect to the negotiation and development of the Offshore Employee Leasing arrangement for his benefit, his subjective purposes for entering into the arrangement, and his ability to control the funds paid on his behalf into the arrangement. The United States also anticipates that the information provided by Mr. Potter – information not previously available to the IRS – may lead to further discovery with respect to the factual issues relating to Mr. Potter's income tax for 1998.

In addition, the IRS was not able to obtain important information regarding

[2]Mr. Potter was interviewed by the IRS twice. The first was an audit interview in 2001 that was not transcribed and during which the IRS obtained only preliminary information based on their limited understanding at that time. During the summons interview in 2003, which was under oath and transcribed, Mr. Potter claimed the Fifth Amendment privilege in response to all questions, including a request to state his name.

offshore entities and accounts, as its authority does not extend beyond our borders. The movement and control of funds through offshore entities and accounts is important to the determination of Mr. Potter's income tax liability. The judicial process now underway facilitates procedures to obtain information that are not otherwise available, and defendant should be given a reasonable opportunity to investigate.

Finally, both parties have stated that they intend to rely upon expert testimony. No experts were involved in the Tax Court proceedings, which means that the expert opinions will be developed and discovered for the first time in this litigation through an exchange of reports and depositions. The experts defendant will retain will likely suggest factual inquiries not presently apparent to defendant's counsel. The factual and expert discovery can not be accomplished on a "fast-track schedule."

Plaintiffs have objected to each of the factual issues identified by the United States. In the following paragraphs, the United States replies specifically to plaintiffs' objections.

- With respect to factual issues 1, 2, 5-9, 13-39, and 41 identified by the United States, plaintiffs object on the ground that the majority of factual issues are not in dispute. (Plaintiffs' Response at 2-10.) Plaintiffs contend that these facts have been: a) stipulated to in the Tax Court proceedings; b) developed by the IRS via administrative summons interviews and depositions; and/or c) developed by plaintiffs' responses to two sets of interrogatories and requests for production of documents propounded by the IRS in the Tax Court proceedings. (*Id.*)

The Tax Court stipulations were limited to the Tax Court proceedings (TRUE?) and are not applicable to this litigation. Plaintiffs apparently recognize as much because

they have stated that they are "willing to stipulate to the prior stipulations again." (Plaintiffs' Response at 2.) Plaintiffs have not submitted a draft stipulation to follow up on its suggestion, but the United States would consider entering into a stipulation of undisputed facts to streamline the issues in dispute in this matter. Any discussion about such a stipulation is preliminary at this point in the litigation, however, prior to the Court determining whether it has jurisdiction over this action.

As stated above, if particular factual issues have been adequately developed by the IRS summons interviews, the United States will not seek to duplicate the testimony (assuming plaintiffs will enter into a stipulation that the interview testimony will be admissible pursuant to Federal Rule of Evidence 801(d)(1) and may be used as contemplated in RCFC 32 and 56(c)). Similarly, the United States will not request documents from plaintiffs that have already been produced to the IRS. However, the United States does anticipate submitting interrogatories and requests for admission to plaintiffs, which is entirely appropriate, as the legal issues in this refund litigation (Unico's employment tax and Mr. Potter's income tax) are different than those in the Tax Court proceedings (Unico's corporate income tax), and plaintiffs' responses to the IRS's interrogatories and requests for admissions have no legal effect in this action.

- With respect to factual issues 3, 4, and 10-12 identified by the United States, plaintiffs object on the ground that plaintiffs have already stated their "position" on these issues during the IRS examination, audit and Tax Court proceedings. (Plaintiffs' Response at 11.)

Plaintiffs' objection is misplaced. The factual issues identified by the United

States are critical to the legal issues in this refund litigation. Litigation obviously involves the taking of "positions" by the litigants, but the existence of a position does not preclude the other side from evaluating the position through discovery. The United States is entitled to discovery, and eventually to present evidence at trial, in order to rebut plaintiffs' positions on these and other factual issues.

- With respect to factual issues 40 and 42-45 identified by the United States, plaintiffs object on the ground that they are "legal determinations of factual situations and not factual issues." (Plaintiffs' Response at 12.) Plaintiffs also contend that the facts relating to the legal issues are "fully developed." (*Id*.)

Contrary to plaintiffs' assertion, the issues identified are factual. As is true with all material facts, these facts have legal significance. Specifically, factual issues 40, 42, 43, and 44 have legal significance with respect to the economic substance doctrine and other related doctrines and factual issue 45 has legal significance with respect to the imposition of penalties against Unico. None of these factual issues have been "fully developed", because, among other reasons, Mr. Potter has not yet answered questions about any of these matters. (*See* p. 4, *supra*.)

In sum, while defendant's motion to dismiss for lack of jurisdiction is pending, the parties should not conduct proceedings on the merits. If the Court wishes to set a discovery schedule while the motion is pending, the United States requests that the Court provide an initial fact discovery period of six months to commence on the date the United States' motion to dismiss is decided (if the motion is denied). At the end of the initial six-

month period, the United States will provide the Court with a status report detailing the remaining fact discovery to be conducted, if any, and a request for the amount of time needed for expert discovery.

Respectfully submitted,

s/Jennifer P. Wilson

JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440
jennifer.p.wilson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm

Of Counsel

May 12, 2006