**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **D. GORDON POTTER and UNICO SERVICES, INC.** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cases No. 1:05-cv-00954-LAS** |
| | ) | **1:05-cv-00955-LAS** |
| **THE UNITED STATES OF AMERICA** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' REPLY AND MEMORANDUM OF LAW IN OPPOSITIONTO DEFENDANT'S MOTION TO DISMISS**

COME NOW Plaintiffs D. Gordon Potter and Unico Services, Inc. ("Potter" and "Unico" or collectively "Plaintiffs") and pursuant to this Court's order dated May 1, 2006, file their reply to the Defendant's Motion to Dismiss Plaintiffs' Complaints filed April 28, 2006.

**<u>FACTS</u>**

1. On or about November 14, 2003, following the examination of Potter's 1998 tax return, the Internal Revenue Service (the "IRS") issued Potter a statutory notice of deficiency reflecting a deficiency in the amount of $496,227.00 and a penalty under the Internal Revenue Code § 6662(a) in the amount of $99,245.00 (See **Exhibit 1** to Defendant's Motion to Dismiss).

2. On March 16, 2005 and June 21, 2005, Potter made payments to the IRS totaling $354,500.00 to satisfy his 1998 income tax deficiency. (See **Exhibit 3** to Defendant's Motion to Dismiss). On July 20, 2005, Potter filed an administrative refund claim with the IRS. In his administrative refund claim, Potter requested immediate disallowance of the administrative refund claim pursuant to such procedure as set forth in Internal Revenue Manual 4.23.13.4

(Feb. 1, 2003) (see attached **Exhibit A**) & 4512(2)(g) (Jan. 30, 1987). See attached **Exhibit B** for portions of refund claims requesting immediate disallowance. Immediate disallowance was requested, and was supposed to be granted pursuant to Internal Revenue Manual 4.23.13.4 (Feb. 1, 2003) & 4512(2)(g) (Jan. 30, 1987) so that the Complaints in this case could be immediately filed.

3. On April 7, 2004, the IRS issued Notices of Determination of Worker Classification to Unico for the periods ending June 30, 2000, September 30, 2000, and December 31, 2000 respectively. (See **Exhibit 5** to Defendant's Motion to Dismiss). On March 23, 2005, the IRS issued a Notice of Determination of Worker Classification for the period ending September 30, 2001. (See **Exhibit 6** to Defendant's Motion to Dismiss). The Notices allege that Potter was an employee of Unico during each of the respective periods and that Unico owed employment tax on all amounts Unico remitted to the entities Release Me and Fair Skys, whom Potter was employed by, during the respective periods.

4. Unico paid the alleged employment tax due for the respective periods set forth in the Notices of Determination of Worker Classification, and then, on or about July 20, 2005, filed administrative refund claims for the employment taxes paid. (See **Exhibits 7 through 10** of Defendant's Motion to Dismiss). In its administrative refund claims, Unico requested immediate disallowance of the administrative refund claims pursuant to such procedure as set forth in Internal Revenue Manual 4.23.13.4 (Feb. 1, 2003) (see attached **Exhibit A**) & 4512(2)(g) (Jan. 30, 1987). See attached **Exhibit B** for portions of refund claims requesting immediate disallowance. Immediate disallowance was requested, and was supposed to be granted pursuant to Internal Revenue Manual 4.23.13.4 (Feb. 1, 2003) & 4512(2)(g) (Jan. 30, 1987) so that the Complaints in this case could be immediately filed.

5. On or about August 18, 2005, in a telephone conversation with and in a letter dated August 18, 2005 from Mr. Robert J. Gee, the IRS' ATAT Team Manager assigned to the audits of Potter and Unico, Plaintiffs' attorney was advised that Mr. Gee was disallowing the Plaintiffs' refund claims. (See attached **Exhibit C**, Affidavit of Robert J. Stientjes and **Exhibits 1** and **2** attached to the Affidavit).

6. Both Potter and Unico executed and sent Form 2297, Waiver of Statutory Notification of Claim Disallowance, and Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit (collectively referred to herein as "waiver forms") to the IRS. Both of which were received by the IRS on August 25, 2005. (See **Exhibits 17** and **18** of Defendant's Motion to Dismiss).

7. On August 22, 2005 and August 24, 2005, Potter and Unico received computer generated Notices of Claim Disallowance, Letter 569. (See **Exhibits 15** and **16** of Defendant's Motion to Dismiss).

8. On or about August 30, 2005, in reliance to Mr. Gee's denial and after execution of the required waiver forms, Potter filed his suit for refund of his federal income tax in the amount of $350,000.

9. On or about August 30, 2005, in reliance to Mr. Gee's denial and after execution of the required waiver forms, Unico filed its suit seeking refund of $298,000 for refund of its federal employment tax, penalties, and interest assessed for tax quarters ending June 30, 2000, September 30, 2000, and September 30, 2001.

10. The IRS issued Letters 906, Notices of Claim Disallowance, to Unico on September 22, 2005 and Potter on September 27, 2005. (See **Exhibits 19** and **20** of Defendant's Motion to Dismiss).

11. On or about September 27, 2005, Plaintiffs amended their respective Complaints pursuant to Rule 15 of the Rules of Federal Court of Claims to include additional facts and documents not included in their original Complaints.

## ISSUE PRESENTED

1. Whether the Court has subject matter jurisdiction over Plaintiffs' refund suits?

2. Whether Plaintiffs state a takings clause cause of action for which relief can be granted?

## ARGUMENT

### I. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE REFUND CLAIMS BECAUSE THE PLAINTIFFS' SUITS ARE FILED IN ACCORDANCE WITH I.R.C. § 6532(a)(1)

The Tucker Act, 28 U.S.C. § 1491(a)(1), confers jurisdiction upon this Court to hear certain claims against the United States and waives sovereign immunity for those claims. ***United States v. Testan***, 424 U.S. 392, 398 (1976). In general, this Court has jurisdiction to adjudicate a tax dispute in the form of a refund action where the plaintiff has satisfied the jurisdictional requirements of fully paying the disputed tax and submitting a timely claim for refund to the IRS. See ***Flora v. United States***, 362 U.S. 145, 163 (1960). In addition, a plaintiff seeking to bring a refund suit is required to comply with the timing limitations established by I.R.C. § 6532(a) that state in relevant part:

> (1) General rule. No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of the filing of the claim required under such section ***unless the Secretary renders a decision thereon within that time***, nor after the expiration of 2 years from the date of mailing …a notice of disallowance….

* * *

(3) Waiver of notice of disallowance. If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

(emphasis added).

In support of their arguments that this Court has subject matter jurisdiction to adjudicate the Plaintiffs' refund suits, the Plaintiffs advance the following arguments:

A. <u>Plaintiffs Timely Filed Their Complaints Pursuant to section 6532(a)(1) Because the Filing of Forms 3363 and 2297 Allows Taxpayers to File Refund Suits Without the Receipt of a Final Notice of Disallowance</u>

Plaintiffs were justified in filing their refund suits as soon as they executed the relevant waiver forms, specifically, Forms 3363 and 2297. The purpose behind execution of Forms 3363 and 2297 is to allow a taxpayer to file his refund suit before the final notice of disallowance is issued.

The plain language of I.R.C. § 6532(a) clearly states that the requirement, that a taxpayer be mailed a notice of disallowance, may be waived and the two year period in which to file a refund claim begins running immediately after such waiver occurs. In this case, Plaintiffs filed their Complaints after the waiver occurred and during the two year period.

In ***Brandon v. Commissioner***, the United States Tax Court found that "[p]etitioners' signing of Forms 3363 and 2297 accelerated the running of the period of limitations on, as well as ***the first permissible date for filing a suit for***, the claimed credit for overpayment." 2003 Tax Ct. Summary LEXIS 34 at *8-*9. [emphasis added]. In the present case, like in ***Brandon***, the signing of Forms 3363 and 2297 served only one purpose, namely, to allow the Plaintiffs to file their refund suits, which the Plaintiffs did file. Accordingly, subject matter jurisdiction is proper in this Court.

B. Alternatively, Plaintiffs Were Justified in Filing Their Suits as Soon as the IRS Team Manager Informed Their Attorney on the Phone and by Letter that the IRS Denied Their Refund Claims.

Plaintiffs received the denial of their refund claims before the final notices of denial arrived in the mail. The plain language of I.R.C. § 6532(a)(1) allows the Plaintiffs to file their refund suits before the expiration of six month period from the date of filing the claim as long as the IRS renders a decision within that time. In the present case, the IRS' team manager communicated its decision to deny the Plaintiffs' refund claims to the Plaintiffs' attorney on or about August 18, 2005 in the form of a telephone call an in a letter dated August 18, 2005. (See **Exhibit C**, Affidavit of Robert J. Stientjes and **Exhibits 1** and **2** attached to the Affidavit). Plaintiffs immediately responded to the IRS' Team Manager's denial and executed and mailed the relevant waiver forms to the IRS. Upon learning that their claims were disallowed, Plaintiffs filed their suits immediately.

In ***W&S Distributing, Inc. v. United States***, an IRS agent orally communicated to the taxpayer's representative that the IRS disallowed the taxpayer's refund claim. ***W&S Distributing, Inc. v. United States***, No. 95-CV-10158-BC, 1996 WL 636119 at *5-*7. At the time of the communication, the taxpayer had not received the final notice of disallowance. ***Id***. The court found that the statement to the taxpayer's representative of the claim disallowance constituted a decision on the claim for refund within the meaning of § 6532(a)(1). ***Id***. The court explained that I.R.C. § 6532(a)(1) does not prescribe any particular form for allowing or rejecting the claims for refund. ***Id.*** The court further explained that as long as the taxpayer has adequate notice of the Commissioner's action on the claim, such notice is sufficient to start the running of the statute of limitations. ***Id.*** In the present case, like in ***W &S Distributing, Inc***, the IRS' Team Manager, Mr. Robert Gee, verbally advised Plaintiffs' attorney that the IRS was

disallowing the Plaintiffs' claims on or about August 18, 2005. (See attached **Affidavit of Robert J. Stientjes** and **Exhibits 1** and **2** attached to the Affidavit). In reliance of his statement of denial, the Plaintiffs executed the relevant waiver forms and filed their refund suits with this Court on or about August 30, 2005.

C. Alternatively, Plaintiffs Are Allowed to File Supplemental Pleadings to Comply with the Alleged Jurisdictional Requirements in their Complaints.

Rule 15 of the Rules of the Court of the Federal Claims allows Plaintiffs "upon reasonable notice and upon such terms that are just" to file a supplemental pleading that recites facts occurring after the complaint was filed. ***In Mathews v. Diaz***, 426 U.S. 67, 75 (1976) the plaintiff sought judicial review of his claim under the Social Security Act. The Supreme Court found that the Act required a claimant to seek and obtain a ruling on his claim from the Secretary of Health, Education and Welfare prior to seeking judicial review. ***Id***. The Supreme Court held that even though filing an application with the Secretary was a "non-waivable condition of jurisdiction," the application in that case was filed while the suit was pending and that a supplemental pleading reciting that fact "would have eliminated this jurisdictional issue." ***Id***. This decision is consistent with other holdings that jurisdictional shortcomings can be cured while a case is pending if the plaintiff obtains leave to file supplemental pleading under Rule 15(d) reciting post-filing events that have remedied the defect. *See also* ***Black v. Secretary of Health***, 93 F.3d 781, 790 (Fed. Cir. 1996), ***Interpid v. Pollock***, 907 F.2d 1125, 1129 (Fed. Cir. 1990), ***Wilson v. Westinghouse Elec. Corp.***, 838 F.2d 286, 290 (8th Cir. 1988), ***United States v. C.J. Elec. Contractors, Inc***., 535 F.2d 1326, 1329 (1 st Cir. 1976), ***Security Ins. Co. v. United States ex rel. Haydis***, 338 F.2d 444, 449 (9th Cir. 1964).

Furthermore, in ***Whittington v. United States***, Plaintiffs filed their refund suits before filing the relevant waiver forms and before the expiration of the required statutory six-month

waiting period of I.R.C. § 6532(a). ***Whittington v. United States***, 380 F. Supp. 2d 806, 811 (S.D. Tex. 2005). The court refused to dismiss the case as requested by the United States and allowed the plaintiffs to amend their petitions to incorporate the required jurisdictional prerequisites. ***Id***. at 813. Similarly, in ***Provenzano v. United States***, the court considered the six month waiting period mandated by § 6532(a)(1). ***Provenzano v. United States***, 123 F. Supp. 2d, 554, 559 (S.D. Cal. 2000). Like in ***Whittington v. United States***, the plaintiff filed the refund suit before the six-month waiting period required for filing has expired. ***Id***. The court held that the failure to comply with the six-month waiting period was not a bar to recovery. ***Id***. at 557. The court explained that justice is best served by reading the statute and the regulations in light of their purpose. ***Id***. The court cited to the Supreme Court case of ***Tucker v. Alexander***, 275 U.S. 228 (1927) which held that the statutes and regulations "are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." ***Id***. The court granted the motion to dismiss but allowed the plaintiff to amend its complaint. ***Id.***

The present case is identical to ***Diaz, Whittington,*** and ***Provenzano***. Assuming, *arguendo*, that the Plaintiffs failed to comply with the jurisdictional requirements prior to filing their suits for refunds. Pursuant to ***Diaz*** and Rule 15 of the Rules of the United States Court of Federal Claims, this Court may upon reasonable notice, and upon such terms as are just, allow the Plaintiffs to supplement their Complaints to comply with the jurisdictional prerequisites. Like in ***Diaz***, ***Whittington*** and ***Provenzano*** the events vesting the jurisdiction in this Court happened while the Plaintiffs' suits were pending. Therefore, allowing the Plaintiffs leave to amend their complaints would be consistent with the holding in ***Diaz, Whittington*** and ***Provenzano*** and other cases within this circuit. If the Court dismisses the Plaintiffs suits as the

Defendant prays, Section § 6532(a)(1) will be used as a trap for the unwary, especially, when the requested leave to amend does not prejudice the Defendants in any way. If the Court dismisses the Plaintiffs' suits, injustice will be served and the purpose of the statute would be defeated. Accordingly, the Plaintiffs respectfully request this Court to deny the Defendant's Motion to Dismiss as to the refund suits or in the alternative to allow the Plaintiffs to amend their Complaints to comply with the jurisdictional prerequisites. A copy of Plaintiffs' Motion For Leave To File Amended Complaints To Comply With Jurisdictional Prerequisites is simultaneously filed with this Reply.

Dismissing the present case would not advance any logical purpose since the Plaintiffs' suits are well within the required two-year statute of limitations. By requesting the dismissal Defendant is trying to achieve only one purpose to create delays that would waste the time and resources of the Court and the litigants, specifically, by wasting time, and ignoring the doctrine of judicial economy. In deciding whether to dismiss a case the courts usually consider whether the dismissal would create additional expense to the parties, congest the court system, the economy, namely, whether a dismissal would create duplicative litigation, waste time and money. ***Carpenter v. Parker Drilling Offshore USA, Inc***., 2005 U.S. Dist. LEXIS 11979, at *3. See also ***Murphy et al. v. Allied Asphalt Paving Co.,*** 1991 U.S. Dist. LEXIS 4168, at *4-*8. In the present case, if the Plaintiffs' suits are dismissed the Plaintiffs will re-file them immediately with this Court. By dismissing the suits the Defendant's goal to delay, defer, postpone and interrupt these proceedings will be achieved. Furthermore, judicial resources, time and money will be wasted by the court system, Defendants, taxpayers who support the Defendants, as well as the Plaintiffs. Once the Plaintiffs re-file their suits again, the Court will be congested by another docket entry with the same issues that could have been litigated in these proceedings.

Accordingly, the Defendant's tactics of delay and hindrance undermine the Court's efficiency, waste time and recourses and do not serve any legitimate purpose.

D. The Cases Cited by Defendants are Distinguishable from the Plaintiffs' Facts.

Although in its Motion to Dismiss Defendant cites to a plethora of cases dealing with jurisdictional issues within the context of refund litigation, none of them deal directly with the issues presented in the Plaintiffs' case, and therefore, can be easily distinguished. In ***United States v. Brockamp***, the taxpayers filed the administrative claims for refunds several years after the relevant statutory time-period had ended alleging that the delay in filing was because of a mental disability. ***United States v. Brockamp***, 519 U.S. 347, 348 (1997). The Supreme Court concluded that the doctrine of equitable tolling did not apply to the suits against the United States and dismissed the taxpayers' claims. ***Id***. at 350. In the present case, the Plaintiffs filed their refund suits within the prescribed statutory time-frame and are not asking the Court to apply the doctrine of equitable tolling, thus, ***Brockamp*** is not applicable to the present case.

Further, Defendant cites the case of ***United States v. Sherwood*** in which a creditor attempted to sue the United States in the federal district court under the Tucker Act for breach of contract to which litigation the United States did not consent. ***United States v. Sherwood***, 312 U.S. 584, 585. In Sherwood, Sherwood obtained a judgment in the state court against an unrelated third-party, Kaiswer. ***Id***. at 585. Previously the United States breached its contract with Kaiswer. Because of the government's breach Kaiswer was unable to pay Sherwood. ***Id***. The state court order allowed Sherwood to sue the government in the federal court to receive some funds to satisfy his judgment against Kaiswer. ***Id***. Sherwood sued the United States and Kaiswer in the United States District Court. ***Id***. The Supreme Court found that the district court did not have subject matter jurisdiction to adjudicate Sherwood's claim against the United States

because there was no contract between Sherwood and United States, and the United Stated did not relinquished its sovereign immunity and did not consent to litigation in the federal court. ***Id***. at 591. In the present case the jurisdiction to adjudicate the Plaintiffs' claims is proper under I.R.C. § 6532(a)(1) as long as suit is filed six months from the date of the filing of the refund claim under I.R.C. § 6532(a)(1) or unless "the Secretary renders a decision thereon" before the expiration of the six month period**.** In Plaintiffs' case, (1) Plaintiff filed the relevant waiver forms, specifically, Forms 3363 and 2297; (2) the IRS' Team Manager communicated the denial to Plaintiffs' attorney on or about August 18, 2005 in the forms of a telephone communication and in the form of his August 18, 2005 letter; and (3) the alleged jurisdictional defect can be cured by filing an amended complaint.

The Defendant is attempting to persuade this Court that it does not have jurisdiction over the Plaintiffs' suits pursuant to ***Sherwood v. United States***. Clearly, the facts of ***Sherwood*** are completely different from the facts of the present case. In ***Sherwood***, the judgment creditor had no statutory or contractual basis to sue the United States. In the present case, pursuant to I.R.C. § 6532(a)(1) Plaintiffs are allowed to bring their refund suits as long as these suits are brought within the time-frame prescribed by the statute. The Plaintiffs brought their refund suits within the time-frame prescribed by the statute. Accordingly, ***Sherwood*** does not apply to the facts of the present case.

## II. PLAINTIFFS DO NOT CONTEST ISSUES 2 & 3 OF DEFENDANT'S MOTION TO DISMISS

In its Motion to Dismiss, Defendant argues: (2) The Court lack subject matter jurisdiction to consider Plaintiffs' Fifth Amendment due process claims; and (3) The Court lack subject matter jurisdiction over Plaintiffs' challenges to the imposition of penalties because they have failed to pay all assessed penalties as required by the full-payment rule.

Plaintiffs do not contest issues 2 & 3 of Defendant's Motion to Dismiss and concedes these issues.

## III. PLAINTIFFS' TAKINGS CLAUSE CLAIMS STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Defendant erroneously argues that a claim for tax relief cannot be supported under the Takings Clause because the challenge to the collecting of a tax must come from refund jurisdiction. However, in Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1371 (Fed. Cir. 2000), the Court of Appeals unequivocally held that a constitutional challenge to the collection of tax and contained in the Internal Revenue Code can occur independent from refund jurisdiction. Specifically, the Court of Appeals stated:

> We also hold that the cause of action based on the Export Clause is self-executing; that is, similar to the Compensation Clause, a party can recover for payment of taxes under the Export Clause independent of the tax refund statute.

The Court of Appeals has also held that, like the Export Clause, the Takings Clause is self-executing. *See* Broughton Lumber Co. v. Yeutter, 939 F.2d 1547, 1556 (Fed. Cir. 1991). Accordingly, a takings clause claim can be made either refund jurisdiction or the takings clasue or both.

WHEREFORE, based on the above stated reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss and for such other further relief as this Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

Date: 05/30/06

By: /s/: Robert J. Stientjes

Robert J. Stientjes
Gasaway & Stientjes, LLC
1120 Olivette Exec. Pkwy., Ste. 220
Saint Louis, Missouri 63132
(314) 872-3988 telephone
(314) 872-7374 facsimile
**Attorney for Plaintiffs**