4.23.13.4 No Consideration Given Certain Refund Claims (02-01-2003)

(1) No consideration will be given to a claim for refund of employment tax which:

a. was not timely filed;

b. is based solely on alleged unconstitutionality of Revenue Acts;

c. is based on a return stamped "Waiver of refund," or there is other evidence in the case file indicating that a refund was waived as a consideration in a settlement by the Department of Justice, the Chief Counsel's Office, etc;

d. relates to a return closed on the basis of a final court order, unless a refund may nevertheless be allowed under specific provisions of the Code;

e. covers a taxable period in which the tax liability or specific issues were the subject of a final closing agreement under IRC section 7121, or in which the tax liability was compromised under IRC section 7122;

f. is the subject of a request for withdrawal by the claimant;

g. is based solely on an issue considered in previously examined returns of the claimant who requests in writing the immediate issuance of a statutory notice of claim disallowance;

h. raises issues that were allowed in the previous closing of the case; or

i. purports to be a claim for refund but actually is a request for reconsideration of a claim previously disallowed.

(2) If a claim for refund is within types (1)(a) through (e) above, Letter 905(DO) or Letter 906(DO) or Letter 916 (C/DO) (with applicable box checked) will be issued to the taxpayer advising that no consideration can be given to the claim. There are certain exceptions to those claims described in (1)(e), based on statutory exceptions to finality of closing agreements, and claims based on issues not included in prior specific matter closing agreements.

(3) If a claim is within types (1)(f) and (g) above, a certified notice of claim disallowance will be issued and no other action needs to be taken.

(4) If a claim is identified as type (1)(h) above and was filed solely as a protective claim on invitation of the Service, it will be associated with the case file without further audit action. A no-consideration letter will not be issued to the claimant, but a memorandum for the file will be attached to the claim explaining why no action was taken. A type (1)(h) claim filed under any other circumstances requires issuance of Letter 916 (C/DO). A copy will be placed in the case file as a record of the action taken.

(5) Claims involving years previously closed by Appeals Office will be handled as provided in IRM 4.23.13.7.

EXHIBIT
tabbies
A