**I N THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**No. 05-955 and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

**UNICO SERVICES, INC. and D. GORDON POTTER,**

**Plaintiffs,**

**v.**

**THE UNITED STATES OF AMERICA**

**Defendant**

---

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO COMPLY WITH JURISDICTIONAL PREREQUISITES**

COMES NOW Plaintiffs D. Gordon Potter (hereinafter "Potter") and Unico Services, Inc. (hereinafter Unico or collectively "Plaintiffs") pursuant to Rule 15 of the Rules of the United States Court of Federal Claims, and respectfully move this Court for an Order granting Plaintiffs leave to file their Second Amended Complaint in order to comply with the jurisdictional prerequisites raised in Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6).

In support of their Motion, Plaintiffs state as follows:

1. On or about November 14, 2003, following the examination of Potter's 1998 tax return, the Internal Revenue Service (the "IRS") issued Potter a statutory notice of deficiency reflecting a deficiency in the amount of $496,227.00 and a penalty under the Internal Revenue Code § 6662(a) in the amount of $99,245.00.

2. On March 16, 2005 and June 21, 2005, Potter made payments to the IRS totaling $354,500.00 to satisfy his 1998 income tax deficiency. On July 20, 2005, Potter filed an

administrative refund claim with the IRS. In his administrative refund claim, Potter requested immediate disallowance of the administrative refund claim pursuant to the procedures set forth in Internal Revenue Manual 4.23.13.4 (Feb. 1, 2003) and 4512(2)(g) (Jan. 30, 1987). Immediate disallowance was requested and was supposed to be granted pursuant to the Internal Revenue Manual 4.23.13.4 (Feb. 1, 2003) and 4512(2)(g) (Jan. 30, 1987) so that the Complaints in this case could be immediately filed.

3. On April 7, 2004, the IRS issued Notices of Determination of Worker Classification to Unico for the periods ending June 30, 2000, September 30, 2000, and December 31, 2000 respectively. On March 23, 2005, the IRS issued a Notice of Determination of Worker Classification for the period ending September 30, 2001. The Notices alleged that Potter was an employee of Unico during each of the respective periods and that Unico owed employment tax on all amounts Unico remitted to the entities Release Me and Fair Skys, whom Potter was employed by, during the respective periods.

4. Unico paid the alleged employment tax due for the respective periods set forth in the Notices of Determination of Worker Classification, and then, on or about July 20, 2005, filed refund claims for the employment taxes paid. In its administrative refund claim, Unico requested immediate disallowance of the administrative refund claim pursuant to the procedures set forth in Internal Revenue Manual 4.23.13.4 (Feb. 1, 2003) and 4512(2)(g) (Jan. 30, 1987). Immediate disallowance was requested and was supposed to be granted pursuant to the Internal Revenue Manual 4.23.13.4 (Feb. 1, 2003) and 4512(2)(g) (Jan. 30, 1987) so that the Complaints in this case could be immediately filed.

5. On or about August 18, 2005, in a telephone conversation, Mr. Robert J. Gee, the IRS' ATAT Team Manager, advised Plaintiffs' attorney that he was disallowing the Plaintiffs'

claims. (See attached Affidavit of Robert J. Stientjes accompanying Exhibits attached to the Affidavit filed in Support of Plaintiff's Reply to Defendant's Motion to Dismiss).

6. Pursuant to Mr. Gee's instruction to Plaintiffs' attorney both Potter and Unico executed and sent Form 2297, Waiver of Statutory Notification of Claim Disallowance, and Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit (collectively referred to herein as "waiver forms") to the IRS. Both of which were received by the IRS on August 25, 2005.

7. On August 22, 2005 and August 24, 2005 respectively, Potter and Unico received computer generated Notices of Claim Disallowance, Letter 569.

8. On or about August 30, 2005, in reliance of Mr. Gee's denial of Potter's claims and after execution of the required waiver forms, Potter filed his suit for refund of his federal income tax in the amount of $350,000.

9. On or about August 30, 2005, in reliance of Mr. Gee's denial of Unico's claims and after execution of the required waiver forms, Unico filed its suit seeking refund of $298,000 for refund of its federal employment tax, penalties, and interest assessed for tax quarters ending June 30, 2000, September 30, 2000, and September 30, 2001.

10. The IRS issued computer generated Letters 906, Notices of Claim Disallowance, to Unico on September 22, 2005 and Potter on September 27, 2005.

11. On or about September 27, 2005, Plaintiffs amended their respective Complaints pursuant to Rule 15 of the Rules of Federal Court of Claims to include additional facts and documents not included in their original Complaints.

12. On or about April 28, 2006, Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6).

13. Rule 15 of the Rules of the United States Court of Federal Claims states that "….a party may amend [its pleading] at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of adverse party; and leave shall be freely given when justice so requires."

14. In the instant litigation, the Plaintiffs' First Amended Complaints do not state the exact date for the disallowance. Plaintiffs are ready to amend their Complaints to demonstrate that they complied with the jurisdictional requirements at the time the Complaints were filed, or in the alternative, that they became eligible to file their refund suits on or after September 22, 2005 and September 27, 2005.

15. Plaintiffs submit their Reply and Memorandum of Law in Opposition to Defendant's Motion to Dismiss together with this Motion.

16. Plaintiffs will be prejudiced if the Court denies their request for leave to file their Second Amended Complaints in order to comply with the jurisdictional prerequisites. Resolution of the Plaintiffs disputes will be delayed. Judicial resources, time and money will be wasted by the court system and the parties. Once Plaintiffs re-file their suits again, this Court will be congested with another docket entry with the same issues that could have been litigated in these proceedings.

17. The requested leave to amend does not cause any undue delay or prejudice Defendant in any way.

WHEREFORE, Plaintiffs respectfully pray that this Court enter an Order granting Plaintiffs leave to file their Second Amended Complaint and for such other further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

Date: May 31, 2006

By *s/Robert J. Stientjes*

Robert J. Stientjes
Gasaway & Stientjes, LLC
1120 Olivette Exec. Pkwy, Ste. 220
Saint Louis, Missouri 63132
(314) 872-3988 telephone
(314) 872-7374 facsimile
**Attorney for Plaintiffs**