**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 05-955 T and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

**UNICO SERVICES INC. and D. GORDON POTTER,**

**Plaintiffs**

**v.**

**THE UNITED STATES,**

**Defendant**

# UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, the United States, filed a motion to dismiss on April 28, 2006, asking the Court to dismiss plaintiffs' suits, because they were prematurely filed in violation of § 6532(a)(1), thus depriving the Court of subject matter jurisdiction. Plaintiff responded on May 30, 2006, arguing that this Court has subject matter jurisdiction over their suits, because (1) they filed the relevant waiver forms prior to filing suit; (2) the IRS denied plaintiffs' refund claims prior to the date they filed suit; and (3) the alleged jurisdictional defect can be cured by filing an amended complaint.

In addition to responding to our motion to dismiss, on May 31, 2006, plaintiffs filed a motion for leave to file second amended complaints. Plaintiffs request leave to

amend their complaints to state either a) that "they complied with the jurisdictional requirements at the time the Complaints were filed"; or b) that "they became eligible to file their refund suits on or after September 22, 2005 and September 27, 2005" when the IRS issued final notices of disallowance of their refund claims. (Plaintiffs' Motion to Amend at ¶ 14.) Plaintiffs argue that they will be prejudiced if the Court denies their request for leave to file amended complaints because resolution of their litigation will be delayed. (*Id*. at ¶ 16.) As we explain below, and in our reply to substantially similar arguments plaintiffs advance in opposition to our motion to dismiss, plaintiffs can not cure the jurisdictional defects by amending their complaints.

**A. Plaintiffs' request for leave to amend their complaints to state that they complied with jurisdictional requirements should be denied.**

Plaintiffs' request for leave to file an amended complaints stating that "they complied with the jurisdictional requirements at the time the Complaints were filed" is superfluous, and a repetition of arguments made in opposition to our motion to dismiss. The United States filed its motion to dismiss for lack of subject matter jurisdiction, because plaintiffs filed suit before the IRS disallowed their claims or six months had passed. *See* § 6532(a)(1).

In ruling upon the United States' motion to dismiss, the Court will be required to resolve the parties' dispute over whether plaintiffs satisfied the jurisdictional requirements of § 6532(a)(1) when they filed their complaints. If the Court grants the United States' motion, the appropriate remedy will be to dismiss plaintiffs' complaints

without prejudice. *See* Sections B and C, *infra*. However, if the Court denies the United States' motion – which it should not – the Court's decision will be the law of the case, thus making it unnecessary for plaintiffs' to amend their complaints to assert the requisite jurisdictional facts.

**B. Plaintiffs' request to amend their complaints to state that their refund claims were denied after their complaints were filed should be denied as it can not cure the suits' jurisdictional defects.**

Plaintiffs assert that the jurisdictional defect in this case can be cured by filing an amended or supplemental complaint pursuant to RCFC 15, stating that they became eligible to file their suits after the IRS denied their refund claims by notice of disallowance on September 22 and 27, 2005. (Plaintiffs' Motion to Amend at ¶¶ 13-14.)

The relevant provision, RCFC 15(d), states, in pertinent part:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

The general rule is that federal court jurisdiction is time-specific in that it depends on the facts as they existed when a complaint was filed, *see Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 830 (1989); *National Presto Industries, Inc. v. Dazey Corp.*, 107 F.3d 1576, 1582 (Fed. Cir. 1997); however, some jurisdictional defects can be cured by filing a supplemental pleading under RCFC 15(d) "in appropriate circumstances." *Black v. Secretary of Health and Human Svcs.*, 93 F.3d 781, 790 (Fed. Cir. 1996). The Federal

Circuit has explained that whether a supplemental pleading "can be used to rescue an insufficient petition or complaint in a particular case depends on a careful reading of the substantive provision at issue." *Id*.

The Federal Circuit has made it clear that the filing of a suit before the expiration of a statutory waiting period is not an appropriate circumstance:

> If the statute in question contains, for example, an express prohibition against filing a complaint before the expiration of a statutory waiting period, it would defeat the purpose of the statutory prohibit to permit a plaintiff to ignore the waiting period, file his complaint during the waiting period, and then seek to cure the defect by filing a supplemental pleading alleging that the waiting period expired during the pendency of the action.

*Black*, 93 F.3d at 790; *see also McNeil v. United States*, 508 U.S. 106, 111-13 (1993) (since the statute at issue contained an express prohibition against filing suit prior to the expiration of a waiting period, complaint filed during the prohibited period had to be dismissed rather than permitted to go forward, even though the waiting period had expired while the complaint was pending); *Hallstrom v. Tillamook County*, 493 U.S. 20, 32-33 (1989) (same). Accordingly, it is well-settled that a supplemental pleading can not cure a jurisdictional defect when the statute at issue contains an express prohibition against filing a complaint before the expiration of a statutory waiting period.

Here, the statute at issue, § 6532(a)(1), is an express prohibition against filing a refund suit before the expiration of a six-month waiting period unless the IRS renders a decision on taxpayer's refund claim prior to the expiration of the six months. Plaintiffs

unquestionably filed suit prior to the expiration of the six-month waiting period, and, as explained in our opening and reply briefs in support of our motion to dismiss, the IRS did not render a decision prior to the date plaintiffs filed suit. The Court can not permit plaintiffs to amend or supplement their pleadings to allege that the IRS rendered a decision in September, 2005, after the suits were filed, or to allege that the six-month waiting period has now expired. To do so would render the statutory prohibition meaningless and permit any plaintiff to ignore the statutory waiting and then file an amended pleading.

**C. The required remedy for premature filing in violation of § 6532(a)(1) is dismissal without prejudice.**

The required remedy for suits filed prematurely in violation of § 6532(a)(1) is dismissal without prejudice. *See Stelco Holding Co. v. U.S.*, 42 Fed. Cl. 101, 115-16 (1998) (premature filing in violation of § 6532(a)(1) compels dismissal of complaint without prejudice). Accordingly, even if a plaintiff would be prejudiced by this remedy – and plaintiffs here clearly would not – the Court is nonetheless required to dismiss when a refund suit is filed too early.

Plaintiffs can not demonstrate how they will be prejudiced (except as a consequence of their own actions) if their suits are dismissed without prejudice. Plaintiffs merely state that resolution of their suits will be delayed if they are dismissed. (Plaintiffs' Motion to Amend at ¶ 16.) But the Court, lacking jurisdiction, has not power to go forward. And the reason it has no power is solely because plaintiffs filed their suits too

early. A premature suit is not "delayed." Indeed, but for plaintiffs obstinance in disputing a plain jurisdictional defect, rather than simply dismiss and re-file, their claims could be more advanced by now. In any event, the re-filing of plaintiffs' suits can be accomplished quickly, and their claims can then move forward. Plaintiffs will not be prejudiced.

**CONCLUSION**

For the foregoing reasons, the Court should deny plaintiffs' motion for leave to file second amended complaints to comply with jurisdictional prerequisites.

Respectfully submitted,

s/Jennifer P. Wilson

JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440
jennifer.p.wilson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm

Of Counsel

June 14, 2006