**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**No. 05-955 T and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

**UNICO SERVICES INC. and D. GORDON POTTER,**

**Plaintiffs**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**DECLARATION OF ROBERT J. GEE**

---

I, ROBERT J. GEE, declare as follows:

1. I am an ATAT (Abusive Tax Avoidance Transactions) Group Manager with the Small Business/Self Employed Division of the Internal Revenue Service.

2. I was asked to review the "Affidavit of Robert J. Stientjes in Support of Plaintiffs' Reply to Defendant's Motion to Dismiss" (hereafter the "Stientjes Affidavit"), an unsigned copy of which, including an unsigned signature block for a Notary Public dated May 30, 2006, is attached to "Plaintiffs' Reply and Memorandum of Law in Opposition to Defendant's Motion to Dismiss" in the above-captioned consolidated cases.

3. I did review the Stientjes Affidavit.

4. The Stientjes Affidavit references portions of the time period between June,

2005 and August 30, 2005.

5. As of June 2005 when I first communicated with Robert J. Stientjes (hereafter, "Mr. Stientjes"), I have made a habit of documenting every communication I have with Mr. Stientjes.

6. I have thoroughly reviewed all of my records, correspondence and documentation reflecting communications I had with Mr. Stientjes covering the time period June 1, 2005 through August 31, 2005.

7. Based on my memory and based on my records, correspondence, and documentation, I do not believe the August 18, 2005 conversation between Mr. Stientjes and myself described in paragraph 4 of the Stientjes Affidavit took place. There is no record of such conversation nor reference to such conversation in any of my records, correspondence, or documentation, and I have no memory of such a conversation. If the August 18, 2005 conversation Mr. Stientjes describes at paragraph 4 of the Stientjes Affidavit had taken place, I am confident that the conversation would have been documented in my files.

8. I did send a fax regarding the refund claim of Plaintiff, D. Gordon Potter (hereafter "Mr. Potter'), to Mr. Stientjes on August 18, 2005 at 5:10 p.m. Pacific time. The fax date and time are reflected on my retained copy of the fax and correspond to the 7:05 p.m. Central time date stamp shown on my copy of the letter attached to the Stientjes Affidavit. In that August 18, 2005, 5:10 p.m. fax, I asked Mr. Stientjes a question

concerning the amount of Mr. Potter's refund claim.

9. Following my August 18, 2005, 5:10 p.m., fax to Mr. Stientjes, there was no further communication between Mr. Stientjes and myself until August 21, 2005 at 2:11 p.m. when Mr. Stientjes sent me an Email attaching copies of the Unico Services Form 843 refund claims for the periods ending June 30, 2000, September 30, 2000 and December 30, 2000. Then on August 21, 2005, at 2:57 p.m., Mr. Stientjes sent me another Email. In this August 21, 2005, 2:57 p.m. Email, Mr. Stientjes answers my question regarding the amount of Mr. Potter's refund claim posed in my August 18, 2005, 5:10 p.m., fax to Mr. Stientjes. This August 21, 2005, 2:57 p.m. Email does reference my August 18, 2005 fax; however, it does not reference any August 18, 2005 conversation between Mr. Stientjes and myself. A copy of the August 21, 2005 2:11 p.m. Email and the August 21, 2005, 2:57 p.m. Email, both from Mr. Stientjes to me, are attached as Exhibits A and B, respectively.

10. A notice of proposed disallowance of refund claim dated August 22, 2005 regarding Mr. Potter was faxed to Mr. Stientjes on August 23, 2005. A notice of proposed disallowance of refund claim dated August 24, 2005 regarding Plaintiff, Unico Services Inc. was sent to Mr. Stientjes on August 24, 2005.

11. With the exception of communications described in this Declaration, there were no communications between Mr. Stientjes and myself from August 18, 2005 until after the August 31, 2005 filing date of the above-captioned consolidated cases.

12. I had an earlier conversation with Mr. Stientjes on July 18, 2005 at 3:20 p.m. On that day, Mr. Stientjes called me to follow up on a fax he had previously sent to me regarding Mr. Potter's refund claim. Mr. Stientjes requested that the IRS immediately issue the statutory notification of claim disallowance and stated that he did not want the IRS to take six months to resolve the refund claim. He wanted to file a refund suit to suspend collection action and to challenge the employee leasing issue. We also talked about him providing books and records of Unico and Potter for years under audit. Mr. Stientjes stated repeatedly that he would not produce books and records of Unico and Potter for years under audit until the IRS complies with his request to issue the notification of claims disallowance. I told him that withholding the books and records of Unico and Potter was not right. He said that both sides would benefit if the IRS were to immediately issue the notification of claim disallowance. I told him that I would have to review our internal procedures to see what needs to be done as I thought the IRS Memphis office may handle the issuance of the notification of claim disallowance. I then said that I would get back to him.

13. On July 21, 2005 at 12:58 p.m., Mr. Stientjes left me a voice message. He stated that he had not heard back from me regarding Mr. Potter's refund claim disallowance and that he will assume that I decided not to issue the notification of claim disallowance as it has been one month since the refund claim was sent to us. Mr. Stientjes said that he would have to take other steps accordingly, that if he was wrong

about this, I should let him know because it had been a month and he would have to take other steps.

14. On July 22, 2005 at 4:25 p.m., I spoke with Mr. Stientjes regarding Mr. Potter's refund claim. Mr. Stientjes told me that he wanted to file a refund suit to litigate the employee leasing issue and suspend collection action. I told Mr. Stientjes that I have to first abate the tax that we agreed to abate based on the audit reconsideration in order to reduce the amount of tax shown on our computer system. I explained that this process will make our records match the tax as adjusted on the amended return and that the abatement is done by the Memphis Campus. Once the abatement is processed, the case is then sent to another unit in the Bay Area to issue the notification of claim disallowance. This way the notification of claim disallowance will match the amount on the amended return and to our computer systems.

I declare, under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on June 8, 2006, in San Francisco, California.

Robert J. Gee

**Gee Robert J**

---

**From:** Rob Stientjes [rjstientjes@gasawaytaxlaw.com]

**Sent:** Sunday, August 21, 2005 2:11 PM

**To:** robert.gee@irs.gov

**Subject:** Copies of amended returns

**Importance:** High

**Attachments:** Unico Services.f843.refund.june30.2000.doc; Unico Services.f843.refund.december31.2000.doc; Unico Services.f843.refund.september30.2000.doc

Robert J. Stientjes
Gasaway & Stientjes LLP
41 S. Old Orchard Ave., Ste. B
St. Louis, MO 63119
314.961.3812 phone
314.705.2771 cell
314.918.7120 fax
rjstientjes@gasawaytaxlaw.com

EXHIBIT A

**Gee Robert J**

---

**From:** Rob Stientjes [rjstientjes@gasawaytaxlaw.com]

**Sent:** Sunday, August 21, 2005 2:57 PM

**To:** robert.gee@irs.gov

**Subject:** Questions about amended return

In response to your fax sent to me on Wednesday night, I reviewed the Form 1040X that we filed for D. Gordon Potter for 1998.

I see the error now that you are questioning. Line 22 should read $358,054. It appears that I inadvertently failed to subtract the Total Tax on Line 10 from line 20.

If you have additional questions, please contact me on my cell phone as I will be out of the office on Monday and most of Tuesday.

Robert J. Stientjes
Gasaway & Stientjes LLP
41 S. Old Orchard Ave., Ste. B
St. Louis, MO 63119
314.961.3812 phone
314.705.2771 cell
314.918.7120 fax
rjstientjes@gasawaytaxlaw.com

EXHIBIT B