IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**No. 05-955 and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

**UNICO SERVICES, INC. and D. GORDON POTTER,**

**Plaintiffs,**

**v.**

**THE UNITED STATES OF AMERICA**

**Defendant.**

## PLAINTIFFS' AMENDED REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COME NOW Plaintiffs D. Gordon Potter (hereinafter "Potter") and Unico Services, Inc. (hereinafter Unico or collectively "Plaintiffs") and file the above-referenced replies to Defendant's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint and Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss. In support of their arguments, Plaintiffs state as follows:

1. Defendant, the United States, filed a Motion to Dismiss on April 28, 2006, asking this Court to dismiss Plaintiffs' suits alleging that they were prematurely filed.

2. Plaintiffs responded on May 30, 2006 citing binding legal authority that this Court has subject matter jurisdiction over their suits, because (1) they filed the relevant waiver forms prior to filing suit; (2) the IRS denied Plaintiffs' refund claims prior to the date they filed suit; and (3) the alleged jurisdictional prerequisite is curable by filing an amended complaint. In

addition, Plaintiffs provided sufficient legal authority to state a cause of action for illegal taking in violation of the United States Constitution.

## ARGUMENT

### A. The IRS rendered a decision on Plaintiffs' refund claims before they filed the second set of suits.

Plaintiffs received the denial of their refund claims before the final notices of denial arrived in the mail. The plain language of I.R.C. § 6532(a)(1) allows the Plaintiffs to file their refund suits before the expiration of six month period from the date of filing the claim as long as the IRS renders a decision within that time. In the present case, the IRS' team manager communicated its decision to deny the Plaintiffs' refund claims to the Plaintiffs' attorney on or about August 18, 2005 in the form of a telephone call an in a letter dated August 18, 2005. Because of an innocent omission, the unsigned Affidavit of Robert J. Stientjes was filed with the Court on May 30, 2006. Upon learning about the omission, Plaintiffs' attorney contacted the Clerk of Court and was advised that a Motion to Amended Pleadings was required to be filed and approved prior to filing the corrected Affidavit. On June 21, 2006, Plaintiffs' Motion for Leave to File Corrected Affidavit in Support of Response to Defendant's Motion to Dismiss was filed. The Defendant was given a response deadline of July 10, 2006 to respond to Plaintiff's Motion. To date no response has been filed. (See docket number 36. Also see copy of corrected **Exhibit C**, Affidavit of Robert J. Stientjes and **Exhibits 1** and **2** attached to the Affidavit attached hereto).

In its reply, Defendant ignores and misinterprets the case of ***W&S Distributing, Inc. v. United States*** it cites in its Motion to Dismiss. In this case, an IRS agent orally communicated to the taxpayer's representative that the IRS disallowed the taxpayer's refund claim. ***W&S Distributing, Inc. v. United States***, No. 95-CV-10158-BC, 1996 WL 636119 at *5-*7. At the

time of the communication, the taxpayer had not received the final notice of disallowance. ***Id***. The court found that the statement to the taxpayer's representative of the claim disallowance constituted a decision on the claim for refund within the meaning of § 6532(a)(1). ***Id***. The court explained that I.R.C. § 6532(a)(1) does not prescribe any particular form for allowing or rejecting the claims for refund. ***Id.*** The court further explained that as long as the taxpayer has adequate notice of the Commissioner's action on the claim, such notice is sufficient to start the running of the statute of limitations. ***Id.*** In the present case, like in ***W &S Distributing, Inc***, the IRS' Team Manager, Mr. Robert Gee, advised Plaintiffs' attorney that the IRS was disallowing the Plaintiffs' claims on or about August 18, 2005. (See re-filed **Affidavit of Robert J. Stientjes** and **Exhibits 1** and **2** attached to the **Affidavit**). In his Declaration attached to the Defendant's Reply, Mr. Gee confirmed that he had waiver and disallowance discussions with Plaintiffs' attorney, Robert J. Stientjes, as early as July 18, 2005. These discussions finalized into an oral notice of disallowance on or about August 18, 2005, which ultimately resulted in Plaintiffs' execution of the relevant waiver documents on or about August 30, 2005. (See **Declaration of Robert J. Gee** ¶12 – 14). Clearly, the IRS rendered its decision to disallow Plaintiffs' refund claims before it mailed the official notices of disallowance to Plaintiffs. Therefore, Defendant's arguments regarding the same are without any merit.

**B. Rule 15 allows Plaintiffs' to amend their Complaints to comply with additional jurisdictional requirements imposed by Defendant's misguided interpretation of the law.**

Rule 15 of the Rules of the Court of the Federal Claims allows Plaintiffs "upon reasonable notice and upon such terms that are just" to file a supplemental pleading that recites facts occurring after the complaint was filed. ***In Mathews v. Diaz***, 426 U.S. 67, 75 (1976) the plaintiff sought judicial review of his claim under the Social Security Act. The Supreme Court

found that the Act required a claimant to seek and obtain a ruling on his claim from the Secretary of Health, Education and Welfare prior to seeking judicial review. ***Id***. The Supreme Court held that even though filing an application with the Secretary was a "non-waivable condition of jurisdiction," the application in that case was filed while the suit was pending and that a supplemental pleading reciting that fact "would have eliminated this jurisdictional issue." ***Id***. This decision is consistent with other holdings that jurisdictional shortcomings can be cured while a case is pending if the plaintiff obtains leave to file supplemental pleading under Rule 15(d) reciting post-filing events that have remedied the defect. *See also* ***Black v. Secretary of Health***, 93 F.3d 781, 790 (Fed. Cir. 1996), ***Interpid v. Pollock***, 907 F.2d 1125, 1129 (Fed. Cir. 1990), ***Wilson v. Westinghouse Elec. Corp.***, 838 F.2d 286, 290 (8th Cir. 1988), ***United States v. C.J. Elec. Contractors, Inc***., 535 F.2d 1326, 1329 (1st Cir. 1976), ***Security Ins. Co. v. United States ex rel. Haydis***, 338 F.2d 444, 449 (9th Cir. 1964).

Furthermore, in ***Whittington v. United States***, Plaintiffs filed their refund suits before filing the relevant waiver forms and before the expiration of the required statutory six-month waiting period of I.R.C. § 6532(a). ***Whittington v. United States***, 380 F. Supp. 2d 806, 811 (S.D. Tex. 2005). The court refused to dismiss the case as requested by the United States and allowed the plaintiffs to amend their petitions to incorporate the required jurisdictional prerequisites. ***Id***. at 813. Similarly, in ***Provenzano v. United States***, the court considered the six month waiting period mandated by § 6532(a)(1). ***Provenzano v. United States***, 123 F. Supp. 2d, 554, 559 (S.D. Cal. 2000). Like in ***Whittington v. United States***, the plaintiff filed the refund suit before the six-month waiting period required for filing has expired. ***Id***. The court held that the failure to comply with the six-month waiting period was not a bar to recovery. ***Id***. at 557. The court explained that justice is best served by reading the statute and the regulations in light

of their purpose. ***Id***. The court cited to the Supreme Court case of ***Tucker v. Alexander***, 275 U.S. 228 (1927) which held that the statutes and regulations "are devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." ***Id***. The court granted the motion to dismiss but allowed the plaintiff to amend its complaint. ***Id.***

Defendant asks this Court to ignore Rule 15 of the Rules of the Court of the Federal Claims, the binding Supreme Court decisions, the cases from this circuit and the decisions of the United States district courts citing cases directly on point interpreting the same statutes as the ones at issue in this case. Like in ***Diaz***, ***Whittington*** and ***Provenzano*** the events vesting the jurisdiction in this Court happened while the Plaintiffs' suits were pending. Therefore, allowing the Plaintiffs leave to amend their complaints would be consistent with the holding in ***Diaz, Whittington*** and ***Provenzano*** and other cases within this circuit. If the Court dismisses the Plaintiffs suits as the Defendant prays, Section § 6532(a)(1) will be used as a trap for the unwary, especially, when the requested leave to amend does not prejudice the Defendants in any way. If the Court dismisses the Plaintiffs' suits, injustice will prevail and the plain language of the statute would be defeated. Moreover, dismissal does not serve any logical purpose since the Plaintiffs' suits are well within the required two-year statute of limitations. Clearly, Defendant is trying to achieve the one and only purpose to delay, to waste time and resources of the Court and the litigants, while ignoring the doctrine of judicial economy. Undeniably, the dismissal will congest the court system by creating duplicative litigation, wasting time and money. ***Carpenter v. Parker Drilling Offshore USA, Inc***., 2005 U.S. Dist. LEXIS 11979, at *3. See also ***Murphy et al. v. Allied Asphalt Paving Co.,*** 1991 U.S. Dist. LEXIS 4168, at *4-*8. If Defendant's Motion to Dismiss is granted, the Defendant's goal to delay, defer, postpone and interrupt these

proceedings by another year will be achieved; judicial resources, time and money will be wasted; and the Court's docket will be congested by another entry with the same issues that could have been resolved in this case.

**C. Plaintiffs state a cause of action for takings under the U.S. Constitution under Export Clause, the Doctrines of Separation of Powers and the Ex Post Facto Laws.**

Defendant erroneously argues that a claim for tax relief cannot be supported under the U.S. Constitution because the challenge to the collecting of a tax must come from refund jurisdiction. Defendant misinterprets Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1371 (Fed. Cir. 2000), where the Court of Appeals unequivocally held that a constitutional challenge to the collection of tax and contained in the Internal Revenue Code can occur independent from refund jurisdiction. Specifically, the Court of Appeals stated:

> We also hold that the cause of action based on the Export Clause is self-executing; that is, similar to the Compensation Clause, a party can recover for payment of taxes under the Export Clause independent of the tax refund statute.

The Court of Appeals has also held that, like the Export Clause, the Takings Clause is self-executing. *See* Broughton Lumber Co. v. Yeutter, 939 F.2d 1547, 1556 (Fed. Cir. 1991). Accordingly, a takings claim can be made independent of refund jurisdiction under the United States Constitution.

In addition, this Court held in ***Coltec***, that judge made law is ex post facto law, and therefore, unjust. ***Coltec Industries, Inc. v. the United States,*** 62 Fed. Cl. 716, 755 (Fed. Cir. 2004). "An act is not forbidden by the statute law, but it becomes void by judicial construction." ***Id***. "The legislature could not effect this, for the Constitution forbids it." ***Id***. In ***Coltec***, the United States attempted to collect taxes from Coltec Industries, Inc. under the economic

substance doctrine without relying on any statutory authority. ***Id***. Disagreeing with the IRS' position, the court explained that "[t]he public must be able to rely on clear and understandable rules established by Congress to ascertain their federal tax obligations. If federal tax laws are applied in an unpredictable and arbitrary manner, . . . for the "right" reasons in the "right case," public confidence in the Code and tax enforcement system surely will be further eroded. ***Id***. The court held that collection of tax absent of any statutory authority amounts to takings under the United States Constitution and clearly violates the Doctrine of Separation of Powers. ***Id***. The court in ***Coltec*** found that Congress debated several proposals to codify the economic substance doctrine and declined to do so. ***Id.*** The Court explained that "[u]nder our time-tested system of separation of powers, it is Congress, not the court, that should determine how the federal tax laws should be used to promote economic welfare." ***Id***. Where the taxpayer has satisfied all statutory requirements established by Congress, as Plaintiffs did in the present case, the use of the economic substance doctrine violates the separation of powers doctrine and amounts to unconstitutional taking. When the IRS collects tax under the guise of the economic substance doctrine/sham transaction, it constitutes an illegal taking under the Fifth Amendment to the United States Constitution.

WHEREFORE, based on the above stated reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss and for such other further relief as this Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

Date: June 30, 2006

By *s/Robert J. Stientjes*

Robert J. Stientjes
Gasaway & Stientjes, LLC
1120 Olivette Exec. Pkwy, Ste. 220
Saint Louis, Missouri 63132
(314) 872-3988 telephone
(314) 872-7374 facsimile
**Attorney for Plaintiffs**