**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 05-955 T and 05-954 T**
**(Consolidated on February 22, 2006)**
**(Judge Loren A. Smith)**

**UNICO SERVICES, INC. and D. GORDON POTTER,**

**Plaintiffs**

**v.**

**THE UNITED STATES,**

**Defendant**

# DEFENDANT'S SURREPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiffs argue in their surreply brief to the United States' motion to dismiss that the decision in *Coltec Industries, Inc. v. United States*, 62 Fed. Cl. 716 (Fed. Cl. 2004), *on appeal* No. 2005-5111 (Fed. Cir.), provides authority for their argument that they have stated a Fifth Amendment takings clause claim.[1] (Plaintiffs' Surreply Brief at 6-7.)

[1]Plaintiffs also argue in their surreply brief that their suits are timely pursuant to § 6532(a) because the IRS rendered a decision on their refund claims before they filed their second set of suits, and that RCFC 15 allows them to file an amended complaint to comply with jurisdictional requirements. (Plaintiffs' Surreply Brief at 2-5.) The United States has not requested leave to file a surreply brief with respect to these issues because plaintiffs have not raised any new arguments not previously asserted in their earlier filings. As a result, the United States rests on its earlier-filed responses with respect to these issues.

Specifically, plaintiffs assert that the court in *Coltec* "held that collection of tax absent of any statutory authority amounts to takings under the United States Constitution and clearly violates the Doctrine of Separation of Powers." (*Id*. at 7.) Based on this mischaracterization of the *Coltec* holding, plaintiffs argue that "[w]hen the IRS collects tax under the guise of the economic substance doctrine/sham transaction, it constitutes an illegal taking under the Fifth Amendment to the United States Constitution." (*Id*.) Plaintiffs' characterization of the *Coltec* holding and their argument are both wrong.

*Coltec* involved a tax refund claim that arose from the following: (1) taxpayer's creating of a subsidiary that assumed its contingent asbestos liabilities; and (2) taxpayer's transfer of the subsidiary's stock to banks. *Coltec*, 62 Fed. Cl. at 722-729, 731. After addressing the parties' statutory arguments and concluding that the taxpayer's transactions satisfied the requirements of the Internal Revenue Code (*Id*. at 736-752), the court addressed the economic substance doctrine. The economic substance doctrine is a judicially created doctrine under which the form of a transaction may be ignored for tax purposes if the transaction was without economic substance. The court questioned the validity of the economic substance doctrine, and then concluded that "where a taxpayer has satisfied all statutory requirements established by Congress, as Coltec did in this case, the use of the 'economic substance' doctrine to trump 'mere compliance with the Code' would violate the separation of power." *Id*. at 756. In reaching this conclusion, the court did not address the Fifth Amendment takings clause. Indeed, the case does not even raise

a takings claim.

Plaintiffs will have the opportunity to challenge the validity and/or application of the economic substance doctrine while litigating their tax refund claims (and defendant will oppose their challenge). However, *Coltec* provides no support for plaintiffs' claim that the economic substance doctrine is a taking and may be litigated under the takings clause.[2]

Indeed, plaintiffs continue to ignore the well-settled principle that the imposition and collection of tax is "not 'the taking of private property for public use in the sense of the constitution'." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002) (quoting *County of Mobile v. Kimball*, 102 U.S. 691, 703 (1880)); *see also United States Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002), *cert. denied*, 538 U.S. 1056 (2003); *Branch ex rel. Maine Nat'l Bank v. United States*, 69 F.3d 1571, 1576-77 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 810 (1996); *Skillo v. United States*, 68 Fed. Cl. 734, 743 (2005). Because the government's lawful exercise of its power to collect taxes does not give rise to a takings clause claim – and because plaintiffs have failed to even address this argument – plaintiffs' takings clause claims must be dismissed pursuant to RCFC 12(b)(6).

[2]Moreover, the *Coltec* decision is pending on appeal to the Federal Circuit. Briefing has been completed, and oral argument was held on February 7, 2006. *See Coltec Industries, Inc. v. United States*, No. 2005-5111 (Fed. Cir.).

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440
jennifer.p.wilson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm
Of Counsel

July 10, 2006